# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
### GREEN BAY DIVISION

| | |
|---|---|
| CITY OF LA CROSSE, individually and on behalf of all others similarly situated,<br><br>                        Plaintiff,<br><br>    v.<br><br>OSHKOSH CORPORATION, PIERCE MANUFACTURING, INC., REV GROUP, INC., ROSENBAUER AMERICA, LLC, and FIRE APPARATUS MANUFACTURERS' ASSOCIATION,<br><br>                        Defendants. | Case No. 1:25-cv-01252-BBC<br><br>Hon. Byron B. Conway |
| CITY OF ONALASKA, individually and on behalf of all others similarly situated,<br><br>                        Plaintiff,<br><br>    v.<br><br>OSHKOSH CORPORATION, REV GROUP, INC., ROSENBAUER AMERICA, LLC, and FIRE APPARATUS MANUFACTURERS' ASSOCIATION,<br><br>                        Defendants. | Case No. 1:25-cv-01717-BBC<br><br>Hon. Byron B. Conway |

## DEFENDANTS' JOINT OPPOSITION TO INDIRECT PURCHASER PLAINTIFFS' MOTION TO CONSOLIDATE

Defendants, Oshkosh Corporation ("Oshkosh"), Pierce Manufacturing, Inc. ("Pierce"), REV Group, Inc. ("REV Group"), Rosenbauer America, LLC ("Rosenbauer"), and Fire Apparatus Manufacturers' Association ("FAMA") (collectively, "Defendants"), submit this opposition to Plaintiffs City of La Crosse and City of Onalaska's motion to consolidate their so-called "indirect purchaser antitrust actions," nos. 1:25-cv-01252-BBC (the *La Crosse* action), and 1:25-cv-

01717-BBC (the "*Onalaska*" action), under the title *In re: Indirect Purchaser Fire Apparatus Antitrust Action* at docket no. 1:25-cv-01252-BBC (ECF No. 42).[1]

Plaintiffs' motion ignores that just a few days earlier, Defendants moved to consolidate the *La Crosse* and *Onalaska* actions with the already consolidated Direct Purchaser Actions (ECF No. 40). Rather than oppose—or even mention—Defendants' pending consolidation motion, Plaintiffs in the *La Crosse* and *Onalaska* actions filed a competing motion to consolidate only their two cases, ignoring that the allegations in their purported indirect purchaser cases are substantively identical to the Direct Purchaser Actions and that all five actions are admittedly related. The Court should reject Plaintiffs' apparent attempt to create two separate sets of consolidated cases for direct and indirect purchasers that involve many common issues of law and fact. Instead, the Court should consolidate *all* related actions into a single action (*In re: Fire Apparatus Antitrust Litigation*) at docket no. 1:25-cv-01252-BBC, as requested in Defendants' motion.

Rule 42(a)(2) favors consolidating both the indirect purchaser and the direct purchaser sets of actions into a single action—not two separate actions as Plaintiffs' motion seeks—for the reasons set forth in Defendants' motion. *See* Mem. Supp. Defs.' Joint Mot. Consolidate ("Defs.' Mem."), ECF No. 41. The criteria for consolidation are readily satisfied as to all actions, regardless of the distinction between direct purchasers and indirect purchasers. *See id.* at 8-9 (identifying these criteria). ***First***, all actions present significant common issues of law and fact because the complaints in all the actions at issue allege the same purported conspiracies to reduce the production of fire trucks and to exchange competitively sensitive information through FAMA,

---

[1] Defendants take no position on the portion of Plaintiffs' motion seeking to appoint interim co-lead class counsel.

assert substantively identical antitrust claims against nearly all the same Defendants,[2] and are based on virtually identical factual allegations copied from the original *La Crosse* complaint. And all four copycat actions—not just the *Onalaska* action—designated the *La Crosse* action as related on their civil cover sheets. *See* Defs.' Mem., Exs. E–H, ECF Nos. 41-5 to 41-8. **Second**, given their significant factual and legal overlap, consolidating all the actions will most effectively promote efficiency and avoid unnecessary costs. By contrast, mere "coordinat[ion]" between separately consolidated indirect purchaser and direct purchaser actions proceeding on two separate tracks, as the *La Crosse* and *Onalaska* Plaintiffs (like the Direct Purchaser Plaintiffs) propose, would not achieve nearly the same efficiencies as consolidation. *See* Mem. Supp. Indirect Purchaser Pls.' Mot. Consolidate ("*La Crosse* Mem.") at 2, ECF No. 42-1. **Third**, no party will be prejudiced by consolidating all five cases because all five are in their procedural infancy; consolidation will "preserv[e] the distinct identities" of each set of actions, *see Hall v. Hall*, 584 U.S. 59, 67 (2018), and any differences between the classes of purchasers can be addressed by filing separate full or short form consolidated complaints on behalf of each class.[3]

Indeed, as Defendants demonstrated in their motion, courts routinely consolidate antitrust actions involving direct and indirect purchasers. *See, e.g.*, *Fond Du Lac Bumper Exch., Inc. v. Jui Li Enter. Co.*, 85 F. Supp. 3d 1007, 1009 (E.D. Wis. 2015); *In re Turkey Antitrust Litig.*, 642 F. Supp. 3d 711, 715 (N.D. Ill. 2022); *In re Potash Antitrust Litig.*, 667 F. Supp. 2d 907, 919 (N.D. Ill. 2009); *In re Granulated Sugar Antitrust Litig.*, 2025 WL 3012238, at *13 (D. Minn. Oct. 15,

---

[2] The only action that does not name all the same Defendants is the *Onalaska* action, which does not name Oshkosh Corporation's wholly owned subsidiary Pierce Manufacturing, Inc.

