# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
### GREEN BAY DIVISION

| | |
|---|---|
| CITY OF LA CROSSE, individually and on behalf of all others similarly situated,<br><br>                      Plaintiffs,<br><br>      v.<br><br>OSHKOSH CORPORATION, PIERCE MANUFACTURING, INC., REV GROUP, INC., ROSENBAUER AMERICA, LLC, FIRE APPARATUS MANUFACTURERS' ASSOCIATION,<br><br>                    Defendants. | Case No. 1:25-cv-01252<br><br>Hon. Byron B. Conway |
| CITY OF ONALASKA, individually, and on behalf of all others similarly situated,<br><br>                      Plaintiff,<br><br>v.<br><br>OSHKOSH CORPORATION; REV GROUP, INC., ROSENBAUER AMERICA LLC, and FIRE APPARATUS MANUFACTURERS' ASSOCIATION,<br><br>                    Defendants. | Case No. 1:25-cv-01717-BBC<br><br>Hon. Byron B. Conway |

## REPLY IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MOTION TO CONSOLIDATE AND TO APPOINT INTERIM CO-LEAD CLASS COUNSEL

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ........................................................................................................ 1

II. ARGUMENT ............................................................................................................. 2

    A.    Indirect and Direct Plaintiffs' cases should be combined for pre-
    trial purposes but both Classes should be permitted to maintain
    separate identities......................................................................................... 2

    B.    Consolidation for trial purposes would prejudice all Plaintiffs. ............................ 4

        1.    Consolidation would raise due process concerns......................................... 4

        2.    Consolidation will likely cause confusion among the jury........................ 5

        3.    Consolidation may preclude Plaintiffs from recovering full
        damages.............................................................................................. 5

    C.    Consolidation for trial purposes at this procedural stage is
    premature and will likely lead to inefficiencies and unnecessary
    costs........................................................................................................... 6

III. CONCLUSION............................................................................................................ 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Automotive Parts Antitrust Litig.*,
    No. 2:12-md-2311 (E.D. Mich.) ................................................................3

*California v. ARC Am. Corp.*,
    490 U.S. 93 (1989)..................................................................................5

*In re: Checking Acct. Overdraft Litig.*,
    626 F. Supp. 2d 1333 (J.P.M.L. 2009)......................................................2

*In re FICO Antitrust Litig. Related Cases*,
    2021 WL 4478042 (N.D. Ill. Sept. 30, 2021) .........................................5, 6

*Fleishman v. Prudential-Bache Sec., Inc.*,
    103 F.R.D. 623 (E.D. Wis. 1984) .............................................................5

*Fond Du Lac Bumper Exch., Inc. v. Jui Li Enter. Co., Ltd.*,
    2016 WL 756568 (E.D. Wis. Feb. 26, 2016) .............................................5

*Fond Du Lac Bumper Exch., Inc. v. Jui Li Enter. Co., Ltd.*,
    2017 WL 4457515 (E.D. Wis. Aug. 8, 2017) .............................................5

*Hanover Shoe, Inc. v. United Shoe Mach. Corp.*,
    392 U.S. 481 (1968)................................................................................4

*Magnavox Co. v. APF Elecs., Inc.*,
    496 F. Supp. 29 (N.D. Ill. 1980) ...............................................................6

*In re Pork Antitrust Litig.*,
    No. 0:21-md-2998 (D. Minn.).................................................................2, 4

*In re Pork Antitrust Litig.*,
    No. 0:18-cv-1776 (D. Minn.) .....................................................................3

*In re Potash Antitrust Litig.*,
    667 F. Supp. 2d 907 (N.D. Ill. 2009) ......................................................2, 3

*In re PVC Pipe Antitrust Litig.*,
    No. 1:24-cv-07639 (N.D. Ill.) .....................................................................3

*Redner's Markets, Inc. v. Lamb Weston Holdings, Inc., et al.*,
    No. 1:24-cv-11801 (N.D. Ill.) .....................................................................3

*Sage Prods., Inc. v. Devon Indus., Inc.*,
    148 F.R.D. 213 (N.D. Ill. 1993) ............................................................................6

*Supreme Auto Transp., LLC v. Arcelor Mittal USA, Inc.*,
    902 F.3d 735 (7th Cir. 2018) ..............................................................................4

*In Re Turkey Antitrust Litig*,
    No. 1:19-cv-08318 (N.D. Ill.) ......................................................................2, 3, 4

## Statutes & Rules

Fed. R. Civ. P. 23 ..................................................................................................1, 6

# I.       INTRODUCTION

Plaintiffs City of La Crosse and City of Onalaska ("Plaintiffs") agree that the Direct and Indirect Purchaser Plaintiff Actions should be partially consolidated for pre-trial purposes. However, the Court should allow Direct and Indirect Purchaser Plaintiffs to maintain their separate identities with each action—direct or indirect—each consolidated into a single case, including filing separate consolidated complaints and asserting their own theories and claims of the case. Plaintiffs also oppose consolidation at trial because consolidation would cause Plaintiffs undue prejudice by raising due process issues, causing confusion among the jury, and potentially precluding Plaintiffs from recovering full damages.

