# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
## GREEN BAY DIVISION

| | |
|---|---|
| IN RE: INDIRECT PURCHASER FIRE APPARATUS ANTITRUST LITIGATION | Case No. 1:25-cv-01252-BBC<br><br>Hon. Byron B. Conway |
| IN RE: DIRECT PURCHASER FIRE APPARATUS ANTITRUST LITIGATION | Case No. 1:25-cv-01543-BCC<br><br>Hon. Byron B. Conway |

**INDIRECT PURCHASER PLAINTIFFS' PARTIAL OPPOSITION TO DEFENDANTS' JOINT MOTION TO CONSOLIDATE CASE NOS. 1:25-CV-01252-BBC, 1:25-CV-01717-BBC, AND DIRECT PURCHASER ANTITRUST ACTIONS, NO. 1:25-CV-01543-BBC**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................ 1

II. BACKGROUND ............................................................................................... 2

    A. Original Firetruck Antitrust Actions ................................................... 2

        1. Indirect Purchaser Actions ......................................................... 2

        2. Direct Purchaser Plaintiff Actions ............................................. 4

    B. Motions to Consolidate and to Appoint Interim Class Counsel ........... 5

        1. Direct Purchaser plaintiffs file a motion to consolidate and to appoint interim co-lead class counsel on November 20, 2025. ................. 5

        2. Defendants file a motion to consolidate on December 2, 2025. ................. 5

        3. Indirect Purchaser Plaintiffs file a motion to consolidate and to appoint interim class counsel on December 4, 2025, and Defendants file an opposition on December 8, 2025. ................. 6

    C. Stay issued on December 11, 2025 ........................................................ 6

III. Legal Standard ............................................................................................... 6

IV. ARGUMENT ................................................................................................... 8

    A. Indirect and Direct Plaintiffs' cases should be combined for pre-trial purposes but both Classes should be permitted to maintain separate identities. ................. 8

    B. Consolidation for trial purposes would prejudice all Plaintiffs. ........... 10

        1. Consolidation would raise due process concerns ...................... 10

        2. Consolidation will likely cause confusion among the jury ....... 11

        3. Consolidation may preclude Plaintiffs from recovering full damages ....... 11

    C. Consolidation for trial purposes at this procedural stage is premature and will likely lead to inefficiencies and unnecessary costs. ................. 12

V. Conclusion ....................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**                                                                                                              **Page(s)**

*In re Advoc. Aurora Health Pixel Litig.*,
2023 WL 2787985 (E.D. Wis. Apr. 5, 2023)...............................................................................6

*In re Automotive Parts Antitrust Litig.*,
No. 2:12-md-2311 (E.D. Mich.) ................................................................................................9

*California v. ARC Am. Corp.*,
490 U.S. 93 (1989)...................................................................................................................11

*In re: Checking Acct. Overdraft Litig.*,
626 F. Supp. 2d 1333 (J.P.M.L. 2009)......................................................................................8

*City of Ann Arbor v. Oshkosh Corp., et al.*,
No. 1:25-cv-1973 (E.D. Wis.)................................................................................................1, 3

*City of Arcadia v. Am. Industrial Partners, LLC, et al.*,
No. 1:25-cv-2005 (E.D. Wis.)................................................................................................1, 3

*City of Liberty, Missouri v. Oshkosh Corp., et al.*,
No. 1:25-cv-2002 (E.D. Wis.)....................................................................................................5

*City of Onalaska v. Oshkosh Corp., et al.*,
No. 1:25-cv-01717-BCC (E.D. Wis.) ....................................................................................3, 6

*City of Philadelphia v. Oshkosh Corporation, et al.*,
No. 1:25-cv-01801-BBC (E.D. Wis.) .....................................................................................4, 5

*Commack Fire District v. Oshkosh Corp., et al.*,
No. 1:25-cv-2013 (E.D. Wis.)................................................................................................1, 4

*In re: Direct Purchaser Fire Apparatus Antitrust Litigation*,
No. 1:25-cv-01543-BBC (E.D. Wis.) ...........................................................................1, 4, 5, 6

