# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| *In re: Direct Purchaser Fire Apparatus Antitrust Litigation* | Case No. 1:25-cv-01543<br><br>Hon. Byron B. Conway |
| *In re: Indirect Purchaser Fire Apparatus Antitrust Litigation* | Case No. 1:25-cv-01252<br><br>Hon. Byron B. Conway |
| CITY OF ARCADIA, individually and on behalf of all others similarly situated,<br><br> Plaintiff,<br><br>   v.<br><br>American Industrial Partners, LLC, *et al.*,<br><br> Defendants. | Case No. 1:25-cv-02005<br><br>Hon. Byron B. Conway |

## PLAINTIFF CITY OF ARCADIA'S RESPONSE REGARDING PROPOSED CONSOLIDATION

Plaintiff City of Arcadia, a city in Los Angeles County, California, filed an indirect purchaser class action alleging primarily state antitrust violations in the national fire apparatus market on December 22, 2025.[1] The City of Arcadia supports this Court's consolidation of all indirect purchaser class actions as *In re: Indirect Purchaser Fire Apparatus Antitrust Litigation*, No. 1:25-cv-01252-BBC (E.D. Wis.).[2] The City of Arcadia nevertheless opposes any attempt by

---

[1] Class Action Compl., *City of Arcadia v. American Industrial Partners, LLC,* No. 1:25-cv-01252-BBC (Dec. 22, 2025), Dkt. 1.

[2] Order Granting Indirect Purchaser Plaintiffs' Motion to Consolidate and to Appoint Co-Lead Class Counsel, No. 1:25-cv-02005 (E.D. Wis. Dec. 22, 2025), (Dec. 30, 2025), Dkt. 49.

Defendants to consolidate *In re: Direct Purchaser Fire Apparatus Antitrust Litigation,* No. 1:25-cv-01543-BBC (E.D. Wis.), and *In re: Indirect Purchaser Fire Apparatus Antitrust Litigation*, No. 1:25-cv-01252-BBC (E.D. Wis.), into a single consolidated action with, for example, a single consolidated class action complaint and a single motion for class certification.

Consolidating these two parallel consolidated actions (*i.e.*, the direct purchaser actions and the indirect purchaser actions) into a single consolidated action pursuant to Federal Rule of Civil Procedure ("Rule") 42(a)(2) would frustrate Rule 1's mandate that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Instead of "promoting efficient case management and administrative convenience," as Defendants argue,[3] consolidating the two consolidated actions into a single consolidated action would do the exact opposite. For example, it would likely confuse and undermine both direct purchaser and indirect purchaser actions at trial.

The City of Arcadia therefore urges the Court to keep the two parallel consolidated actions separate though fully "coordinated" for pretrial purposes given the common factual and evidentiary issues typically presented by direct purchaser and indirect purchaser claims arising out of the same price-fixing conspiracy and the need to conduct discovery jointly. Similarly, the City of Arcadia also supports Plaintiffs City of La Crosse and City of Onalaska's proposal to "consolidate Direct and Indirect Actions for pretrial purposes only, while allowing Direct and Indirect Purchaser Plaintiffs to maintain their separate identities[,]" which would entail, *inter alia*, filing separate consolidated complaints and asserting their own theories and claims of the case.[4]

---

[3] Memorandum in Support of Defendants' Joint Motion to Consolidate Nos. 1:25-CV-01252-BBC, 1:25-CV-01717-BBC, and Direct Purchasers Actions, No. 1:25-CV-01543-BBC at 3, No. 1:25-cv-01543 (Dec. 2, 2025), Dkt. 45.

[4] Reply in Support of Indirect Purchaser Plaintiffs' Motion to Consolidate and to Appoint Interim Co-Lead Class Counsel at 2, 7, No. 1:25-cv-01252-BBC (Dec. 22, 2025), Dkt. 46.

Their proposal in this regard is effectively equivalent to the City of Arcadia's proposal—that is, that the DPP and IPP actions proceed before this Court with separate consolidated complaints and filings but with coordinated proceedings and discovery.

Regarding Plaintiffs City of La Crosse and City of Onalaska's motion for appointment of interim co-lead counsel for the indirect purchaser class actions filed on December 4, 2025, and the Court's order related thereto on December 22, 2025,[5] the City of Arcadia respectfully requests a modest modification of that order and to additionally appoint Cotchett, Pitre & McCarthy, LLP as Interim Co-Lead Class Counsel in *In re: Indirect Purchaser Fire Apparatus Antitrust Litigation*. The City of Arcadia refers this Court to its Motion to Partially Modify the Court's Appointment of Class Counsel in the IPP Actions.

DATED: January 6, 2026          Respectfully submitted,

*/s/ Elizabeth T. Castillo*
Adam J. Zapala (to be admitted)
Elizabeth T. Castillo (WIED Bar No. 280502)
Christopher F. Jeu (WIED Bar No. 247865)
Christian S. Ruano (WIED Bar No. 352012)
Lauren A. Devens (to be admitted)
**COTCHETT, PITRE & MCCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Tel: (650) 697-6000
azapala@cpmlegal.com
ecastillo@cpmlegal.com
cjeu@cpmlegal.com
cruano@cpmlegal.com
ldevens@cpmlegal.com

***Counsel for Plaintiff City of Arcadia and the Proposed Classes***

---

[5] Order Granting Indirect Purchaser Plaintiffs' Motion to Consolidate and to Appoint Co-Lead Class Counsel, No. 1:25-cv-02005 (E.D. Wis. Dec. 22, 2025), (Dec. 30, 2025), Dkt. 49.

Alex Phillips (WI Bar No. 1098356)
Brittany Resch
Sam Strauss
Raina Borrelli
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
aphillips@straussborrelli.com
bresch@straussborrelli.com
sam@straussborrelli.com
raina@straussborrelli.com

*Local Liaison Counsel*

4