## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
## GREEN BAY DIVISION

| | |
|---|---|
| IN RE: INDIRECT PURCHASER FIRE APPARATUS ANTITRUST LIGTIGATION | Case No. 1:25-cv-01252-BBC<br><br>Hon. Byron B. Conway |
| IN RE: DIRECT PURCHASER FIRE APPARATUS ANTITRUST LIGTIGATION | Case No. 1:25-cv-01543-BBC<br><br>Hon. Byron B. Conway |

### REPLY IN SUPPORT OF DEFENDANTS' JOINT MOTION TO CONSOLIDATE CASE NOS. 1:25-CV-01252-BBC, 1:25-CV-01717-BBC, AND DIRECT PURCHASER ANTITRUST ACTIONS, NO. 1:25-CV-01543-BBC

All groups of Plaintiffs agree that both sets of direct and indirect purchaser actions should be further consolidated into a single action at docket no. 1:25-cv-01252-BBC for pretrial purposes under Rule 42(a). *See* Direct Purchaser Pls.' Resp. at 1, *In re: Direct Purchaser Fire Apparatus Antitrust Litigation*, No. 1:25-cv-01543-BBC, ECF No. 57. As the Direct Purchaser Plaintiffs acknowledge, "[t]here are clear efficiencies and case management benefits to be gained by having one judge oversee the direct and indirect purchaser actions in a single consolidated docket proceeding on the same track." Direct Purchaser Pls.' Resp. at 1. The Court should therefore do precisely that and consolidate both actions into a single action for pretrial purposes.[1]

Plaintiffs' responses underscore the need to consolidate these actions into a single proceeding. Direct Purchaser Plaintiffs and two different sets of Indirect Purchaser Plaintiffs filed separate responses to Defendants' motion despite taking essentially the same position and without

---

[1] Defendants agree with Indirect Purchaser Plaintiffs that ordering consolidation for purposes of trial is premature at this time, while reserving all rights to seek consolidation for purposes of trial at an appropriate time. *See* Indirect Purchaser Pls' Resp. at 12.

raising any purchaser-class specific issues, creating thrice as much paper for the Court and Defendants to address. Consolidation will serve to eliminate that sort of duplication and inefficiency moving forward.

Plaintiffs' duplicative responses also highlight concerns with the exceptions they seek to attach to consolidation. For example, Direct Purchaser Plaintiffs assert that Defendants' motion "should be denied to the extent that it would require the Direct and Indirect Purchaser Plaintiffs' separate cases to file joint pleadings and joint briefs or engage in joint discovery," "as opposed to filing separate briefs on shared deadlines and engaging in *coordinated* discovery." Direct Purchaser Pls.' Resp. at 4; *see also* Indirect Purchaser Pls.' Resp. at 8-9. As noted in their opening brief, Defendants do not object to Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs filing separate amended consolidated complaints or a single master complaint with short form complaints to account for differences.[2] Nor do Defendants object to Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs filing separate motions or pursuing separate discovery where truly necessitated by distinctions between their claims, allegations, or putative classes. But to the extent Direct Purchaser Plaintiffs or Indirect Purchaser Plaintiffs seek a license to file separate motions, pursue separate fact or expert discovery, operate on separate schedules, or otherwise engage in separate litigation on common issues, that is inconsistent with the purpose of consolidation "to avoid unnecessary duplication of efforts in related cases and promote judicial economy and efficiency." *See SJ Props. Suites, BuyCo, EHF v. Dev. Opportunity Corp.*, 2009 WL 3790009, at *1 (E.D. Wis. Nov. 12, 2009). And, to be sure, common issues abound between the Direct Purchaser Actions and Indirect Purchaser Actions, as Defendants explained in their opening brief.

---

[2] To the extent Direct Purchaser Plaintiffs' and Indirect Purchaser Plaintiffs' amended consolidated complaints overlap, Defendants are hopeful that the parties will confer in good faith on a method for avoiding duplicative briefing on any motion(s) to dismiss, and reserve all rights in this regard.

Defendants therefore anticipate that Plaintiffs will infrequently need to pursue separate motion practice or discovery. [3]

Plaintiff City of Arcadia—an indirect purchaser plaintiff—filed a separate response that is perplexing. Pl. City of Arcadia's Resp., *In re: Indirect Purchaser Fire Apparatus Antitrust Litigation*, No. 1:25-cv-01252-BBC, ECF No. 55. City of Arcadia's response confusingly "oppos[es] any attempt by Defendants to consolidate *In re: Direct Purchaser Fire Apparatus Antitrust Litigation*, No. 1:25-cv-01543-BBC (E.D. Wis.), and *In re: Indirect Purchaser Fire Apparatus Antitrust Litigation*, No. 1:25-cv-01252-BBC (E.D. Wis.), into a single consolidated action," yet "supports Plaintiffs City of La Crosse and City of Onalaska's proposal to consolidate Direct and Indirect Actions for pretrial purposes only'" subject to each purchaser class "filing separate consolidated complaints." *Id.* at 1-2 (quotation omitted). Again, Defendants do not oppose the filing of separate amended consolidated complaints. But to the extent City of Arcadia actually opposes consolidating Direct Purchaser Actions and Indirect Purchaser Actions into a single action, it fails to rebut or even address Defendants' showing that the actions present numerous significant common issues of fact and law that create substantial opportunity for efficiency through consolidation. And City of Arcadia cites no authority or reasoning to support its assertion that "consolidating the two consolidated actions into a single consolidated action would do the exact opposite" of promoting efficient case management and administrative convenience. *Id.* at 2. The Court should therefore reject the City of Arcadia's purported objections to consolidation.

