# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
## GREEN BAY DIVISION

IN RE: INDIRECT PURCHASER FIRE
APPARATUS ANTITRUST LITIGATION

Case No. 1:25cv1252

Hon. Byron B. Conway

# PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
# PLAINTIFF CITY OF ARCADIA'S MOTION TO PARTIALLY MODIFY
# THE  COURT'S APPOINTMENT OF CLASS COUNSEL IN THE IPP ACTIONS

011328-11/3447806 V1

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................... 1

II. BACKGROUND ...................................................................................................... 2

III. LEGAL STANDARD .............................................................................................. 4

IV. ARGUMENT ........................................................................................................... 5

    A. Preserving the current leadership structure is in the best interest of the class. ........................................................................................................ 5

    B. No new circumstances warrant modification to the current leadership structure. ....................................................................................... 7

V. CONCLUSION ........................................................................................................ 9

011328-11/3447806 V1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abante Rooter & Plumbing, Inc. v. Oh Ins. Agency*,
2019 WL 10248700 (N.D. Ill. Dec. 10, 2019)................................................................8

*Aberin v. Am. Honda Motor Co., Inc.*,
2017 WL 3641793 (N.D. Cal. Aug. 24, 2017) ...............................................................8

*In re Aggrenox Antitrust Litig.*,
No. 14-md-2516 (D. Conn. June 16, 2014) ....................................................................2

*City of Ann Arbor v. Oshkosh Corp., et al.*,
No. 1:25-cv-01973 (E.D. Wis.)......................................................................................3

*City of Arcadia v. American Industrial Partners LLC*,
No. 1:25cv2005 (E.D. Wis.) ...............................................................................1, 3, 7, 9

*City of Augusta v. Oshkosh Corp., et al.*,
No. 1:25-cv-01543 (E.D. Wis.)......................................................................................3

*City of Liberty, Missouri v. Oshkosh Corp., et al.*,
No. 1:25-cv-2002 (E.D. Wis.)........................................................................................3

*City of Onalaska v. Oshkosh Corp., et al.*,
No. 1:25-cv-01717 (E.D. Wis.)...................................................................................3, 9

*City of Philadelphia v. Oshkosh Corp., et al.*,
No. 1:25-cv-01801 (E.D. Wis.)......................................................................................3

*In re Clearview AI, Inc., Consumer Priv. Litig.*,
2022 WL 22903323 (N.D. Ill. Nov. 23, 2022) ..............................................................8

*Commack Fire District v. Oshkosh Corp., et al.*,
No. 1:25-cv-2013 (E.D. Wis.)........................................................................................3

*Counts v. Arkk Food Co..*,
WL 7281851 (N.D. Ill. Nov. 3, 2023) .......................................................................2, 7

*In re Crude Oil Commodity Futures Litig.*,
2012 WL 569195 (S.D.N.Y. Feb. 14, 2012)..................................................................5

*In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*,
2013 WL 6050431 (N.D. Ill. Nov. 15, 2013) ................................................................4

Case 1:25-cv-01252-WCG    Filed 01/27/26    Page 3 of 15    Document 71

011328-11/3447806 V1

*In Re: Direct Purchaser Fire Apparatus Antitrust Litigation.*
   No. 1:25-cv-1543 (E.D. Wis.)................................................................3

*Freeman v. MAM USA Corp.*,
   528 F. Supp. 3d 849 (N.D. Ill. 2021) ......................................................8

*Friedman v. Rayovac Corp.*,
   219 F.R.D. 603 (W.D. Wis. 2002).......................................................5, 6

*In re Lidoderm Antitrust Litig.*,
   No. 14-md-2521 (N.D. Cal. May 23, 2014)...........................................2

*In re Med. Informatics Eng'g, Inc., Customer Data Sec. Breach Litig.*,
   2016 WL 11799733 (N.D. Ind. Feb. 4, 2016)........................................5

*Moehrl v. Nat'l Ass'n of Realtors*,
   2020 WL 5260511 (N.D. Ill. May 30, 2020).......................................6, 7

*In re Navistar Maxxforce Engines Mktg., Sales Pracs. & Prods. Liab. Litig.*,
   2015 WL 1216318 (N.D. Ill. Mar. 5, 2015)............................................5

