| | |
|---|---|
| IN RE: INDIRECT PURCHASER FIRE APPARATUS ANTITRUST LITIGATION | Case No. 1:25-cv-01252-BBC<br><br>Hon. Byron B. Conway |
| IN RE: DIRECT PURCHASER FIRE APPARATUS ANTITRUST LITIGATION | Case No. 1:25-cv-01543-BBC<br><br>Hon. Byron B. Conway |

**DEFENDANTS' CIVIL L.R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION
TO SUSPEND DEADLINES PENDING DECISION BY THE
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

Defendants, Oshkosh Corporation, Pierce Manufacturing, Inc., REV Group, Inc., Rosenbauer America, LLC, Fire Apparatus Manufacturers' Association, AIP, LLC, American Industrial Partners Capital Fund IV, LP, American Industrial Partners Capital Fund IV (Parallel), LP, and AIP/CHC Holdings, LLC (collectively, "Defendants"), hereby move to suspend all deadlines in the above-captioned consolidated actions (the "Consolidated Actions") pending resolution of Defendants' Motion to Transfer and Centralize Related Actions for Consolidated Pretrial Proceedings (the "MDL Motion") before the Judicial Panel on Multidistrict Litigation (the "JPML"). In support of this motion, Defendants state as follows:

1.      Defendants have varying deadlines to respond to Plaintiffs' complaints, as set forth below.

| Action | Deadline |
|---|---|
| *City of Ann Arbor v. Oshkosh Corp., et al.*, No. 1:25-cv-01973-BBC | February 23, 2026 |
| *Commack Fire District v. Oshkosh Corp., et al.*, No. 1:25-cv-02013-BBC | February 27, 2026 |

| Action | Deadline |
|---|---|
| *City of La Crosse v. Oshkosh Corp., et al.*, No. 1:25-cv-01252-BBC | March 12, 2026[1] |
| *In re: Direct Purchaser Fire Apparatus Antitrust Litigation*, No. 1:25-cv-01543-BBC | March 12, 2026[2] |
| *City of Onalaska v. Oshkosh Corp., et al.*, No. 1:25-cv-01717-BBC | March 12, 2026[3] |
| *City of Liberty v. Oshkosh Corp., et al.*, No. 1:25-cv-02002-BBC | March 17, 2026 |
| *City of Arcadia v. American Industrial Partners, LLC, et al.*, No. 1:25-cv-02005-BBC | March 23, 2026 |

2.      Different plaintiffs have filed actions in three other judicial districts that raise common issues of facts and law with the Consolidated Actions. Defendants therefore filed the MDL Motion with the JPML to consolidate all related and tag-along actions for pretrial proceedings pursuant to 28 U.S.C. § 1407. The JPML is expected to hear the MDL Motion during its March 26, 2026 session and should decide the motion shortly thereafter.[4] This Court should therefore suspend all deadlines, including Defendants' deadlines to respond to the complaints, until the JPML decides the MDL Motion to promote judicial economy and avoid unnecessary expense and effort. Indeed, the District Court of New Jersey recently stayed proceedings in the *Roseland* action—a copycat case of the Consolidated Actions—for the same reasons. *See* Ex. A, ECF No. 47, *Borough of Roseland v. Fire Apparatus Manufacturers' Association, et al.*, No. 2:25-cv-18312-MEF-CF (D.N.J. Feb. 3, 2026).

---

[1] *See* ECF No. 45, *City of La Crosse v. Oshkosh Corp., et al.*, No. 1:25-cv-01252-BBC.

[2] *See* ECF No. 49, *In re: Direct Purchaser Fire Apparatus Antitrust Litigation*, No. 1:25-cv-01543-BBC.

[3] *See* ECF No. 40, *City of Onalaska v. Oshkosh Corp., et al.*, No. 1:25-cv-01717-BBC.

[4] The current chair of the JPML, Judge Karen K. Caldwell, has stated that "[t]he JPML strives to issue its orders within two weeks of the hearing session." Karen Caldwell, *Inside the JPML*, Judicature (2024), https://judicature.duke.edu/articles/inside-the-jpml/.

3. Defendants propose that if their MDL Motion is denied, the parties—within seven days of that order—would file a joint status report proposing new deadlines for Plaintiffs to file amended consolidated complaints and for Defendants to respond to those complaints.

4. There is good cause for the requested relief because it would waste judicial and party resources to require Defendants to respond to Plaintiffs' existing complaints. If the JPML grants the MDL Motion, the actions pending in this Court will be transferred for consolidation with the related actions pending in other districts, and Plaintiffs in these actions will file amended consolidated complaints with the plaintiffs in those other actions. *See, e.g.*, *Armstrong v. LaSalle Bank Nat. Ass'n*, 552 F.3d 613, 617 (7th Cir. 2009) ("As is common in such circumstances, the district court ordered the plaintiffs in the cases transferred by the Panel to file consolidated complaints."). And if the JPML denies the MDL Motion, Plaintiffs with cases pending in this district have already indicated they will file amended consolidated complaints. *See* ECF No. 54 at 6, *In re: Indirect Purchaser Fire Apparatus Antitrust Litigation*; ECF No. 57 at 1, *In re: Direct Purchaser Fire Apparatus Antitrust Litigation*. Thus, Plaintiffs will need to file amended complaints regardless of whether the JPML grants the MDL Motion.

