# EXHIBIT A

| 02/03/2026 | 47 | TEXT ORDER: The Court has reviewed the parties' letters, see ECF 45 ; ECF 46 , and perceives no meaningful case-specific prejudice. Virtually everything that is offered up is generic. For example, the "chance" that evidence "may be lost" is invoked, but nothing specific is mentioned. To cite another example, it is correct that "coordinated discovery" is "essential" in cases like this; but there is no sense provided as to what discovery might take place in the next 60 days if the case were not stayed and/or transferred. As to the Plaintiff's argument from prejudice before the JPML, the Court is not persuaded. The JPML will be able to weigh out the information before it as it deems appropriate and will likely take a stay decision for what it is --- mainly an effort by this Court to control its docket and direct its efforts to motions that are genuinely pressing. (And if, in the JPML's view, its approach would potentially be impacted by the Court's resolution here of the transfer motion, it can surely issue an order saying so and the Court will proceed accordingly.) The Court hereby (1) defers ruling on the motion to transfer (ECF 25 ) until after the Judicial Panel on Multidistrict Litigation decides the MDL motion or until April 10, whichever comes sooner, and (2) grants the stay motion (ECF 34 ), with the stay to remain in place until the Court rules on the transfer motion. The parties shall file a brief joint update letter when the JPML rules or on April 10, whichever comes first. So Ordered by Judge Michael E. Farbiarz on 2/3/26. (ro, ) (Entered: 02/03/2026) |