UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**In re: Indirect Purchaser Fire Apparatus Antitrust Litigation.**     v.     Case No. 25-CV-1252

# ORDER

The City of Arcadia filed an action alleging antitrust violations related to the manufacture of firefighting apparatus. Its action was assigned case number 25-CV-2005, and the court consolidated it with other similar actions under case number 25-CV-1252 under the caption *In re: Indirect Purchaser Fire Apparatus Antitrust Litigation*. The court also appointed interim co-lead class counsel in that consolidated action.

Arcadia has moved to modify the order regarding the appointment of interim co-lead counsel to add its attorneys, the law firm of Cotchett, Pitre & McCarthy, LLP, as co-lead class counsel. (ECF No. 56.) It highlights counsel's experience in similar actions and states that the addition of Cotchett, Pitre & McCarthy will promote efficiency in part because of the unique interests of California municipalities and the current absence of a California-based counsel.

The City of La Crosse and the City of Onalaska, two other plaintiffs in the consolidated indirect purchaser action, oppose Arcadia's motion. They note that Arcadia filed its motion without first meaningfully discussing it with interim co-lead counsel. They argue that the existing structure, with nine attorneys across three

firms serving as co-lead counsel is working well, and that adding another risks inefficiencies and unnecessary costs. The City of Ann Arbor and the Commack Fire District separately oppose Arcadia's motion and propose the creation of an Executive Committee. (ECF No. 76.)

Appointment of interim class counsel is governed by the factors set forth in Fed. R. Civ. P. 23(g). The court is satisfied that Cotchett, Pitre & McCarthy have the requisite experience and resources to serve as interim co-lead counsel. However, other factors tip the balance against amendment to add the firm. Counsel's failure to attempt to coordinate with interim co-lead counsel before filing the present motion is inconsistent with the collaborative approach necessary to serve in the role. *See In re Plasma-Derivative Protein Therapies Anitrust Litig.*, No. 09 C 7666, 2010 U.S. Dist. LEXIS 34882, at *22 (N.D. Ill. Apr. 7, 2010). Moreover, counsel's filing of the present motion reflects an unfamiliarity with the court's Local Rules, which is relevant to counsel's ability to adequately represent the interests of the class. Specifically, the court having consolidated Arcadia's action, 25-CV-2005, its motion should have been filed only in the consolidated action, 25-CV-1252. *See* Civ. L.R. 42(b). Arcadia also improperly filed the same motion in 25-cv-1543, *In re: Direct Purchaser Fire Apparatus Antitrust Litigation*, a related but yet unconsolidated action in which Arcadia is not a party.

Most significantly, the court finds that appointment of Cotchett, Pitre & McCarthy as additional interim co-lead counsel is likely to undermine the interests of the class by creating inefficiencies and unnecessarily increasing costs.

Admittedly, the attorneys or firms best qualified to serve as interim lead counsel are not necessarily those that win the race to the courthouse and file their actions first. But the court having appointed interim lead counsel, there must be a sufficient reason to alter that order. Arcadia has not provided a sufficient reason. Notably, it does not contend that there is anything wrong with the current leadership; it simply asks that its attorneys join it.

The court must find a balance between the burdens created with too many cooks in the kitchen and the benefits of many hands making light work. The present motion has failed to demonstrate that the addition of another law firm will result in a collective lightening of the workload for the similarly situated plaintiffs. Rather, the motion presents reasons to believe that adding Cotchett, Pitre & McCarthy will be inefficient and unnecessarily costly to the proposed class. In the absence of agreement from interim co-lead counsel or concrete reasons as to how the addition of Cotchett, Pitre & McCarthy (or any other firm) is likely to decrease costs, create efficiencies, or otherwise materially benefit the proposed class, the court finds that "maintaining the current leadership structure best serves judicial economy and efficiency." *Craig v. FedEx Ground Package Sys. (In re FedEx Ground Package Sys.)*, No. 3-05-CV-530 RM (KS), 2008 U.S. Dist. LEXIS 65129, at *9 (N.D. Ind. Aug. 22, 2008)

**IT IS THEREFORE ORDERED** that the City of Arcadia's motion to add the

firm of Cotchett, Pitre & McCarthy as interim co-lead class counsel (ECF No. 56; Case No. 25-CV-1543, ECF No. 59; Case No. 25-CV-2005, ECF No. 3) is **denied**.

Dated at Green Bay, Wisconsin this 19th day of February, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge
