**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**GREEN BAY DIVISION**

| | |
|---|---|
| IN RE: FIRE APPARATUS ANTITRUST LITIGATION | Case No. 1:25-cv-01252-BBC<br><br>Hon. Byron B. Conway |

**DEFENDANTS' CIVIL L.R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION FOR EXTENSION OF TIME TO RESPOND TO DIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

Defendants hereby move for an extension of time to respond to Direct Purchaser Plaintiffs' (City of Augusta, City of Philadelphia, The Newstead Fire Company, Inc., and The Metropolitan Government of Nashville & Davidson County) Consolidated Amended Class Action Complaint ("Consolidated Complaint"), from April 1, 2026 to 30 days from the filing of Indirect Purchaser Plaintiffs' consolidated amended complaint or alternatively to May 1, 2026.[*] In support of the motion, Defendants state as follows:

1.      Direct Purchaser Plaintiffs filed their Consolidated Complaint on March 11, 2026. ECF No. 90; *see also* ECF No. 80, Case No. 1:25-cv-01543-BBC. Defendants' current deadline to respond to the Consolidated Complaint is April 1, 2026. *See* ECF No. 77. As of the filing of this motion, Indirect Purchaser Plaintiffs had not filed an amended consolidated complaint.

2.      There is good cause for the requested extension of Defendants' deadline to respond to the Consolidated Complaint under Rule 6(b)(1) for multiple independent reasons.

---

[*] Defendants to the Consolidated Complaint consist of Oshkosh Corporation, Pierce Manufacturing, Inc., REV Group, LLC (formerly REV Group, Inc.), E-ONE, Inc., Ferrara Fire Apparatus, Inc., Kovatch Mobile Equipment Corp., Spartan Fire, LLC, Smeal SFA, LLC, Smeal LTC, LLC, Rosenbauer America, LLC, Rosenbauer South Dakota, LLC, Rosenbauer Minnesota, LLC, AIP, LLC, American Industrial Partners Capital Fund IV, LP, American Industrial Partners Capital Fund IV (Parallel), LP, and AIP/CHC Holdings, LLC.

3.    *First*, an extension of time is necessary to provide time to align Defendants' responses to the Consolidated Complaint and Indirect Purchaser Plaintiffs' forthcoming consolidated amended complaint to maximize efficient briefing of overlapping issues, in accordance with the Court's order consolidating the Direct Purchaser and Indirect Purchaser actions. In that order, the Court instructed that "[c]ounsel are expected to cooperate to maximize efficient case management," including "[c]oordinating motion practice that minimizes duplicative filings." ECF No. 88 ¶ 5. Thus, while "Indirect Purchasers and Direct Purchasers may each file separate respective consolidated complaints," *id.*, Defendants' response deadlines should align to facilitate coordinated briefing of their anticipated motions to dismiss and avoid duplication.

4.    All Plaintiffs' operative complaints are largely based on overlapping factual allegations and claims. Requiring Defendants to respond to Direct Purchaser Plaintiffs' Consolidated Complaint before Indirect Purchaser Plaintiffs' forthcoming consolidated amended complaint—and potentially before Indirect Purchaser Plaintiffs even file that complaint—would result in inefficient and duplicative briefing of overlapping issues. Aligning the deadlines for Defendants' responses would avoid these inefficiencies. Indeed, consistent with the Court's instructions, Defendants intend to engage in "[c]oordinat[ed] motion practice that minimizes duplicative filings." ECF No. 88 ¶ 5. Defendants thus seek to align deadlines so that overlapping issues can be jointly briefed. Moreover, Defendants reasonably require additional time to coordinate their motion practice given the number of Defendants and range of issues.

5.    *Second*, Direct Purchaser Plaintiffs' Consolidated Complaint does not include Plaintiff City of Liberty ("Liberty"), another apparent Direct Purchaser Plaintiff. Liberty's existing complaint was filed "on behalf of a proposed class of direct purchasers" and alleges that Liberty purchased fire trucks "directly from Pierce Manufacturing, Inc." ECF No. 1 at 1 & ¶¶ 15–16, Case

2

No. 1:25-cv-02002-BBC. Indeed, the Court initially consolidated the *Liberty* action with the Direct Purchaser actions at docket no. 1:25-cv-01543-BBC before consolidating all actions. ECF No. 5, Case No. 1:25-cv-02002-BBC. It would be inefficient for Defendants to respond to the Consolidated Complaint when another apparent Direct Purchaser's complaint remains unamended.