[3] As stated in Defendants' motion, Defendants reserve the ability to seek further consolidation of the Complaints depending on how Plaintiffs collectively propose to file their consolidated complaints once the Court rules on this Motion and any forthcoming motion to appoint interim lead counsel for a different putative class of Plaintiffs.

2025); *In re Capacitors Antitrust Litig.*, 106 F. Supp. 3d 1051, 1058 (N.D. Cal. 2015); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 599 F. Supp. 2d 1179, 1183 (N.D. Cal. 2009). The standard practice of consolidating direct and indirect purchaser actions into one action makes equal sense here for all the reasons set forth above and in Defendants' motion.

Plaintiffs' motion does not argue otherwise. Nor does Plaintiffs' motion respond to Defendants' case law showing that courts routinely consolidate antitrust actions involving direct *and* indirect purchasers, not just actions involving indirect *or* direct purchasers. Plaintiffs thus fail to demonstrate that the indirect purchaser *La Crosse* and *Onalaska* actions should be consolidated separately from the consolidated Direct Purchaser Actions—i.e., the *Augusta*, *Newstead*, and *Philadelphia* actions.

Accordingly, Defendants respectfully request that the Court deny Plaintiffs' motion as moot after granting Defendant's motion to consolidate *La Crosse* and *Onalaska* with the consolidated Direct Purchaser Antitrust actions into a single action at docket no. 1:25-cv-01252-BBC under the name *In re: Fire Apparatus Antitrust Litigation* (ECF No. 40).

Dated: December 8, 2025

Respectfully submitted,

s/ *Daniel T. Flaherty*
Daniel T. Flaherty (Bar No. 1011357)
Godfrey & Kahn S.C.
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202
(414) 273-5198
dflaherty@gklaw.com

Reid Schar (Bar No. 6243821)
Jenner & Block LLP
525 Market Street, 29th Floor
San Francisco, CA 94105
(628) 267-6800
rschar@jenner.com

Douglas E. Litvack (Bar No. 1024973)
Jariel A. Rendell (Bar No. 1027023)
Jenner & Block LLP
1099 New York Avenue, NW, Suite 900
Washington, DC 20001
(202) 637-6357
dlitvack@jenner.com
jrendell@jenner.com

Jacob P. Wentzel (Bar No. 6333530)
Jenner & Block LLP
353 North Clark Street
Chicago, IL 60654
(312) 222-9350
jwentzel@jenner.com

*Counsel for Defendants Oshkosh Corporation
and Pierce Manufacturing, Inc.*

s/ *Ena M. Allen*
Daniel J. Vaccaro (Bar No. 1018037)
Joseph L. Olson (Bar No. 1046162)
Ena M. Allen (Bar No. 1101342)
Michael Best & Friedrich LLP
790 North Water Street, Suite 2500
Milwaukee, WI 53202
(414) 271-6560
djvccaro@michaelbest.com
jlolson@michaelbest.com
ena.allen@michaelbest.com

Arthur J. Burke (Bar No. 1175568)
Davis Polk & Wardwell LLP
450 Lexington Ave
New York, NY 10017
(212) 450-4000
arthur.burke@davispolk.com

Mari Grace (Bar No. 90009858)
Sean Stefanik (Bar No. 5637913)
Davis Polk & Wardwell LLP
1050 17th Street, NW
Washington, DC 20036
(202) 962-7000
mari.grace@davispolk.com
sean.stefanik@davispolk.com

*Counsel for Defendant REV Group, Inc.*

s/ *David J. Turek*
David J. Turek (Bar No. 1035356)
Joshua S. Greenberg (Bar No. 1107959)
Gass Turek LLC
241 North Broadway, Suite 300
Milwaukee, WI 53202
(414) 224-3445
turek@gassturek.com
greenberg@gassturek.com

Ashley B. Eickhof (Bar No. 307143)
Creighton J. Macy (Bar No. 1002479)
Baker & McKenzie LLP
815 Connecticut Ave NW
Washington, DC 20006
(202) 452-7000
ashley.eickhof@bakermckenzie.com
creighton.macy@bakermckenzie.com

*Counsel for Defendant Rosenbauer America, LLC*

s/ *John P. Loringer*
John P. Loringer (Bar No. 1059778)
Andrew Scarpace (Bar No. 1104777)
Wilson Elser Moskowitz Edelman & Dicker LLP
555 East Wells Street, Suite 1730
Milwaukee, WI 53202
(414) 292-3019
john.loringer@wilsonelser.com

*Counsel for Defendant Fire Apparatus Manufacturers' Association*

6