Aside from prejudice concerns, any decision on consolidation for trial purposes at this stage of litigation would be premature. Without the benefit of discovery, any arguments about the efficiencies (or inefficiencies) of such consolidation are purely speculative. The Court could defer consideration of consolidation for trial purposes to a later date when all parties have a clearer understanding of the potential efficiency implications. In fact, this is how many other courts have handled this issue.

Plaintiffs note that Defendants' opposition is limited to a discussion of consolidation and does not touch on Plaintiffs' motion for appointment of interim co-lead class counsel pursuant to Federal Rule of Civil Procedure 23(g)(3). Plaintiffs maintain their request that Hagens Berman Sobol Shapiro LLP, Crueger Dickinson LLC, and Gustafson Gluek PLLC be appointed interim co-lead class counsel for the putative Indirect Purchaser Plaintiffs.

## II.    ARGUMENT

### A.    Indirect and Direct Plaintiffs' cases should be combined for pre-trial purposes but both Classes should be permitted to maintain separate identities.

Although Plaintiffs agree that the Direct and Indirect Purchaser Plaintiff cases should be consolidated for pre-trial purposes, both putative Classes should nevertheless be permitted to retain their separate identities and file pleadings and other motions tailored to their individual interests—such as motions for class certification. Such flexibility allows courts to accommodate class-specific issues as they arise, "ensur[ing] each member case is resolved on its own legal theories and merits and decreas[ing] the risk of delay." *In re Pork Antitrust Litig.*, No. 0:21-md-2998, ECF No. 53 at 9 (D. Minn.); *see also In re: Checking Acct. Overdraft Litig.*, 626 F. Supp. 2d 1333, 1335 (J.P.M.L. 2009) ("The . . . court can employ any number of pretrial techniques—such as establishing separate discovery and/or motion tracks—to efficiently manage this litigation. . . . [C]oncerns regarding the manner and extent of coordination or consolidation of the pretrial proceedings can be presented to the [] judge.").[1]

Courts routinely follow this practice in complex antitrust suits that consolidate indirect and direct purchaser classes. For example, in *In re Turkey Antitrust Litigation*, the court allowed direct and indirect purchaser plaintiffs to file separate consolidated complaints. No. 1:19-cv-8318, ECF No. 383 (N.D. Ill.). Each class also filed separate motions for class certification and submitted separate expert reports. *Id.*, ECF No. 1107 at 2. Though pretrial schedules and status reports were typically filed jointly, each class separately contributed to these joint efforts. *See id.*, ECF Nos. 245, 1106. Similarly, in *In re Potash Antitrust Litigation*, the court permitted plaintiffs to file "consolidated Indirect and Direct Complaints." 667 F. Supp. 2d 907, 919 (N.D. Ill. 2009).

---

[1] Internal citations and quotations omitted, and emphasis added throughout, unless otherwise indicated.

Each class asserted different causes of action in their complaints, and defendants raised class-specific arguments in their motions to dismiss. *Id.* Other cases within the Seventh Circuit have opted for the same consolidated case management structure, including the class-specific motions practice. *See, e.g.*, *Redner's Markets, Inc. v. Lamb Weston Holdings, Inc., et al.*, No. 1:24-cv-11801, ECF Nos. 60 (consolidation order), 182-84 (indirect and direct complaints), 240 at 29-34 (motion to dismiss with arguments targeting indirect purchaser theories) (N.D. Ill.); *In re PVC Pipe Antitrust Litig.*, No. 1:24-cv-07639, ECF Nos. 162 (minute entry noting separate class identities), 597 (indirects' response to motion to dismiss) (N.D. Ill.).

Courts outside the Seventh Circuit have also taken this approach to case management. For example, in *In re Pork Antitrust Litigation*, the court maintained distinct class identities, allowing the respective classes to file separate complaints, argue class certification independently, and proposing scheduling stipulated to by each class. *See* No. 0:18-cv-1776, ECF Nos. 161-62, 530, 1321 (D. Minn.); *Automotive Parts Antitrust Litig.*, No. 2:12-md-2311, ECF Nos. 228, 1848 (E.D. Mich.) (class-specific filings in consolidated case).