*In re FICO Antitrust Litig. Related Cases*,
2021 WL 4478042 (N.D. Ill. Sept. 30, 2021) ....................................................................11, 12

*Fleishman v. Prudential-Bache Sec., Inc.*,
103 F.R.D. 623 (E.D. Wis. 1984) ........................................................................................7, 11

*Fond Du Lac Bumper Exch., Inc. v. Jui Li Enter. Co., Ltd.*,
2016 WL 756568 (E.D. Wis. Feb. 26, 2016).........................................................................11

*Fond Du Lac Bumper Exch., Inc. v. Jui Li Enter. Co., Ltd.*,
2017 WL 4457515 (E.D. Wis. Aug. 8, 2017).........................................................................11

*Hanover Shoe, Inc. v. United Shoe Mach. Corp.*,
 392 U.S. 481 (1968) ............................................................................................................10

*In re: Indirect Purchaser Fire Apparatus Antitrust Litigation*,
 No. 1:25-cv-01252-BCC (E.D. Wis.) .....................................................1, 2, 5, 6, 12

*Magnavox Co. v. APF Elecs., Inc.*,
 496 F. Supp. 29 (N.D. Ill. 1980) .....................................................................................12

*In re Pork Antitrust Litig.*,
 No. 0:21-md-2998 (D. Minn.) ...................................................................................8, 9, 10

*In re Potash Antitrust Litig.*,
 667 F. Supp. 2d 907 (N.D. Ill. 2009) .........................................................................7, 8, 9

*Prudential Ins. Co. of Am. v. Marine Nat. Exch. Bank*,
 55 F.R.D. 436 (E.D. Wis. 1972) ........................................................................................7

*In re PVC Pipe Antitrust Litig.*,
 No. 1:24-cv-07639 (N.D. Ill.) .............................................................................................9

*Redner's Markets, Inc. v. Lamb Weston Holdings, Inc., et al.*,
 No. 1:24-cv-11801 (N.D. Ill.) .............................................................................................9

*Reis v. Wel Companies, Inc.*,
 2025 WL 3564132 (E.D. Wis. Dec. 12, 2025) ...................................................................7

*Sage Prods., Inc. v. Devon Indus., Inc.*,
 148 F.R.D. 213 (N.D. Ill. 1993) .......................................................................................12

*Supreme Auto Transp., LLC v. Arcelor Mittal USA, Inc.*,
 902 F.3d 735 (7th Cir. 2018) ............................................................................................10

*The Newstead Fire Co. v. Oshkosh Corporation, et al.*,
 No. 1:25-cv-01693-BBC (E.D. Wis.) .................................................................................4

*In Re Turkey Antitrust Litigation*,
 No. 1:19-cv-8318 (N.D. Ill.) .........................................................................................8, 9

*Wyngaard v. Woodman's Food Mkt., Inc.*,
 2022 WL 889384 (E.D. Wis. Mar. 25, 2022) ....................................................................7

**Statutes & Rules**

Fed. R. Civ. P. 42 .........................................................................................................6, 12

Wis. Stat. Ann. § 133.01, *et seq.* ......................................................................................2

# I. INTRODUCTION

Plaintiffs City of La Crosse and City of Onalaska (collectively, "Indirect Purchaser Plaintiffs" or "Plaintiffs") oppose in part Oshkosh Corporation, Pierce Manufacturing, Inc., Rev Group, Inc., Rosenbauer America, LLC, and Fire Apparatus Manufacturers' Association's ("Defendants") Joint Motion to Consolidate Case Nos. 1:25-cv-01252-BBC, 1:25-cv-01717-BBC,[1] and Direct Purchaser Antitrust Actions, No. 1:25-cv-01543-BBC, ECF No. 41 (the "Motion to Consolidate").