---

[3] To the extent pleadings, motions, or other papers pertain to both putative classes, the case caption shall state: "*This Document Relates to All Actions.*" To the extent a pleading, motion, or any other paper pertains only to the Direct Purchaser Actions or Indirect Purchaser Actions, the caption shall state, "*This Document Relates to the Direct Purchaser Actions,*" or, "*This Document Relates to the Indirect Purchaser Actions,*" as the case may be.

Notably, Defendants' forthcoming motion for centralization pursuant to 28 U.S.C. 1407 may moot this motion. There are several related cases raising common questions of fact pending in other jurisdictions, which Defendants will move the Judicial Panel on Multidistrict Litigation (the "Panel") to consolidate into a single judicial District for pre-trial proceedings.[4] Defendants expect the Panel will decide their motion in April or May 2026. To promote judicial efficiency and avoid unnecessary consolidation and litigation, the Court may defer its ruling on this motion to consolidate until after the Panel resolves Defendants' forthcoming motion to centralize. If Defendants' motion to centralize is granted, the present motion will be moot.

## CONCLUSION

For the foregoing reasons and those set forth in their opening brief, Defendants respectfully request that the Court enter an order consolidating *In re: Direct Purchaser Fire Apparatus Antitrust Litigation*, No. 1:25-cv-01543-BBC, and *In re: Indirect Purchaser Fire Apparatus Antitrust Litigation*, No. 1:25-cv-01252-BBC, into a single action at docket no. 1:25-cv-01252-BBC (the lowest numbered docket) under the name *In re: Fire Apparatus Antitrust Litigation*.

Dated: January 13, 2026          Respectfully submitted,

s/ *Daniel T. Flaherty*
Daniel T. Flaherty (Bar No. 1011357)
Godfrey & Kahn S.C.
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202
(414) 273-5198
dflaherty@gklaw.com

---

[4] As of this filing, the following related cases were pending in other judicial Districts: *City of Revere v. AIP, LLC, et al.*, No. 1:25-cv-13462-AK (D. Mass.), *City of Chelsea v. Fire Apparatus Manufacturers' Association, et al.*, No. 1:25-cv-13643-AK (D. Mass.), and *Borough of Roseland v. Fire Apparatus Manufacturers' Association, et al.*, No. 2:25-cv-18312-MEF-CF (D.N.J.). Another related case is pending in Louisiana state court; Defendants intend to remove that case to federal court in the Middle District of Louisiana. *See City of Plaquemine v. Oshkosh Corp., et al.*, No. 84877 (La. 18th Dist. filed Dec. 30, 2025).

Reid Schar (Bar No. 6243821)
Jenner & Block LLP
525 Market Street, 29th Floor
San Francisco, CA 94105
(628) 267-6800
rschar@jenner.com

Douglas E. Litvack (Bar No. 1024973)
Jariel A. Rendell (Bar No. 1027023)
Jenner & Block LLP
1099 New York Avenue, NW, Suite 900
Washington, DC 20001
(202) 637-6357
dlitvack@jenner.com
jrendell@jenner.com

Jacob P. Wentzel (Bar No. 6333530)
Jenner & Block LLP
353 North Clark Street
Chicago, IL 60654
(312) 222-9350
jwentzel@jenner.com

*Counsel for Defendants Oshkosh Corporation
and Pierce Manufacturing, Inc.*

s/ *Ena M. Allen*
Daniel J. Vaccaro (Bar No. 1018037)
Joseph L. Olson (Bar No. 1046162)
Ena M. Allen (Bar No. 1101342)
Michael Best & Friedrich LLP
790 North Water Street, Suite 2500
Milwaukee, WI 53202
(414) 271-6560
djvccaro@michaelbest.com
jlolson@michaelbest.com
ena.allen@michaelbest.com

Arthur J. Burke (Bar No. 1175568)
Davis Polk & Wardwell LLP
450 Lexington Ave
New York, NY 10017
(212) 450-4000
arthur.burke@davispolk.com

5

Mari Grace (Bar No. 90009858)
Sean Stefanik (Bar No. 5637913)
Davis Polk & Wardwell LLP
1050 17th Street, NW
Washington, DC 20036
(202) 962-7000
mari.grace@davispolk.com
sean.stefanik@davispolk.com

*Counsel for Defendant REV Group, Inc.*

s/ *David J. Turek*
David J. Turek (Bar No. 1035356)
Joshua S. Greenberg (Bar No. 1107959)
Gass Turek LLC
241 North Broadway, Suite 300
Milwaukee, WI 53202
(414) 224-3445
turek@gassturek.com
greenberg@gassturek.com

Ashley B. Eickhof (Bar No. 307143)
Creighton J. Macy (Bar No. 1002479)
Baker & McKenzie LLP
815 Connecticut Ave NW
Washington, DC 20006
(202) 452-7000
ashley.eickhof@bakermckenzie.com
creighton.macy@bakermckenzie.com

*Counsel for Defendant Rosenbauer America, LLC*

s/ *John P. Loringer*
John P. Loringer (Bar No. 1059778)
Andrew Scarpace (Bar No. 1104777)
Wilson Elser Moskowitz Edelman & Dicker LLP
555 East Wells Street, Suite 1730
Milwaukee, WI 53202
(414) 292-3019
john.loringer@wilsonelser.com

*Counsel for Defendant Fire Apparatus Manufacturers' Association*

6