*Schlacher v. L. Offs. of Phillip J. Rotche & Assocs., P.C.*,
   574 F.3d 852 (7th Cir. 2009) ..................................................................6

*Smith v. State Farm Mut. Auto. Ins. Co.*,
   301 F.R.D. 284 (N.D. Ill. 2014)..........................................................4, 5

*The Newstead Fire Co. v. Oshkosh Corp., et al.*,
   No. 1:25-cv-01693 (E.D. Wis.)...............................................................3

*In re Treasury Sec. Auction Antitrust Litig.*,
   2017 WL 10991411 (S.D.N.Y. Aug. 23, 2017).......................................6

## Other Authorities

Fed. R. Civ. P. 23......................................................................................4, 7, 9

Manual for Complex Litigation, Fourth...................................................4, 8

# I.     INTRODUCTION

Plaintiffs City of La Crosse and City of Onalaska ("Lead IPPs" or "Interim Co-Lead Counsel") oppose Plaintiff City of Arcadia's Motion to Partially Modify the Court's Appointment of Class Counsel in the Indirect Purchaser Plaintiff Actions.[1] The Lead IPPs seek to maintain the current leadership structure appointed by this Court nearly a month ago because it adequately and most efficiently protects the interests of the class. The firms Hagens Berman Sobol Shapiro LLP, Crueger Dickinson LLC, and Gustafson Gluek PLLC ("Interim Co-Lead Counsel") have already proven their ability to cooperate and efficiently manage the litigation. Berman Decl. ¶ 2.

Plaintiff City of Arcadia ("Arcadia") does not argue that the current leadership structure is inadequate. Mot. at 1. Rather, it contends that modifying the leadership structure—by adding Cotchett, Pitre & McCarthy LLP ("CPM")—will promote efficient and vigorous representation in this action. *Id.* But adding CPM would expand the number of attorneys leading the case by more than *two-thirds*, increasing costs and risking inefficiencies at an early stage of the litigation. *See id.* at 9.

Further, Arcadia's complaint—filed four months after Interim Co-Lead Counsel's initial complaint—did not present any substantive new facts or legal theories beyond naming an additional Defendant and representing a California municipality. *See City of Arcadia v. American Industrial Partners LLC*, No. 1:25cv2005, ECF No. 1 (E.D. Wis.). Thus, regardless of CPM's qualifications, the work CPM has done to investigate and identify claims is duplicative of Interim Co-Lead Counsel. Nor does Arcadia identify divergent interests between California

---

[1] City of Arcadia's Mot. to Partially Modify the Court's Appointment of Class Counsel in the IPP Actions, ECF No. 57 (Jan. 6, 2026) (Mot.).

011328-11/3447806 V1

purchasers and the existing Lead IPPs that would necessitate separate or additional representation in leadership—all IPPs have an interest in paying fair prices for firetrucks to meet their public safety needs. To be sure, it is not required for there to be a class representative from each state in a multistate class. *Counts v. Arkk Food Co.*, WL 7281851, at \*6 (N.D. Ill. Nov. 3, 2023). And, even if this Court determines specific representation of California IPPs in leadership is necessary, Interim Co-Lead Counsel—who are well-versed in multi-state indirect purchaser actions—have already been in communication with potential California IPPs and fully expect to retain a California class representative in this litigation. Dickinson Decl. ¶¶ 2-3.

Interim Co-Lead Counsel remain committed to cooperating with all counsel in this litigation, but the current streamlined leadership structure is appropriate at this stage. If the Court determines modification is warranted, the Lead IPPs propose establishing a Plaintiffs' Steering Committee ("PSC") with tasks delegated by Interim Co-Lead Counsel to avoid unnecessary costs or duplication of labor. *See, e.g.*, *In re Lidoderm Antitrust Litig.*, No. 14-md-2521, ECF No. 63 (N.D. Cal. May 23, 2014) (appointing three co-leads and a five-member executive committee); *In re Aggrenox Antitrust Litig.*, No. 14-md-2516, ECF No. 95 (D. Conn. June 16, 2014) (appointing three co-leads and a four-member executive committee).