5. As the District of New Jersey concluded in staying the *Roseland* action, Plaintiffs will not suffer any "meaningful case-specific prejudice" from the requested relief. Ex. A. The JPML will hear the MDL Motion on March 26 and should resolve it promptly thereafter; the Consolidated Actions are all in their procedural infancy and Plaintiffs have not yet filed any consolidated complaint—i.e., an operative complaint; Plaintiffs' claims are a decade old and do not involve any alleged imminent harm; and litigation holds are in place to preserve relevant discovery. Underscoring the absence of prejudice to Plaintiffs, many of them previously joined motions asking the Court to suspend all deadlines pending their filing of amended consolidated

complaints—essentially the same relief sought here. *See* ECF No. 39 ¶¶ 3, 5, *In re: Indirect Purchaser Fire Apparatus Antitrust Litigation*, No. 1:25-cv-01252-BBC; ECF No. 43 ¶¶ 3, 5, *In re: Direct Purchaser Fire Apparatus Antitrust Litigation* No. 1:25-cv-01543-BBC.

WHEREFORE, Defendants respectfully request that the Court: (1) suspend all deadlines in *In re: Indirect Purchaser Fire Apparatus Antitrust Litigation*, No. 1:25-cv-01252-BBC, and *In re: Direct Purchaser Fire Apparatus Antitrust Litigation*, No. 1:25-cv-01543-BBC, including Defendants' deadlines to respond to the complaints, pending the JPML's ruling on Defendants' MDL Motion; and (2) order that if the Defendants' MDL Motion is denied, the parties shall file a joint status report within seven days of the JPML's decision proposing new dead for Plaintiffs to file amended consolidated complaints and for Defendants to respond to those complaints.

Dated: February 10, 2026                    Respectfully submitted,

s/ *Daniel T. Flaherty*
Daniel T. Flaherty (Bar No. 1011357)
Godfrey & Kahn S.C.
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202
(414) 273-5198
dflaherty@gklaw.com

Reid Schar (Bar No. 6243821)
Jenner & Block LLP
525 Market Street, 29th Floor
San Francisco, CA 94105
(628) 267-6800
rschar@jenner.com

Douglas E. Litvack (Bar No. 1024973)
Jariel A. Rendell (Bar No. 1027023)
Jenner & Block LLP
1099 New York Avenue, NW, Suite 900
Washington, DC 20001
(202) 637-6357
dlitvack@jenner.com
jrendell@jenner.com

Jacob P. Wentzel (Bar No. 6333530)
Jenner & Block LLP
353 North Clark Street
Chicago, IL 60654
(312) 222-9350
jwentzel@jenner.com

*Counsel for Defendants Oshkosh Corporation and Pierce Manufacturing, Inc.*

s/ *Daniel J. Vaccaro*
Daniel J. Vaccaro (Bar No. 1018037)
Joseph L. Olson (Bar No. 1046162)
Ena M. Allen (Bar No. 1101342)
Michael Best & Friedrich LLP
790 North Water Street, Suite 2500
Milwaukee, WI 53202
(414) 271-6560
djvccaro@michaelbest.com
jlolson@michaelbest.com
ena.allen@michaelbest.com

Arthur J. Burke (Bar No. 1175568)
Davis Polk & Wardwell LLP
450 Lexington Ave
New York, NY 10017
(212) 450-4000
arthur.burke@davispolk.com

Mari Grace (Bar No. 90009858)
Sean Stefanik (Bar No. 5637913)
Davis Polk & Wardwell LLP
1050 17th Street, NW
Washington, DC 20036
(202) 962-7000
mari.grace@davispolk.com
sean.stefanik@davispolk.com

*Counsel for Defendant REV Group, Inc.*

s/ *David J. Turek*
David J. Turek (Bar No. 1035356)
Joshua S. Greenberg (Bar No. 1107959)
Gass Turek LLC
241 North Broadway, Suite 300
Milwaukee, WI 53202

5

(414) 224-3445
turek@gassturek.com
greenberg@gassturek.com

Ashley B. Eickhof (Bar No. 307143)
Creighton J. Macy (Bar No. 1002479)
Baker & McKenzie LLP
815 Connecticut Ave NW
Washington, DC 20006
(202) 452-7000
ashley.eickhof@bakermckenzie.com
creighton.macy@bakermckenzie.com

*Counsel for Defendant Rosenbauer America, LLC*

s/ *John P. Loringer*
John P. Loringer (Bar No. 1059778)
Marcella S. Spoto (Bar No. 1038044)
Wilson Elser Moskowitz Edelman & Dicker LLP
555 East Wells Street, Suite 1730
Milwaukee, WI 53202
(414) 292-3019
john.loringer@wilsonelser.com
marcella.spoto@wilsonelser.com

*Counsel for Defendant Fire Apparatus Manufacturers' Association*

s/ *Paul C. Cuomo*
Paul C. Cuomo (Bar No. 457793)
BAKER BOTTS LLP
700 K Street NW
Washington, DC 20001
(202) 639-7700
paul.cuomo@bakerbotts.com

*Counsel for AIP, LLC, American Industrial Partners Capital Fund IV, LP, American Industrial Partners Capital Fund IV (Parallel), LP, and AIP/CHC Holdings, LLC*

6