6. *Third*, it would be inefficient for Defendants to respond shortly before the Judicial Panel on Multidistrict Litigation ("Panel") is expected to resolve their motion for centralization under 28 U.S.C. § 1407 following its March 26 hearing. If the Panel grants the motion (which is especially likely given that a majority of plaintiffs and all defendants in the related actions support centralization), either all related actions pending in this Court will be transferred to another district, or additional related actions—including direct purchaser actions—will be transferred to this Court. Either way, Direct Purchaser Plaintiffs' Consolidated Complaint will likely be further amended in the near future. Moreover, it is unclear whether a centralized action would be governed by Seventh, Ninth, or Tenth Circuit law given the range of proposed transferee districts. *Cf. In re Korean Air Lines Disaster of Sept. 1, 1983*, 829 F.2d 1171 (D.C. Cir. 1987) (holding that transferee courts apply their own circuit law). For each of these reasons, any Rule 12(b) responses filed before the Panel's decision may need to be re-briefed if the Panel grants centralization. The requested extension is warranted to allow time for the Panel to resolve the motion and to conserve party resources and minimize duplicative filings pending its decision.

7. Defendants attempted to confer with Direct Purchaser Plaintiffs regarding the relief requested herein, but Direct Purchaser Plaintiffs had not responded as of the filing of this motion.

WHEREFORE, Defendants respectfully request that the Court extend their deadline to respond to Direct Purchaser Plaintiffs' Consolidated Complaint to 30 days from the filing of Indirect Purchaser Plaintiffs' consolidated amended complaint or alternatively until May 1, 2026.

Dated: March 18, 2026

Respectfully submitted,

s/ *Daniel T. Flaherty*
Daniel T. Flaherty (Bar No. 1011357)
Godfrey & Kahn S.C.
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202
(414) 273-5198
dflaherty@gklaw.com

Reid Schar (Bar No. 6243821)
Jenner & Block LLP
525 Market Street, 29th Floor
San Francisco, CA 94105
(628) 267-6800
rschar@jenner.com

Douglas E. Litvack (Bar No. 1024973)
Jariel A. Rendell (Bar No. 1027023)
Jenner & Block LLP
1099 New York Avenue, NW, Suite 900
Washington, DC 20001
(202) 637-6357
dlitvack@jenner.com
jrendell@jenner.com

Jacob P. Wentzel (Bar No. 6333530)
Jenner & Block LLP
353 North Clark Street
Chicago, IL 60654
(312) 222-9350
jwentzel@jenner.com

*Counsel for Defendants Oshkosh Corporation
and Pierce Manufacturing, Inc.*

s/ *Daniel J. Vaccaro*
Daniel J. Vaccaro (Bar No. 1018037)
Joseph L. Olson (Bar No. 1046162)
Ena M. Allen (Bar No. 1101342)
Michael Best & Friedrich LLP
790 North Water Street, Suite 2500
Milwaukee, WI 53202
(414) 271-6560
djvccaro@michaelbest.com
jlolson@michaelbest.com

4

ena.allen@michaelbest.com

Arthur J. Burke (Bar No. 1175568)
Davis Polk & Wardwell LLP
450 Lexington Ave
New York, NY 10017
(212) 450-4000
arthur.burke@davispolk.com

Mari Grace (Bar No. 90009858)
Sean Stefanik (Bar No. 5637913)
Davis Polk & Wardwell LLP
1050 17th Street, NW
Washington, DC 20036
(202) 962-7000
mari.grace@davispolk.com
sean.stefanik@davispolk.com

*Counsel for Defendants REV Group, LLC, E-One, Inc., Ferrara Fire Apparatus, Inc., Kovatch Mobile Equipment Corp., Spartan Fire, LLC, Smeal SFA, LLC, and Smeal LTC, LLC*

s/ *David J. Turek*
David J. Turek (Bar No. 1035356)
Joshua S. Greenberg (Bar No. 1107959)
Gass Turek LLC
241 North Broadway, Suite 300
Milwaukee, WI 53202
(414) 224-3445
turek@gassturek.com
greenberg@gassturek.com

Ashley B. Eickhof (Bar No. 307143)
Creighton J. Macy (Bar No. 1002479)
Baker & McKenzie LLP
815 Connecticut Ave NW
Washington, DC 20006
(202) 452-7000
ashley.eickhof@bakermckenzie.com
creighton.macy@bakermckenzie.com

5

*Counsel for Defendants Rosenbauer America, LLC, Rosenbauer South Dakota, LLC, and Rosenbauer Minnesota, LLC*

s/ *Paul C. Cuomo*
Paul C. Cuomo (Bar No. 457793)
Ed Duffy (Bar No. 359847)
Baker Botts LLP
700 K Street NW
Washington, DC 20001
(202) 639-7700
paul.cuomo@bakerbotts.com
ed.duffy@bakerbotts.com

Daniel E. Conley
Matthew J. Splitek
Quarles & Brady LLP
411 East Wisconsin Avenue, Suite 2400
Milwaukee, WI 53202
(414) 277-5000
daniel.conley@quarles.com
matthew.splitek@quarles.com

*Counsel for AIP, LLC, American Industrial Partners Capital Fund IV, LP, American Industrial Partners Capital Fund IV (Parallel), LP, and AIP/CHC Holdings, LLC*