A similar approach is warranted here. As in *In re Turkey*, *In re Potash*, *Redner's Markets*, and elsewhere, Direct and Indirect Plaintiffs in this case should be permitted to file separate consolidated complaints that set out their respective case theories and claims. This separation is particularly important because Indirect Plaintiffs intend to advance state law claims that Direct Plaintiffs do not raise. *Cf. In re Potash,* 667 F. Supp. 2d at 919 (noting state and federal differences in causes of actions across direct and indirect complaints). In addition, Indirect Plaintiffs will be focused on showing pass through damages which Direct Plaintiffs will not. Plaintiffs should also be permitted to individually make and respond to motions where appropriate, propose their own scheduling, and otherwise assert their own case theories. *Cf. In Re*

*Turkey*, No. 1:19-cv-08318, ECF Nos. 433, 668, 836 (motions filed individually by direct and indirect plaintiffs for settlement approval, dismissal, and class certification). Allowing Direct and Indirect Plaintiffs in this case to maintain their separate identities within a single consolidated action will allow each case to be "resolved on its own legal theories and merits." *In re Pork*, No. 0:21-md-2998, ECF No. 53 at 9.

**B.    Consolidation for trial purposes would prejudice all Plaintiffs.**

Consolidating the Direct and Indirect Purchaser Actions for trial purposes would prejudice all Plaintiffs, including Indirect Purchaser Plaintiffs, by raising due process concerns, causing undue confusion among the jury, and potentially precluding Plaintiffs from recovering damages to the full extent permissible by law.

**1.    Consolidation would raise due process concerns.**

Most significantly, a consolidated trial would present due process concerns. Direct Purchasers seeking federal recovery have the right to be shielded from a pass-through defense. *See Hanover Shoe, Inc. v. United Shoe Mach. Corp.*, 392 U.S. 481 (1968) (barring defensive use of pass-on evidence against direct purchaser plaintiffs). Jurors deciding Direct Purchasers' claims should therefore not hear Indirect Purchaser Plaintiffs' pass-through evidence. But prohibiting Indirect Purchaser Plaintiffs from presenting pass-through evidence to the jury would also cause severe due process issues: pass-through evidence is a necessary component of Indirect Purchaser Plaintiffs' case. *See Supreme Auto Transp., LLC v. Arcelor Mittal USA, Inc.*, 902 F.3d 735, 743–44 (7th Cir. 2018) (indirect purchasers must show that supracompetitive prices are passed on to recover damages). Thus, in a combined trial, allowing pass-through evidence would prejudice Direct Purchaser Plaintiffs, and prohibiting that evidence would prejudice Indirect Purchaser Plaintiffs. The cases therefore cannot be tried together without raising significant due process issues.

## 2. Consolidation will likely cause confusion among the jury.

A joint trial will likely cause significant confusion because, "[i]n any antitrust case, an indirect purchaser and a direct purchaser are trying to prove different things." *In re FICO Antitrust Litig. Related Cases*, 2021 WL 4478042, at *4 (N.D. Ill. Sept. 30, 2021); *see also Fleishman v. Prudential-Bache Sec., Inc.*, 103 F.R.D. 623, 625 (E.D. Wis. 1984) ("There is also a strong possibility of confusing the jurors if the cases were tried in a single proceeding."). To support their various theories, Direct and Indirect Plaintiffs are likely to present different—and potentially conflicting—evidence. For example, Direct and Indirect Purchaser Plaintiffs will likely choose separate experts to testify about the economic impacts of Defendants' alleged anticompetitive behavior. *C.f. Fond Du Lac Bumper Exch., Inc. v. Jui Li Enter. Co., Ltd.*, 2016 WL 756568, at *1 (E.D. Wis. Feb. 26, 2016) (separate economic experts chosen for direct and indirect classes); *Fond Du Lac Bumper Exch., Inc. v. Jui Li Enter. Co., Ltd.*, 2017 WL 4457515, at *3 (E.D. Wis. Aug. 8, 2017) (same). Having multiple economic experts testify at trial is likely to confuse a jury, particularly if the testimony offers conflicting interpretations of pass-through costs.