While Plaintiffs agree that the above-captioned actions[2] should be partially consolidated for pre-trial purposes, the Court should allow Direct and Indirect Purchaser Plaintiffs to maintain their separate identities with each action—direct or indirect—each consolidated into a single case, including filing separate consolidated complaints and asserting their own theories and claims of the case. Plaintiffs also oppose consolidation at trial because consolidation would cause Plaintiffs undue prejudice by raising due process issues, causing confusion among the jury, and potentially precluding Plaintiffs from recovering full damages.[3]

Aside from prejudice concerns, any decision on consolidation for trial purposes at this stage of litigation would be premature. Without the benefit of discovery, any arguments about the efficiencies (or inefficiencies) of such consolidation are purely speculative. The Court could

---

[1] Three additional actions brought on behalf of indirect purchasers, *City of Ann Arbor v. Oshkosh Corp., et al.,* No. 1:25-cv-1973 (E.D. Wis.) ("*Ann Arbor*"), *City of Arcadia v. Am. Industrial Partners, LLC, et al.,* No. 1:25-cv-2005 (E.D. Wis.) ("*Arcadia*"), and *Commack Fire District v. Oshkosh Corp., et al.,* No. 1:25-cv-2013 (E.D. Wis.) ("*Commack*"), were filed after Defendants' Joint Motion to Consolidate.

[2] The relevant actions are: *In re: Indirect Purchaser Fire Apparatus Antitrust Litigation*, No. 1:25-cv-01252-BCC (E.D. Wis.) ("*Indirect Purchaser Litig.*") and *In re: Direct Purchaser Fire Apparatus Antitrust Litigation*, No. 1:25-cv-01543-BBC ("*Direct Purchaser Litig.*").

[3] Plaintiffs confirmed this stance in their reply in support of their motion to consolidate. *See Indirect Purchaser Litig.*, No. 1:25-cv-01252, ECF No. 46.

defer consideration of consolidation for trial purposes to a later date when all parties have a clearer understanding of the potential efficiency implications. In fact, this is how many other courts have handled this issue.

Plaintiffs respectfully request that the Court grant Defendants' motion to consolidate the above-captioned actions for pre-trial purposes while allowing—as is customary in this type of case—Direct and Indirect Purchaser Plaintiffs to maintain their separate litigation identities, but deny Defendants' motion to the extent it requests these actions be consolidated for trial.

## II.     BACKGROUND

### A.     Original Firetruck Antitrust Actions

Multiple Plaintiffs have filed complaints in this District against Defendants. Five of these complaints—those brought by the City of La Crosse, the City of Onalaska, the City of Ann Arbor, the City of Arcadia, and the Commack Fire District—were brought on behalf of a putative class of indirect purchaser plaintiffs. The remaining four complaints—those brought by the City of Augusta, the Newstead Fire Company, the City of Philadelphia, and the City of Liberty—were brought on behalf of a putative class of direct purchaser plaintiffs.[4]

### 1.     Indirect Purchaser Actions

*La Crosse* **Action.**[5] On August 20, 2025, the City of La Crosse filed the first complaint in this District alleging that Defendants conspired to restrain production, fix prices, and exchange competitively sensitive information in the fire truck market, in violation of the Sherman Act. *La Crosse*, No. 1:25cv1252, ECF No. 1, ¶¶ 128-49. The City of La Crosse also alleged that Defendants' conduct violated Wisconsin State antitrust law (Wis. Stat. Ann. § 133.01, *et seq.*)

---

[4] These direct purchaser actions have since been consolidated. *See infra* Section B(1).

[5] *City of La Crosse v. Oshkosh Corp., et al.*, No. 1:25-cv-01252-BCC (E.D. Wis.) ("*La Crosse*").

and common law principles of unjust enrichment. *Id.* ¶¶ 150-57. The City of La Crosse seeks to represent a nationwide class and a Wisconsin class of indirect purchasers. *Id.* ¶118.

*Onalaska* **Action.**[6] On November 4, 2025, the City of Onalaska filed an antitrust complaint in this District against Defendants on behalf of proposed classes of indirect purchasers. *Onalaska*, No. 1:25-cv-01717, ECF No. 1. Like the City of La Crosse, the City of Onalaska alleges Sherman Act and Wisconsin state law violations. *Id.* ¶¶ 158-70, 226. It also alleges violations of additional state antitrust and consumer protection laws. *Id.* ¶¶ 128-57. The *Onalaska* complaint brings claims on behalf of proposed nationwide and state law classes. *Id.* ¶ 138.