For these reasons, and for the reasons set forth below, the Lead IPPs respectfully request that the Court deny Arcadia's motion to modify the leadership structure in the consolidated Indirect Purchaser actions.

## II. BACKGROUND

Multiple Plaintiffs have filed complaints in this District against Defendants. Five of these complaints—those brought by the City of La Crosse, the City of Onalaska, the City of Ann Arbor, the City of Arcadia, and the Commack Fire District—were brought on behalf of a

011328-11/3447806 V1

putative class of indirect purchaser plaintiffs.[2] The remaining four complaints—those brought by the City of Augusta, the Newstead Fire Company, the City of Philadelphia, and the City of Liberty—were brought on behalf of a putative class of direct purchaser plaintiffs.[3] On November 25, 2025, the Court consolidated the direct purchaser actions under the caption *In Re: Direct Purchaser Fire Apparatus Antitrust Litigation*. No. 1:25-cv-1543, ECF No. 19 (E.D. Wis.).

On December 4, 2025, Plaintiffs City of La Crosse and City of Onalaska moved to consolidate the indirect purchaser actions under the caption *In re: Indirect Purchaser Fire Apparatus Antitrust Litigation*. ECF No. 42. That motion also requested the appointment of interim co-lead counsel for the putative indirect purchaser plaintiff classes. *Id.* On December 29, 2025, the Court granted that motion, consolidating the cases and appointing Hagens Berman Sobol Shapiro LLP, Crueger Dickinson LLC, and Gustafson Gluek PLLC as Interim Co-Lead Counsel for the putative indirect purchaser class. ECF No. 49 at 4. The Court noted it "may add or replace the appointed firms upon request of Interim Co-Lead Class Counsel or on the Court's own motion where circumstances warrant." *Id.*

On January 6, 2026, Arcadia moved to modify the Court's order and sought appointment of CPM as Interim Co-Lead Counsel alongside the three other firms. ECF No. 57. CPM sought to unilaterally modify the leadership structure without meaningfully discussing with Interim Co-

---

[2] *City of La Crosse v. Oshkosh Corp., et al.*, No. 1:25-cv-1252 (E.D. Wis.); *City of Onalaska v. Oshkosh Corp., et al.*, No. 1:25-cv-01717 (E.D. Wis.); *City of Ann Arbor v. Oshkosh Corp., et al.*, No. 1:25-cv-01973 (E.D. Wis.); *City of Arcadia v. American Industrial Partners LLC, et. al*, No. 1:25-cv-2005 (E.D. Wis.); *Commack Fire District v. Oshkosh Corp., et al.*, No. 1:25-cv-2013 (E.D. Wis.).

[3] *City of Augusta v. Oshkosh Corp., et al.*, No. 1:25-cv-01543 (E.D. Wis.); *The Newstead Fire Co. v. Oshkosh Corp., et al.*, No. 1:25-cv-01693 (E.D. Wis.); *City of Philadelphia v. Oshkosh Corp., et al.*, No. 1:25-cv-01801 (E.D. Wis.); *City of Liberty, Missouri v. Oshkosh Corp., et al.*, No. 1:25-cv-2002 (E.D. Wis.).

011328-11/3447806 V1

Lead Counsel, other than communicating their intent to file this Motion.[4] Hedlund Decl. ¶ 1. CPM has only reached out to Lead IPPs on one other occasion, which was to notify Lead IPPs that CPM intended to file the Arcadia complaint. *Id.* ¶ 2.

Since appointment, Interim Co-Lead Counsel have met weekly to coordinate on fact investigation and briefing. Berman Decl. ¶ 2. This includes work on the Consolidated Amended Complaint, expert retention, and responding to Defendants' pending Motion to Transfer and Centralize before the Judicial Panel on Multidistrict Litigation. *In re: Fire Apparatus Antitrust Litig.*, MDL No. 3179, ECF No. 1 (J.P.M.L. Jan. 15, 2026); Berman Decl. ¶ 2.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 23(g)(3) allows courts to designate interim counsel to act on behalf of a putative class. The purpose of appointing interim counsel under this Rule is to clarify leadership responsibility, streamline decision making, and promote efficiency. *Smith v. State Farm Mut. Auto. Ins. Co.*, 301 F.R.D. 284, 288 (N.D. Ill. 2014); Manual for Complex Litigation, Fourth, § 21.11 ("Manual").