## 3. Consolidation may preclude Plaintiffs from recovering full damages.

If indirect purchasers are successful in proving pass-through in an antitrust action, those indirect purchasers in states that have passed *Illinois Brick* repealer statutes can recover damages under state law[2]—even if direct purchasers in the same case have already recovered damages under the Clayton Act. *In re FICO*, 2021 WL 4478042, at *4 (citing *ARC Am. Corp.*, 490 U.S. at 105) ("Ordinarily, state causes of action are not pre-empted solely because they impose liability

---

[2] In *California v. ARC Am. Corp.*, 490 U.S. 93 (1989), the Supreme Court held that state legislatures could pass laws "repealing" Illinois Brick (known as "Illinois Brick repealer statutes"), thus allowing indirect plaintiffs to sue upstream antitrust defendants.

over and above that authorized by federal law, and no clear purpose of Congress indicates that we should decide otherwise in this case."). Defendants consequently face multiple liability. *See id.* But if a single jury is empaneled to hear both the direct and the indirect cases, the jurors may hesitate to return verdicts that seem duplicative, prejudicing Plaintiffs.

**C.      Consolidation for trial purposes at this procedural stage is premature and will likely lead to inefficiencies and unnecessary costs.**

Consolidating the Indirect and Direct Purchaser actions for trial would not, contrary to Defendants' assertions, assure judicial efficiency. *Cf. La Crosse*, No. 1:25-cv-01252, ECF No. 41 at 12. Defendants contend that "separate trials would entail putting the same documentary and testimonial evidence multiple times over." *Id.* But this bare assertion is, unsurprisingly, devoid of any factual support: the parties have not yet reached the motion to dismiss stage, let alone begun discovery. At this point in the case, conclusions about the judicial efficiencies (or lack thereof) from consolidating these actions for trial would be purely speculative; neither party can say definitively whether such consolidation would promote or hinder judicial efficiency.

A decision about consolidation for trial purposes is best deferred to a later stage of the case when the potential efficiencies can be concretely evaluated. *See, e.g.*, *Sage Prods., Inc. v. Devon Indus., Inc.*, 148 F.R.D. 213, 215 (N.D. Ill. 1993) ("At this time . . . the court makes no decision as to whether there will be a consolidated trial on the merits. After the parties complete discovery and have proceeded close to trial, then a renewed motion may raise the issue again."); *Magnavox Co. v. APF Elecs., Inc.*, 496 F. Supp. 29, 32–33 (N.D. Ill. 1980) ("Rule 42(a) . . . contemplates consolidation for purposes of particular segments of the litigation, such as pretrial proceedings . . . . [P]laintiffs' motion to consolidate . . . is granted without prejudice to defendants to renew their objections before trial.").

## III.   CONCLUSION

For the foregoing reasons, Plaintiffs City of La Crosse and City of Onalaska respectfully

request that the Court consolidate Direct and Indirect Actions for pretrial purposes only, while

allowing Direct and Indirect Purchaser Plaintiffs to maintain their separate identities. Plaintiffs

also maintain their request for appointment of Hagens Berman Sobol Shapiro LLP, Crueger

Dickinson LLC, and Gustafson Gluek PLLC as interim co-lead class counsel to represent the

putative class of Indirect Purchaser Plaintiffs in this litigation.

Dated: December 22, 2025

Respectfully Submitted,

By: */s/ Steve W. Berman*
Steve W. Berman (*pro hac vice*)
Moses Jehng (*pro hac vice* forthcoming)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
Email: steve@hbsslaw.com
Email: moses.jehng@hbsslaw.com

Abigail D. Pershing (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
Telephone: (213) 330-7150
Email: abigailp@hbsslaw.com

By: */s/ Erin Dickinson*
Erin Dickinson (Bar #1036707)
Charles Crueger (Bar #1029825)
**CRUEGER DICKINSON LLC**
4532 North Oakland Avenue
Milwaukee, WI 53211
Telephone: (414) 210-3868
Email: ekd@cruegerdickinson.com
Email: cjc@cruegerdickinson.com

*Attorneys for Plaintiff City of La Crosse and the
Putative Indirect Purchaser Class*

By: */s/ Daniel E. Gustafson*

Daniel E. Gustafson (*pro hac vice*)
Daniel C. Hedlund (*pro hac vice*)
Joshua J. Rissman (*pro hac vice*)
Gabrielle M. Kolb (*pro hac vice*)
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 S Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile:  (612) 339-6622
Email:  dgustafson@gustafsongluek.com
        dhedlund@gustafsongluek.com
        jrissman@gustafsongluek.com
        gkolb@gustafsongluek.com

Brian G. Weber (#1024963)
JOHNS, FLAHERTY & COLLINS, S.C.
Exchange Building
205 Fifth Avenue South, Suite 600
La Crosse, WI 54602
Telephone: (608) 784-5678
brian@johnsflaherty.com

*Counsel for Plaintiff City of Onalaska and the Putative Indirect Purchaser Class*