*Ann Arbor* **Action.** On December 16, 2025, the City of Ann Arbor filed an antitrust complaint in this District against Defendants on behalf of proposed classes of indirect purchasers. *Ann Arbor*, No. 1:25-cv-1973, ECF No. 1. Like the City of La Crosse, the City of Ann Arbor alleges Sherman Act and Wisconsin state law violations. *Id.* ¶¶ 155-67, 290-93. It also alleges violations of additional state antitrust and consumer protection laws. *Id.* ¶¶ 168-293. The *Ann Arbor* complaint brings claims on behalf of proposed nationwide and state law classes. *Id.* ¶ 139.

*Arcadia* **Action.** On December 22, 2025, the City of Arcadia filed an antitrust complaint in this District against on behalf of proposed classes of indirect purchasers. *Arcadia*, No. 1:25-cv-2005, ECF No. 1. The City of Arcadia alleges Sherman Act and Clayton Act violations as well as violations of various state laws. *Id.* ¶¶ 158-235. The *Arcadia* complaint brings claims on behalf of proposed nationwide and state law classes. *Id.* ¶ 147.

---

[6] *City of Onalaska v. Oshkosh Corp., et al.*, No. 1:25-cv-01717-BCC (E.D. Wis.) ("*Onalaska*").

*Commack* **Action.** Also on December 22, 2025, the Commack Fire District filed an antitrust complaint in this District against Defendants on behalf of proposed classes of indirect purchasers. *Commack*, No. 1:25-cv-2013, ECF No. 1. The Commack Fire District alleges Sherman Act and Clayton Act violations as well as violations of various state laws. *Id.* ¶¶ 157-225. The *Commack* complaint brings claims on behalf of proposed nationwide and state law classes. *Id.* ¶ 137.

### 2. Direct Purchaser Plaintiff Actions

*Augusta* **Action.**[7] On October 7, 2025, the City of Augusta filed a complaint in this District against Defendants on behalf of proposed classes of direct purchasers. *Augusta* Action, No. 1:25-cv-01543, ECF No. 1. The City of Augusta alleges Sherman Act violations. *Id.* ¶¶ 129-50.

*Newstead Fire Co.* **Action.**[8] On October 31, 2025, the Newstead Fire Company, Inc. filed a complaint in this District against Defendants on behalf of proposed classes of direct purchasers. *Newstead Fire Co.*, No. 1:25-cv-01693, ECF No. 1. The Newstead Fire Company alleges violations of Sections One and Three of the Sherman Act, Sections Four and Sixteen of the Clayton Act (15 U.S.C. §§ 15, 26), and Section 340 of New York's General Business Laws. *Id.* ¶¶ 127-44.

*Philadelphia* **Action.**[9] On November 14, 2025, the City of Philadelphia filed a complaint in this District against Defendants on behalf of proposed classes of direct purchasers.

---

[7] *City of Augusta v. Oshkosh Corp., et al.*, No. 1:25-cv-01543-BBC (E.D. Wis.) ("*Augusta*").

[8] *The Newstead Fire Co. v. Oshkosh Corporation, et al.*, No. 1:25-cv-01693-BBC (E.D. Wis.) ("*Newstead Fire Co.*").

[9] *City of Philadelphia v. Oshkosh Corporation, et al.*, No. 1:25-cv-01801-BBC (E.D. Wis.) ("*Philadelphia*").

*Philadelphia*, No. 1:25-cv-01801, ECF No. 1. The City of Philadelphia alleges Sherman Act violations. *Id.* ¶¶ 128-49.

**Liberty Action.**[10] On December 19, 2025, the City of Liberty, Missouri filed a complaint in this District against Defendants on behalf of proposed classes of direct purchasers. *Liberty*, No. 1:25-cv-2002, ECF No. 1. The City of Liberty alleges Sherman Act violations as well as violations of various state antitrust statutes. *Id.* ¶¶ 179-203.