Counsel seeking appointment to an existing leadership structure must satisfy the same 23(g) factors as if they were initially seeking appointment. *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, 2013 WL 6050431, at *3 (N.D. Ill. Nov. 15, 2013).[5] When considering interim appointments, the "most important [factor] is achieving efficiency and economy without jeopardizing fairness to the parties." Manual § 10.221.

---

[4] Lead IPPs have coordinated with the remaining Plaintiffs in the Consolidated Actions: the City of Commack and City of Ann Arbor. In a forthcoming motion, the City of Commack and the City of Ann Arbor expect to indicate their support for the December 29 Interim Co-Lead Class Counsel appointments and suggest a PSC if necessary.

[5] Internal citations and quotations omitted, and emphasis added throughout, unless otherwise indicated.

Generally, courts balance qualifications of interim class counsel against the risks of over-staffing. Rather than compiling a "dream team" of all qualified applicants who meet 23(g) requirements, courts avoid imposing "substantially increased costs and unnecessary duplication of efforts" for the class. *In re Crude Oil Commodity Futures Litig.*, 2012 WL 569195, at *2 (S.D.N.Y. Feb. 14, 2012); *Friedman v. Rayovac Corp.*, 219 F.R.D. 603, 606 (W.D. Wis. 2002) (compiling authority expressing concern over appointing excessive lead counsel).

## IV. ARGUMENT

### A. Preserving the current leadership structure is in the best interest of the class.

The existing three-firm leadership structure promotes efficiency, avoids stalemates, and prevents unnecessary restructuring. Multistate antitrust actions require coordinated and timely decision-making; the purpose of appointing interim class counsel is to *clarify* responsibility to protect the class during precertification activities. *Smith*, 301 F.R.D. at 288. The Court has done so here. And an odd-number leadership structure, like the current one, helps prevent deadlock. *See In re Navistar Maxxforce Engines Mktg., Sales Pracs. & Prods. Liab. Litig.*, 2015 WL 1216318, at *1 (N.D. Ill. Mar. 5, 2015) (explaining that odd-numbered leadership structures are preferable to even-numbered ones for that reason).

Furthermore, the current leadership is comprised of firms that have worked well together in the past, serving as co-lead class counsel on different cases. ECF No. 42-1 at 16-17. And, Interim Co-Lead Counsel have met regularly to coordinate fact investigation, expert retention, and more. Berman Decl. ¶ 2. Recalibrating responsibilities by adding another firm, even if only a short time has elapsed, inevitably results in unnecessary inefficiency to the class. *In re Med. Informatics Eng'g, Inc., Customer Data Sec. Breach Litig.*, 2016 WL 11799733, at *2 (N.D. Ind. Feb. 4, 2016). In the four months since Plaintiff La Crosse filed its complaint, substantial additional investigation and legal work has been completed. Berman Decl. ¶ 3.

011328-11/3447806 V1

Moreover, adding another co-lead firm can result in additional costs to the class.[6] Indeed, the addition of the CPM as lead counsel would increase the number of attorneys listed as spearheading the case by two-thirds. The current leadership structure consists of nine attorneys across three firms spearheading the case. *See* ECF No. 42-1 at 19-27. CPM alone lists six attorneys as working primarily on the case. Mot. at 9. In analogous contexts, courts have cautioned that "it may be necessary at the outset of litigation to structure lead counsel so as to avoid the inevitable inefficiency and expense resulting from an inappropriate multiple lead counsel arrangement." *See Friedman*, 219 F.R.D. at 606; *see also Schlacher v. L. Offs. of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852, 858 (7th Cir. 2009) ("though efficiency can sometimes be increased through collaboration . . . overstaffing cases inefficiently is common….").