**B.      Motions to Consolidate and to Appoint Interim Class Counsel**

**1.      Direct Purchaser plaintiffs file a motion to consolidate and to appoint interim co-lead class counsel on November 20, 2025.**

On November 20, 2025, Plaintiffs City of Augusta, Newstead Fire Co., and City of Philadelphia (the "Direct Purchaser Plaintiffs") moved to consolidate their cases, as well as any future cases brought on behalf of direct purchasers of fire trucks, under the caption *In re: Direct Purchaser Fire Apparatus Antitrust Litigation*, No. 1:25-cv-01543, ECF No. 15 at 1. The Direct Purchaser Plaintiffs also requested the appointment of interim co-lead counsel and interim liaison counsel for the proposed class of direct purchasers. *Id.* at 1-2.

On November 25, 2025, this Court granted the Direct Purchaser Plaintiffs' motion in its entirety. *Id.*, ECF No. 19.

**2.      Defendants file a motion to consolidate on December 2, 2025.**

On December 2, 2025, Defendants filed the instant motion to consolidate all firetruck antitrust cases filed in this District into a single action. *See Indirect Purchaser Litig.*, No. 1:25-cv-01252, ECF No. 40. Defendants seek consolidation of these cases for all purposes, including pre-trial and trial. *Id.*, ECF No. 41 at 3, 12.

---

[10] *City of Liberty, Missouri v. Oshkosh Corp., et al.,* No. 1:25-cv-2002 (E.D. Wis.) ("*Liberty*").

**3. Indirect Purchaser Plaintiffs file a motion to consolidate and to appoint interim class counsel on December 4, 2025.**

On December 4, 2025, Plaintiffs City of La Crosse and City of Onalaska ("Indirect Plaintiffs") moved to consolidate their actions into a single indirect purchaser action under the caption *In re: Indirect Purchaser Fire Apparatus Antitrust Litigation*. *Id.*, ECF No. 42. In that same motion, Indirect Plaintiffs requested the appointment of interim co-lead counsel for the proposed class of indirect purchasers. *Id.* at 1-2.

On December 30, 2025, this Court granted the Indirect Purchaser Plaintiffs' motion, pending resolution of the Defendants' motion to consolidate, in which the Court consolidated the five indirect cases (25-cv-1252, 25-cv-1717, 25-cv-1973, 25-cv-2005, and 25-cv-2013) under the name *In re: Indirect Purchaser Fire Apparatus Antitrust Litigation* and under the lead case number 25-cv-01252. *Id.*, ECF No. 49.

**C. Stay issued on December 11, 2025**

On December 11, 2025, this Court stayed the *La Crosse* and *Onalaska* Actions as well as the *In re: Direct Purchaser Fire Apparatus Antitrust Litigation* action through March 12, 2026, pending resolution of the parties' consolidation motions and filing of consolidated amended complaints. *Id.*, ECF No. 45 at 2.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 42 governs consolidation. Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Consolidation is appropriate "[w]]hen common questions of law or fact are present," but only if consolidation will not "caus[e] the parties undue prejudice." *In re Advoc. Aurora Health Pixel Litig.*, 2023 WL

2787985, at *1 (E.D. Wis. Apr. 5, 2023).[11] "The moving party has the burden of persuading the court that consolidation is desirable, and the fact that a common question of law exists does not alone justify consolidation in the absence of other factors which would promote trial convenience and economy in administration." *Prudential Ins. Co. of Am. v. Marine Nat. Exch. Bank*, 55 F.R.D. 436, 437 (E.D. Wis. 1972); *Fleishman v. Prudential-Bache Sec., Inc.*, 103 F.R.D. 623, 624 (E.D. Wis. 1984) ("[A] party moving for consolidation must show that consolidation would promote trial convenience and economy in administration due to factors other than a mere commonality of legal and factual issues.").