Here, the three-firm co-lead structure strikes the balance of appropriate staffing for efficient representation and is common in antitrust actions. *See, e.g.*, *Moehrl v. Nat'l Ass'n of Realtors*, 2020 WL 5260511, at *3 (N.D. Ill. May 30, 2020) (appointing three firms); *In re Treasury Sec. Auction Antitrust Litig.*, 2017 WL 10991411, at *2 (S.D.N.Y. Aug. 23, 2017) ("Representation by more than three firms would likely lead to unnecessary duplication of work, hinder efficient decision making, and pose organizational and management challenges.").

As already determined by this Court, Interim Co-Lead Counsel and the existing leadership structure meet all the 23(g) factors. *See* ECF No. 49. Arcadia itself does not challenge

---

[6] If the need arises, the Lead IPPs would be amenable to establishing a PSC or similar leadership structure involving additional counsel. At this stage in the litigation, however, Plaintiffs La Crosse and Onalaska's position is that the creation of such a structure is unnecessary. Lead IPPs intend to provide the best representation possible and will call on other firms for help in this case when needed, as they have worked with other counsel and respect their work. And, should a PSC be established, Plaintiffs La Crosse and Onalaska believe that its tasks should be delegated by Interim Co-Lead Counsel to avoid unnecessary costs or duplication of labor. Lead IPPs expect that Plaintiffs Ann Arbor and Commack will file a motion affirming that position.

011328-11/3447806 V1

the adequacy of Interim Co-Lead Counsel. Mot. at 1 ("nor does [Arcadia] contend that the existing leadership structure is inadequate"). Appointment of additional firms is therefore unnecessary.

**B.        No new circumstances warrant modification to the current leadership structure.**

In its appointment Order, the Court found that Interim Co-Lead Counsel satisfied the 23(g) factors and would adequately represent the putative nationwide and state indirect purchaser classes. ECF No. 49 at 4. Arcadia alleges that modification is warranted based on CPM's qualifications and because CPM represents a California public entity. Mot. at 13. These circumstances do not warrant modification. Interim Co-Lead Counsel is experienced in multistate and national antitrust indirect purchaser actions and can adequately represent all putative plaintiffs within the current leadership structure.

Arcadia has not alleged new facts relating to Defendants' conduct in its complaint, except naming an additional private equity defendant. Its allegations substantially mirror those already filed—as early as four months prior—in this district. *Compare City of Arcadia*, No. 1:25cv2005, ECF No. 1, ¶¶ 55-142, *with* ECF No. 1, ¶¶ 31-117 (the *La Crosse* Complaint). As was true when the Court determined interim leadership, Interim Co-Lead Counsel is well-acquainted with the claims at issue and was the first to investigate and file a complaint in this action. ECF No. 1; *see* Fed. R. Civ. P. 23(g)(1) ("[i]n appointing class counsel, the court [] must consider: [] the work counsel has done in identifying or investigating potential claims in the action").

Arcadia asserts CPM's "prime position" to litigate California state law is a factor for inclusion in the leadership structure. Mot. at 14. This argument implies separate co-lead counsel could be necessary for each of the thirty-eight states (and Washington D.C.) in the proposed multistate class. But this is neither feasible nor required. *Moehrl*, 2020 WL 5260511, at \*2 (compiling cases where only two to three firms were appointed as interim co-leads); *Arkk Food*,

2023 WL 7281851, at *6-7 (quoting *Freeman v. MAM USA Corp.*, 528 F. Supp. 3d 849, 859 (N.D. Ill. 2021)) (compiling authority that multistate classes do not require representatives from every state therein). Moreover, where the reasons given for modification are not unique, finality of the existing leadership structure is especially salient. Appointment on grounds of state law representation is an invitation to continue relitigating leadership for every remaining state in the class. A leadership in flux would defeat the "certainty and stability" that appointment of interim lead counsel is meant to attain. *See In re Clearview AI, Inc., Consumer Priv. Litig.*, 2022 WL 22903323, at *2 (N.D. Ill. Nov. 23, 2022).

Furthermore, unless counsel residing in each state in the multistate class is appointed to leadership, appointment on these grounds may also risk suggesting that one state's representative(s) have outsized significance in a nationwide multistate class. *Abante Rooter & Plumbing, Inc. v. Oh Ins. Agency*, 2019 WL 10248700, at *1 (N.D. Ill. Dec. 10, 2019) ("[D]istrict judges presiding over [class] actions are expected to . . . make sure that class counsel are behaving as honest fiduciaries for the class as a whole.").