Consolidation is not an all-or-nothing judicial management tool. Courts can choose to consolidate to the extent doing so promotes judicial economy. In other words, courts may consolidate for certain purposes only, like pretrial litigation. *See, e.g.*, *Reis v. Wel Companies, Inc.*, 2025 WL 3564132, at *1 (E.D. Wis. Dec. 12, 2025) (consolidating cases for pretrial purposes); *Wyngaard v. Woodman's Food Mkt., Inc.*, 2022 WL 889384, at *3 (E.D. Wis. Mar. 25, 2022) (same). In doing so, courts may allow classes to maintain separate identities, including filing their own complaints. *See, e.g.*, *In re Potash Antitrust Litig.*, 667 F. Supp. 2d 907, 919 (N.D. Ill. 2009) (noting that after consolidation, "Plaintiffs filed consolidated Indirect and Direct Complaints in this Court"), *aff'd sub nom. Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012). As explained below, this has become the standard case organization practice in antitrust cases with plaintiffs at multiple points in the distribution chain.

---

[11] Internal citations and quotations omitted, and emphasis added throughout, unless otherwise indicated.

## IV.    ARGUMENT

**A.    Indirect and Direct Plaintiffs' cases should be combined for pre-trial purposes but both Classes should be permitted to maintain separate identities.**

Although Plaintiffs agree that the Direct and Indirect Purchaser Plaintiff cases should be consolidated for pre-trial purposes, both putative Classes should nevertheless be permitted to retain their separate identities and file pleadings and other motions tailored to their individual interests—such as motions for class certification. Such flexibility allows courts to accommodate class-specific issues as they arise, "ensur[ing] each member case is resolved on its own legal theories and merits and decreas[ing] the risk of delay." *In re Pork Antitrust Litig.*, No. 0:21-md-2998, ECF No. 53 at 9 (D. Minn.); *see also In re: Checking Acct. Overdraft Litig.*, 626 F. Supp. 2d 1333, 1335 (J.P.M.L. 2009) ("The . . . court can employ any number of pretrial techniques—such as establishing separate discovery and/or motion tracks—to efficiently manage this litigation. . . . [C]oncerns regarding the manner and extent of coordination or consolidation of the pretrial proceedings can be presented to the [] judge.").

Courts routinely follow this practice in complex antitrust suits that consolidate indirect and direct purchaser classes. For example, in *In re Turkey Antitrust Litigation*, the court allowed direct and indirect purchaser plaintiffs to file separate consolidated complaints. No. 1:19-cv-8318, ECF No. 383 (N.D. Ill.). Each class also filed separate motions for class certification and submitted separate expert reports. *Id.*, ECF No. 1107 at 2. Though pretrial schedules and status reports were typically filed jointly, each class separately contributed to these joint efforts. *See id.*, ECF Nos. 245, 1106. Similarly, in *In re Potash*, the court permitted plaintiffs to file "consolidated Indirect and Direct Complaints." 667 F. Supp. 2d at 919. Each class asserted different causes of action in their complaints, and defendants raised class-specific arguments in their motions to dismiss. *Id.* Other cases within the Seventh Circuit have opted for the same

consolidated case management structure, including the class-specific motions practice. *See, e.g., Redner's Markets, Inc. v. Lamb Weston Holdings, Inc., et al.*, No. 1:24-cv-11801, ECF Nos. 60 (consolidation order), 182-84 (indirect and direct complaints), 240 at 29-34 (motion to dismiss with arguments targeting indirect purchaser theories) (N.D. Ill.); *In re PVC Pipe Antitrust Litig.*, No. 1:24-cv-07639, ECF Nos. 162 (minute entry noting separate class identities), 597 (indirects' response to motion to dismiss) (N.D. Ill.).

This case management approach is also followed outside of the Seventh Circuit. For example, in *In re Pork Antitrust Litigation*, the court also maintained distinct class identities, allowing the respective classes to file separate complaints, argue class certification independently, and proposing scheduling stipulated to by each class. *See* No. 0:18-cv-1776, ECF Nos. 161-62, 530, 1321 (D. Minn.); *In re Automotive Parts Antitrust Litig.*, No. 2:12-md-2311, ECF Nos. 228, 1848 (E.D. Mich.) (class-specific filings in consolidated case).