Rather, only when plaintiffs have sufficient diverging interests is it necessary for appointment of a firm to leadership to represent those interests. *See also* Manual for Complex Litig., § 10.221 (4th ed. 2004) ("Committees [i.e., the appointment of multiple firms] are most commonly needed when group members' interests and positions are sufficiently dissimilar to justify giving them representation in decision making."); *Aberin v. Am. Honda Motor Co., Inc.*, 2017 WL 3641793, at *2 (N.D. Cal. Aug. 24, 2017) (declining to expand leadership because requestors "have neither addressed nor demonstrated that the interests of the class diverge or are dissimilar").

011328-11/3447806 V1

Arcadia does not purport to represent a materially distinct set of interests; ultimately, Arcadia itself is part of proposed nationwide and state damages indirect purchaser classes for whom Arcadia asserts the typicality and commonality requirements of Rule 23(b)(3) are met. *See City of Arcadia*, No. 1:25cv2005, ECF No. 1, ¶¶ 147-157. These are the same classes represented by Interim Co-Lead Counsel in the Consolidated Indirect Purchaser Actions. *See* ECF No. 49 at 3-4; *City of Onalaska v. Oshkosh Corp., et al.*, No. 1:25-cv-01717, ECF No. 1, ¶¶ 138-147 (E.D. Wis.).

Though the Lead IPPs appreciate the risks faced by Californian plaintiffs and class members, s*ee* ECF No. 1, ¶¶ 107, 111, 11, Defendants' acts have hindered the ability of municipalities throughout the country to respond effectively to fires, including numerous states with wildfire risk. *See generally* ECF No. 1, ¶¶ 102-113; *City of Arcadia*, No. 1:25cv2005, ECF No. 1, ¶¶ 128-135.

Even if the Court determines it is imperative for there to be a class representative from California, Interim Co-Lead Counsel is actively engaged in discussions with multiple potential class representatives—including in California. Dickinson Decl. ¶¶ 2-3;  Berman Decl. ¶ 4 (other states' municipalities). Interim Co-Lead Counsel endeavors to work closely with them and Arcadia to ensure that the interests of affected California plaintiffs—alongside those of the states represented by the other class representatives—are vigorously represented.

## V.     CONCLUSION

For the foregoing reasons, the Lead IPPs respectfully request that the Court deny Arcadia's Motion to Partially Modify the Court's Appointment of Class Counsel in the Indirect Purchaser Actions.

011328-11/3447806 V1

Dated: January 27, 2026

Respectfully Submitted,

By: */s/ Steve W. Berman*
Steve W. Berman (*pro hac vice*)
Stephanie A. Verdoia (*pro hac vice* to be filed)
Moses I. Jehng (*pro hac vice* to be filed)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
Email: steve@hbsslaw.com
         stephaniev@hbsslaw.com
         moses.jehng@hbsslaw.com

By: */s/ Erin Dickinson*
Erin Dickinson (Bar #1036707)
Charles Crueger (Bar #1029825)
**CRUEGER DICKINSON LLC**
4532 North Oakland Avenue
Milwaukee, WI 53211
Telephone: (414) 210-3868
Email: ekd@cruegerdickinson.com
Email: cjc@cruegerdickinson.com

*Interim Co-Lead Counsel for the Indirect Purchaser Plaintiff Class*

*Attorneys for the City of La Crosse*

011328-11/3447806 V1

By: */s/ Daniel E. Gustafson*
Daniel E. Gustafson (*pro hac vice*)
Daniel C. Hedlund (*pro hac vice*)
Joshua J. Rissman (*pro hac vice*)
Gabrielle M. Kolb (*pro hac vice*)
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 S Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
Email: dgustafson@gustafsongluek.com
Email: dhedlund@gustafsongluek.com
Email: jrissman@gustafsongluek.com
Email: gkolb@gustafsongluek.com

*Interim Co-Lead Counsel for the Indirect Purchaser Plaintiff Class*

*Attorneys for the City of Onalaska*

011328-11/3447806 V1