A similar approach is warranted here. As in *In re Turkey*, *In re Potash*, *Redner's Markets*, and elsewhere, Direct and Indirect Plaintiffs in this case should be permitted to file separate consolidated complaints that set out their respective case theories and claims. This separation is particularly important because Indirect Plaintiffs intend to advance state law claims that Direct Plaintiffs do not raise. *Cf. In re Potash,* 667 F. Supp. 2d at 919 (noting state and federal differences in causes of actions across direct and indirect complaints). In addition, Indirect Plaintiffs will be focused on showing pass through damages which Direct Plaintiffs will not. Plaintiffs should also be permitted to individually make and respond to motions where appropriate, propose their own scheduling, and otherwise assert their own case theories. *Cf. In Re Turkey*, No. 1:19-cv-8318, ECF Nos. 433, 668, 836 (motions filed individually by direct and indirect plaintiffs for settlement approval, dismissal, and class certification). Allowing Direct and

Indirect Plaintiffs in this case to maintain their separate identities within a single consolidated action will allow each case to be "resolved on its own legal theories and merits." *In re Pork*, No. 0:21-md-2998, ECF No. 53 at 9.

**B.      Consolidation for trial purposes would prejudice all Plaintiffs.**

Consolidating the Direct and Indirect Purchaser Actions for trial purposes would prejudice all Plaintiffs, including Indirect Purchaser Plaintiffs, by raising due process concerns, causing undue confusion among the jury, and potentially precluding Plaintiffs from recovering damages to the full extent permissible by law.

**1.      Consolidation would raise due process concerns.**

Most significantly, a consolidated trial would present due process concerns. Direct Purchasers seeking federal recovery have the right to be shielded from a pass-through defense. *See Hanover Shoe, Inc. v. United Shoe Mach. Corp.*, 392 U.S. 481 (1968) (barring defensive use of pass-on evidence against direct purchaser plaintiffs). Jurors deciding Direct Purchasers' claims should therefore not hear Indirect Purchaser Plaintiffs' pass-through evidence. But prohibiting Indirect Purchaser Plaintiffs from presenting pass-through evidence to the jury would also cause severe due process issues: pass-through evidence is a necessary component of Indirect Purchaser Plaintiffs' case. *See Supreme Auto Transp., LLC v. Arcelor Mittal USA, Inc.*, 902 F.3d 735, 743–44 (7th Cir. 2018) (indirect purchasers must show that supracompetitive prices are passed on to recover damages). Thus, in a combined trial, allowing pass-through evidence would prejudice Direct Purchaser Plaintiffs, and prohibiting that evidence would prejudice Indirect Purchaser Plaintiffs. The cases therefore cannot be tried together without raising significant due process issues.

## 2. Consolidation will likely cause confusion among the jury.

A joint trial will likely cause significant confusion because, "[i]n any antitrust case, an indirect purchaser and a direct purchaser are trying to prove different things." *In re FICO Antitrust Litig. Related Cases*, 2021 WL 4478042, at *4 (N.D. Ill. Sept. 30, 2021); *see also Fleishman*, 103 F.R.D. at 625 ("There is also a strong possibility of confusing the jurors if the cases were tried in a single proceeding."). To support their various theories, Direct and Indirect Plaintiffs are likely to present different—and potentially conflicting—evidence. For example, Direct and Indirect Purchaser Plaintiffs will likely choose separate experts to testify about the economic impacts of Defendants' alleged anticompetitive behavior. *C.f. Fond Du Lac Bumper Exch., Inc. v. Jui Li Enter. Co., Ltd.*, 2016 WL 756568, at *1 (E.D. Wis. Feb. 26, 2016) (separate economic experts chosen for direct and indirect classes); *Fond Du Lac Bumper Exch., Inc. v. Jui Li Enter. Co., Ltd.*, 2017 WL 4457515, at *3 (E.D. Wis. Aug. 8, 2017) (same). Having multiple economic experts testify at trial is likely to confuse a jury, particularly if the testimony offers conflicting interpretations of pass-through costs.

## 3. Consolidation may preclude Plaintiffs from recovering full damages.

If indirect purchasers are successful in proving pass-through in an antitrust action, those indirect purchasers in states that have passed *Illinois Brick* repealer statutes can recover damages under state law[12]—even if direct purchasers in the same case have already recovered damages under the Clayton Act. *In re FICO*, 2021 WL 4478042, at *4 (citing *ARC Am. Corp.*, 490 U.S. at 105) ("Ordinarily, state causes of action are not pre-empted solely because they impose liability over and above that authorized by federal law, and no clear purpose of Congress indicates that

---

[12] In *California v. ARC Am. Corp.*, 490 U.S. 93 (1989), the Supreme Court held that state legislatures could pass laws "repealing" Illinois Brick (known as "Illinois Brick repealer statutes"), thus allowing indirect plaintiffs to sue upstream antitrust defendants.

we should decide otherwise in this case."). Defendants consequently face multiple liability. *See id.* But if a single jury is empaneled to hear both the direct and the indirect cases, the jurors may hesitate to return verdicts that seem duplicative, prejudicing Plaintiffs.

**C.      Consolidation for trial purposes at this procedural stage is premature and will likely lead to inefficiencies and unnecessary costs.**

Consolidating the Indirect and Direct Purchaser actions for trial would not, contrary to Defendants' assertions, assure judicial efficiency. *Cf. Indirect Purchaser Litig.*, No. 1:25-cv-01252, ECF No. 41 at 12. Defendants contend that "separate trials would entail putting the same documentary and testimonial evidence multiple times over." *Id*. But this bare assertion is, unsurprisingly, devoid of any factual support: the parties have not yet reached the motion to dismiss stage, let alone begun discovery. At this point in the case, conclusions about the judicial efficiencies (or lack thereof) from consolidating these actions for trial would be purely speculative; neither party can say definitively whether such consolidation would promote or hinder judicial efficiency.

A decision about consolidation for trial purposes is best deferred to a later stage of the case when the potential efficiencies can be concretely evaluated. *See, e.g.*, *Sage Prods., Inc. v. Devon Indus., Inc.*, 148 F.R.D. 213, 215 (N.D. Ill. 1993) ("At this time . . . the court makes no decision as to whether there will be a consolidated trial on the merits. After the parties complete discovery and have proceeded close to trial, then a renewed motion may raise the issue again."); *Magnavox Co. v. APF Elecs., Inc.*, 496 F. Supp. 29, 32–33 (N.D. Ill. 1980) ("Rule 42(a) . . . contemplates consolidation for purposes of particular segments of the litigation, such as pretrial proceedings . . . . plaintiffs' motion to consolidate . . . is granted without prejudice to defendants to renew their objections before trial").

## V. CONCLUSION

For the foregoing reasons, Indirect Purchaser Plaintiffs respectfully request that the Court grant Defendants' motion for consolidation for pretrial purposes only, while allowing Direct and Indirect Purchaser Plaintiffs to maintain their separate identities.

Dated: January 6, 2026

Respectfully Submitted,

By: */s/ Steve W. Berman*

Steve W. Berman (*pro hac vice*)
Moses Jehng (*pro hac vice* forthcoming)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
Email: moses.jehng@hbsslaw.com

Abigail D. Pershing (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
Telephone: (213) 330-7150
Email: abigailp@hbsslaw.com

Erin Dickinson (Bar #1036707)
Charles Crueger (Bar #1029825)
**CRUEGER DICKINSON LLC**
4532 North Oakland Avenue
Milwaukee, WI 53211
Telephone: (414) 210-3868
Email: ekd@cruegerdickinson.com
Email: cjc@cruegerdickinson.com

13

Daniel E. Gustafson (*pro hac vice*)
Daniel C. Hedlund (*pro hac vice*)
Joshua J. Rissman (*pro hac vice*)
Gabrielle M. Kolb (*pro hac vice*)
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 S Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile:  (612) 339-6622
Email:  dgustafson@gustafsongluek.com
        dhedlund@gustafsongluek.com
        jrissman@gustafsongluek.com
        gkolb@gustafsongluek.com

*Interim Co-Lead Counsel for Indirect Purchaser Plaintiffs*

Case 1:25-cv-01252-WCG    Filed 01/06/26    Page 18 of 18    Document 54