# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
### GREEN BAY DIVISION

|  |  |
|---|---|
| IN RE: FIRE APPARATUS ANTITRUST LIGTIGATION | Case No. 2:26-md-03179-WCG<br><br>Hon. William C. Griesbach |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO CONFIRM INTERIM CO-LEAD CLASS COUNSEL AND INTERIM
## LIAISON CLASS COUNSEL FOR THE DIRECT PURCHASER CLASS

# TABLE OF CONTENTS

I.     INTRODUCTION..................................................................................................................1

II.    BACKGROUND..................................................................................................................5

    A.   The Direct Purchaser Class Cases.................................................................................5

    B.   Direct Purchaser Plaintiffs have successfully organized themselves through private
        ordering and have substantially advanced this litigation ...........................................6

III.   Motion to Appoint Interim Class Counsel for Direct Purchaser Class .......................7

    A.   Legal Standards for Appointing Interim Class Counsel...............................................7

        1.   Interim Co-Lead Class Counsel..............................................................................7

        2.   Interim Liaison Class Counsel...............................................................................10

    B.   Direct Purchaser Plaintiffs' Counsel Unanimously Support Plaintiffs' Motion To Appoint
        Interim Co-Lead And Liaison Class Counsel.............................................................10

    C.   Proposed Interim Class Counsel Have Expended Significant Time and Resources to
        Investigate Plaintiffs' Claims and Have Advanced This Litigation .....................................12

    D.   Proposed Interim Class Counsel Have Extensive Antitrust Class Action Experience .......14

        1.   Barrack, Rodos & Bacine......................................................................................14

        2.   Cuneo Gilbert Flannery & LaDuca, LLP.............................................................14

        3.   Preti, Flaherty, Beliveau & Pachios, LLP ............................................................15

        4.   Saveri Law Firm.....................................................................................................17

        5.   von Briesen & Roper, s.c. ......................................................................................18

    E.   Proposed Interim Class Counsel Have the Resources Necessary to Effectively Prosecute
        This Litigation..............................................................................................................19

    F.   Interim Class Counsel Will Continue to Work Cooperatively With All Counsel...............19

IV.    CONCLUSION .................................................................................................................21

i

# TABLE OF AUTHORITIES

**Cases**            **Page(s)**

*Baker v. Saint-Gobain Performance Plastics Corp.,*
2016 WL 4028974 (N.D.N.Y. July 27, 2016) ........................................................................19

*Bitzko v. Weltman, Weinberg, & Reis Co., LPA ,*
2018 WL 10593815 (N.D.N.Y. May 18, 2018) ........................................................................8

*Donaldson v. Pharmacia Pension Plan*,
2006 WL 1308582 (N.D. Ill. May 10, 2006) ...........................................................................7

*Hill v. The Tribune Co.*,
2005 WL 3299144 (N.D. Ill. Oct. 13, 2005) ............................................................................9

*Ill. Brick Co. v. Ill.*,
431 U.S. 720 (1977) ..............................................................................................................2, 12

*In re Air Cargo Shipping Servs. Antitrust Litig.,*
240 F.R.D. (E.D.N.Y. 2006) ....................................................................................................9

*In re Cmty. Bank of N. Virginia Mortgage Lending Practices Litig.*,
2011 WL 4382942 (W.D. Pa. Sept. 20, 2011)………………………………………………...11

*In re Delphi ERISA Litig.*,
230 F.R.D. 496 (E.D. Mich. 2005) .......................................................................................9, 10

*In re Forefront Data Breach Litig.*,
2022 WL 20690780 (E.D. Wis. Jan. 27, 2022) ........................................................................8

*In re Generac Solar Power Sys. Mktg., Sales Pracs., & Prods. Liab. Litig. ,*
2023 WL 5878523 (E.D. Wis. July 18, 2023) ..........................................................................8

*In re Johnson Controls, Inc. Data Incident Litig.*,
2025 WL 3063459 (E.D. Wis. Oct. 3, 2025) ............................................................................8

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig. ,*
2006 WL 2038650 (E.D.N.Y. Feb. 24, 2006) ..........................................................................8

*In re Third Circuit Task Force on the Selection of Class Counsel*,
208 F.R.D. 340 (3d Cir. 2002) ...............................................................................................11

*Smith v. State Farm Mut. Auto. Ins. Co.*,
301 F.R.D. 284 (N.D. Ill. 2014) ......................................................................................8, 9, 10

*United Wis. Servs. v. Abbott Lab'ys (In re Terazosin Hydrochloride Antitrust Litig.) (In re Terazosin Hydrochloride Antitrust Litig.)*,
220 F.R.D. 672 (S.D. Fla. 2004) .........................................................................................9, 10

Case 1:25-cv-01252-WCG     Filed 05/01/26     Page 3 of 27     Document 134

*Walker v. Discover Fin. Servs.*,
  No. 10-CV-6994, 2011 WL 2160889 (N.D. Ill. May 26, 2011) ...........................................10, 12

**Statutes**

15 U.S.C. § 1 ...........................................................................................................................5

15 U.S.C. § 18 ...............................................................................................................4, 5, 13

28 U.S.C. § 1404 ...................................................................................................................11

**Rules**

Fed. R. Civ. P. 23 ..................................................................................................... *passim*

**Other**

Charles Alan Wright, et al., *Federal Practice and Procedure* § 1802.3 (3d ed. 2005)………….10

Manual for Complex Litigation (Fourth) (2004)

§ 10.221 ..............................................................................................................................8, 10

§ 10.224 ..........................................................................................................................8, 11, 20

§ 21.11 ................................................................................................................................1, 8, 9

§ 21.272 ..............................................................................................................................8, 11

Moore's Federal Practice § 23.120[3][a] (2007)……………………………………..………….12

Case 1:25-cv-01252-WCG    Filed 05/01/26    Page 4 of 27    Document 134

Direct Purchaser Plaintiffs[1] City of Augusta, The Newstead Fire Co., Inc., City of Philadelphia, City of Revere, City of Chelsea, and Borough of Roseland (collectively, "Direct Purchaser Plaintiffs" or "DPPs") move, pursuant to Federal Rule of Civil Procedure 23(g), for an order confirming the previous appointment of Barrack, Rodos & Bacine ("BRB"), Cuneo Gilbert Flannery & LaDuca, LLP ("CGFL"), Preti, Flaherty, Beliveau & Pachios, LLP ("Preti"), and the Saveri Law Firm ("SLF") as interim co-lead class counsel and von Briesen & Roper, s.c. ("von Briesen") as interim liaison class counsel for the direct purchaser class.[2] Confirming that appointment will ensure continued efficient and effective management of the direct purchaser class claims and further, the efficient case management of these multidistrict proceedings. *See* Fed R. Civ Pro. 1; Manual for Complex Litigation (Fourth) § 21.11, at 246-47 (2004) ("Manual").

## I.      INTRODUCTION

Consistent with Fed. R. Civ. P. 23(g), sound principles of case management and organization, and this Court's order of April 10, 2026 (ECF 2), all Direct Purchaser Plaintiffs unanimously request that the Court appoint interim co-lead class counsel and liaison class counsel for the direct purchaser class.  As demonstrated by the organization and advancement of the direct purchaser class claims to date, the interim appointment under Federal Rule of Civil Procedure 23(g) will continue to promote efficient and effective litigation. It will ensure the adoption of a

---

[1] This term is used as defined within the Consolidated Class Action Complaint filed on March 11, 2026 at docket number 1:25-cv-01252 (ECF 90), which also includes as a named plaintiff The Metropolitan Government of Nashville & Davidson County. Direct Purchaser Plaintiffs also include: City of Revere, City of Chelsea, and Borough of Roseland, which plaintiffs' actions were transferred to this Court on April 2, 2026 by the Judicial Panel on Multidistrict Litigation. (ECF 1).

[2] No class has yet been certified. All references to "direct purchaser class" refers to a putative or proposed class of direct purchasers. Any failure to include such qualifying language should not be viewed as presumption.

master litigation schedule, including resolving pleadings, jurisdiction, discovery, class certification, dispositive motions, and trial. This will include coordination with counsel for the indirect purchaser class action. It will also allow coordination with counsel for the related individual plaintiff actions (non-class actions) that are also part of this MDL.[3]

Counsel for the direct purchaser plaintiffs have engaged in extensive negotiations and discussions regarding leadership of the direct purchaser class cases and case management. Those discussions have been fruitful. There is unanimous agreement between all counsel for the DPPs to the leadership structure set forth in this motion. This leadership structure was previously set by the Honorable Byron B. Conway.[4] Since that time, counsel for the direct purchaser plaintiffs have operated cohesively and cooperatively to advance the case. The DPP's respectfully request that the Court confirm or approve the same leadership structure for the class action of direct-purchaser plaintiffs. The DPPs bring this motion to continue the orderly progress of the litigation to date.

The four firms seeking confirmation or re-appointment as interim co-lead counsel for the direct purchaser class are well qualified to serve, and von Briesen is well qualified to serve as interim liaison class counsel. These firms represent leaders of the plaintiffs' antitrust bar across the United States. They each have demonstrated track records of expertise, experience, resources, and capacity to provide expert counsel for the class, and to lead and manage complex antitrust litigation of this type. See generally, Joint Declaration of Jeffrey A. Barrack, Michael J. Flannery, Gregory

---

[3] The direct purchaser plaintiffs assert damage claims exclusively under federal antitrust law. The Direct Purchaser Plaintiffs brings these claims on behalf of a class of similarly situated direct purchasers. Generally speaking, indirect purchasers do not have standing to sue for damages under federal antitrust law. *See Illinois Brick v. State of Illinois*, 431 U.S. 720 (1977) (a direct purchaser is a person or entity who buys the relevant product (*e.g.*, the price-fixed product) directly from the alleged violator). An indirect purchaser buys the product somewhere down the chain, for example, through a middleman.

[4] See, 1:25-cv-01543 (E.D. Wis.) (ECF 19, 56 [text order only]). See also, Joint Declaration of Counsel, at ¶ 5, 11 & Ex. 1 and 5.

P. Hansel, and Joseph R. Saveri ("Counsel Decl."). For example, Preti and CGFL successfully prosecuted *In re Automotive Parts Antitrust Litigation* (MDL 2311) (E.D. Mich.). As one of the Co-Lead Counsel for the direct purchaser class, Preti recovered over $300 million. As one of the Co-Lead Counsel for the automobile dealer class, CGFL achieved recoveries totaling over $400 million. BRB successfully prosecuted *In re Flat Glass Antitrust Litigation* (MDL No. 1200) (E.D. Pa.) as co-lead counsel, recovering more than $120 million for the class. Among other successful antitrust and others class actions, SLF served as sole lead counsel for the direct purchaser class in the *In re Capacitors Antitrust Litigation*, a multidistrict litigation involving a global antitrust cartel, which ultimately resulted in two trials and recovery of $660 million, approximately 120% of single damages.

This group of firms with their track record of success are highly qualified and fully prepared to lead this litigation on behalf of the class of direct purchasers. Moreover, each firm and class representative among the direct purchasers brings unique strengths. BRB represents the City of Philadelphia, the sixth largest city in the U.S., which, according to the DPP's Consolidated Class Action Complaint ("DPP CAC"),[5] has made significantly more direct purchases than any other named plaintiff representing a class of direct or indirect purchasers of Fire Apparatus during the asserted class period in this litigation.[6] The Preti and CGFL firms were the first to file class actions

---

[5] 1:25-cv-01543 (E.D. Wis.) (ECF 90 at ¶¶ 13, 14). Although filed prior to consolidation, Plaintiffs City of Revere, City of Chelsea, and Borough of Roseland offered input into the DPP CAC. Counsel Decl. at ¶ 16.

[6] As the sixth largest City in the United States, Philadelphia may, in fact, be the municipality with the greatest number of direct purchases from a Manufacturer Defendant during the class period. *County* of Los Angeles, which includes more than the City of Los Angeles, has filed a non-class action and does not differentiate between direct and indirect purchases in its complaint. Regardless, no *class action* in this MDL has been brought to date on behalf of a municipality larger than Philadelphia and no action other than the individual action brought by County of Los Angeles identifies more direct or indirect purchases made than the number of direct purchases made by City of Philadelphia.

in this case specifically on behalf of a proposed class of direct purchasers. Since then, and prior to MDL coordination, these firms have conferred with plaintiffs' counsel for all known direct purchaser actions, including those previously initiated in other district courts, to secure agreement with this leadership structure. That included moving to modify the originally approved leadership order to include The Saveri Law Firm ("SLF") as interim co-lead counsel. That modification was ordered on December 29, 2025. 1:25-cv-01543 (E.D. Wis.) (ECF 51, 56). SLF's client, the City of Revere, whose direct purchaser class complaint was initiated in the District of Massachusetts, is the first of any fire apparatus complaint filed for any class or individual municipality to assert violations of Section 7 of the Clayton Act, 15 U.S.C. § 18, against the private equity defendants for their series of roll-up acquisitions and involvement. *See,* 1:15-cv-13462 (D. Mass.) (ECF 1).

Following their appointment as interim co-lead counsel for the direct purchaser class in 2025, these firms have substantially advanced the litigation. They communicated with all defense counsel to facilitate the scheduling for the filing of a consolidated amended complaint and have coordinated with counsel for the indirect purchaser class. They have already filed a consolidated complaint, and had previously negotiated with Defendants a date for filing responsive pleadings or motions. Their day-to-day leadership has continued since the MDL consolidation with respect to all direct purchaser actions in coordination with the other cases on file.

To be clear: all direct purchaser class plaintiffs and their counsel unanimously agree to the organizational structure proposed in this motion. Counsel Decl., at ¶ 11. In fact, all direct purchaser plaintiffs and their counsel have been conducting themselves consistent with this order since the initial order of appointment by Judge Conway. There is no reason to disturb it.

4

## II. BACKGROUND

### A. The Direct Purchaser Class Cases

*In Re: Fire Apparatus Antitrust Litigation,* was initiated in this Court in August 2025 when a class action lawsuit was filed on behalf of City of La Crosse, Wisconsin and a similarly situated class of indirect purchasers. *See,* 1:25-cv-01252 (E.D. Wis.) (ECF 1). Shortly thereafter, a class action lawsuit was filed on behalf of City of Augusta and a similarly situated class of direct purchasers. *See,* 1:25-cv-01543 (E.D. Wis.) (ECF 1). In brief the DPP CAC, asserted claims on behalf of a similarly situated class of all direct purchasers of Fire Trucks from the manufacturer Defendants[7] from January 1, 2016 to the present. The gravamen of that complaint, along with all other cases filed subsequently, is that the Manufacturer Defendants conspired and colluded with each other and with other co-conspirators to artificially fix, raise and maintain prices of Fire Apparatus, in violation of Section One of the Sherman Act, 15 U.S.C. § 1. Plaintiffs seek damages measured by the amount they overpaid above the prices that would have prevailed, but for the illegal conduct.[8] The CAC also makes claims that a series of targeted merger transactions impermissibly attempted to restrain trade by substantially reducing competition in the market, in violation of Section Seven of the Clayton Act, 15 U.S.C. § 18. While there is significant overlap between the claims set forth in the DPP CAC and the CAC filed on behalf of the indirect purchaser

---

[7] Manufacturer Defendants are: Oshkosh Corporation; Pierce Manufacturing, Inc.; REV Group, LLC (formerly, REV Group, Inc.); E-ONE, Inc.; Ferrara Fire Apparatus, Inc.; Kovatch Mobile Equipment Corp.; Spartan Fire, LLC; Smeal SFA, LLC; Smeal LTC, LLC; Rosenbauer America LLC; Rosenbauer South Dakota, LLC; Rosenbauer Minnesota, LLC.

[8] As noted at the outset, this motion for appointment of lead and liaison counsel only pertains to the direct purchaser plaintiff cases. This Court also previously appointed interim co-lead counsel for a putative class of indirect purchasers. This multidistrict proceeding includes these consolidated classes and additional cases filed on behalf of an indirect purchaser class filed in this and other districts and numerous other tag-along cases filed on behalf of individual municipalities (non-class actions) within and outside of this district. These actions have been, or will be transferred and consolidated in this District for pretrial proceedings.

class, each CAC names certain defendants not named by the other class, and the claims are not entirely the same. For example, the DPP CAC states claims under the Clayton Act and the indirect purchaser CAC does not.  Counsel Decl. at ¶ 16.

**B.      Direct Purchaser Plaintiffs have successfully organized themselves through private ordering and have substantially advanced this litigation**

By November 20, 2025, there were three total direct purchaser actions filed in this District. As recommended by the Manual for Complex Litigation, through privately ordered discussions, counsel for the direct purchaser plaintiffs organized themselves and moved for consolidation and appointment of interim co-lead class counsel and interim liaison counsel for the putative DPP class. *See,* 1:25-cv-01543 (E.D. Wis.) (ECF 14-18). That motion was granted on November 25, 2025. *See,* 1:25-cv-01543 (E.D. Wis.) (ECF 19).

On November 19, 2025, City of Revere filed a related complaint in the District of Massachusetts on behalf of a direct purchaser class. In December 2025, City of Chelsea filed another related complaint in the District of Massachusetts on behalf of a direct purchaser class and Borough of Roseland filed a direct purchaser class action in the District of New Jersey ("Out of District DPP Cases"). On January 15, 2026, the Defendants filed a petition for consolidation and transfer with the Judicial Panel on Multidistrict Litigation, which was granted by the Panel on April 2, 2026. (ECF 1).  Pursuant to the MDL Order, the Out of District DPP cases were transferred to this Court. To date, although there have been roughly twenty additional related lawsuits filed, there are no others filed on behalf of a direct purchaser class.

While the petition for multidistrict litigation consolidation was pending, the moving counsel coordinated with Defendants and with counsel for the putative indirect purchaser plaintiff class to facilitate scheduling of certain initial deadlines, such as for the filing of the DPP CAC, to coordinate a response to the petition for multidistrict coordination, and to respond to certain

motions the Defendants filed in this Court. Following transfer, moving counsel worked diligently to facilitate a coordinated plaintiffs' statement of position when meeting and conferring with Defendants in response to the Court's Order of April 10, 2026. (ECF 2).

Previously appointed interim lead counsel for direct purchaser plaintiffs met and conferred with previously appointed counsel for the separate class of *indirect* purchaser plaintiffs then pending in this Court to coordinate with defendants on a stipulation for each of the two plaintiff groups to file its own consolidated amended complaint, followed by a uniform date for defendants to respond to the consolidated amended complaints. The DPP CAC was filed on March 11, 2026 at 1:25-cv-01252 (E.D. Wis.) (ECF 90) and the Indirect Purchaser Plaintiffs filed a consolidated indirect purchaser class complaint on March 23, 2026 at 1:25-cv-01252 (E.D. Wis.) (ECF 94). Since the Panel coordinated this MDL, BRB, CGFL, Preti, and SLF have been working together with the previously appointed co-lead counsel for the putative indirect purchaser class, to streamline the case and promote judicial economy.

## III.     Motion to Appoint Interim Class Counsel for Direct Purchaser Class

### A.     Legal Standards for Appointing Interim Class Counsel

#### 1.     Interim Co-Lead Class Counsel

Federal Rule of Civil Procedure 23(g)(3) provides that the "court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3); *see also Donaldson v. Pharmacia Pension Plan*, No. 06-3-GPM, 2006 WL 1308582, at *1 (N.D. Ill. May 10, 2006). Appointing interim class counsel is appropriate where, as here, there are "a number of overlapping, duplicative, or competing suits" because "designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual for

Complex Litigation (Fourth) § 21.11, at 246-47 (2004) ("Manual"); *see also Smith v. State Farm Mut. Auto. Ins. Co.*, 301 F.R.D. 284, 288 (N.D. Ill. 2014). One purpose of appointing interim lead counsel is to "foster efficiency in case management regarding discovery and potential resolution of the claims." *Bitzko v. Weltman, Weinberg, & Reis Co., LPA,* 2018 WL 10593815, *1 (N.D.N.Y. May 18, 2018). Motions to appoint interim co-lead counsel in complex class action matters, before any class is certified, are routinely granted in this district. *See, e.g.*, *In re Forefront Data Breach Litig.*, No. 21-CV-1105, 2022 WL 20690780 (E.D. Wis. Jan. 27, 2022); *In re Generac Solar Power Sys. Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. 23-MD-3078, 2023 WL 5878523 (E.D. Wis. July 18, 2023); *In re Johnson Controls, Inc. Data Incident Litig.*, No. 25-CV-0955, 2025 WL 3063459 (E.D. Wis. Oct. 3, 2025).

In *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 2006 WL 2038650, at *2 (E.D.N.Y. Feb. 24, 2006), the court observed that "[t]he appointment of lead counsel is recognized as a useful and helpful way to avoid duplication of effort and a means to streamline what could otherwise be inefficient and unruly proceedings." The court also noted that "the Manual…counsels that in making such an appointment, [the court] should consider such factors as the qualification and competence of counsel, the ability of counsel to fairly represent diverse interests, and the attorneys' ability to command the respect of their colleagues and work cooperatively with opposing counsel and court." *Id*.

Early selection of interim class counsel in the litigation process has important benefits, such as providing for "efficiency and economy without jeopardizing fairness to the parties." *Manual* § 10.221. Appointing interim class counsel assists a court in organizing the case and promotes orderly and efficient litigation. *See generally, id*. §§ 10.224, 21.272. The "designation of interim [class] counsel clarifies responsibility for protecting the interests of the class during

precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Id*. § 21.11. Interim class counsel is responsible for acting on behalf of the class, so a court strives to select qualified interim class counsel who can represent the class fairly and adequately during all phases of the litigation. Fed. R. Civ. P. 23(g)(4); *In re Air Cargo Shipping Servs. Antitrust Litig., 240 F.R.D.* 56, 57 (E.D.N.Y. 2006) (quoting the Manual).

Direct Purchaser Plaintiffs have already filed a consolidated amended complaint. 1:25-cv-01252 (E.D. Wis.) (ECF 90). As noted, the DPP CAC exclusively asserts federal antitrust claims under the Sherman Act and the Clayton Act. By contrast, the claims stated in the CAC filed by the indirect purchaser plaintiff class are materially different. Counsel Decl., ¶ 16. Under the circumstances, each class requires appointment of its own co-lead counsel.

Interim lead class counsel must "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B); *In re Delphi ERISA Litig.*, 230 F.R.D. 496, 498 (E.D. Mich. 2005); *see also Hill v. The Tribune Co.*, No. 05-2602, 2005 WL 3299144, at *3 (N.D. Ill. Oct. 13, 2005). In selecting interim lead class counsel, this Court must consider: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. *See* Fed. R. Civ. P. 23(g)(1)(A); *Smith*, 301 F.R.D. at 288; *Hill*, 2005 WL 3299144, at *3. Other pertinent factors include any matter that is relevant to "counsel's ability to fairly and adequately represent the interests of the class." *Smith*, 301 F.R.D. at 288; *In re Delphi*, 230 F.R.D. at 498. Typically, proposed counsel's knowledge and experience are "[t]he consideration that the Court finds to be most persuasive" in selecting lead counsel. *In re Terazosin Hydrochloride*

*Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004). Though these various factors pertain to the selection of class counsel upon class certification, courts appointing interim class counsel before certification apply these same factors. *See Smith*, 301 F.R.D. at 288; *In re Delphi*, 230 F.R.D. at 498.

"In determining lead counsel, a court should conduct an independent review to ensure that counsel appointed to leading roles is qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." *In re Delphi*, 230 F.R.D. at 498 (citation omitted). No single factor is determinative; instead, a court should appoint counsel after evaluating all relevant considerations and comparing the applicants' relative strengths. *See* Fed. R. Civ. P. 23(g)(1)(A)-(B); *Walker v. Discover Fin. Servs.*, No. 10-CV-6994, 2011 WL 2160889, at *3 (N.D. Ill. May 26, 2011); *In re Delphi*, 230 F.R.D. at 498; 7B Charles Alan Wright, et al., *Federal Practice and Procedure* § 1802.3 (3d ed. 2005).

### 2. Interim Liaison Class Counsel

The Manual also discusses the role and function of liaison counsel. The *Manual* describes liaison counsel as being "[c]harged with essentially administrative matters, such as communications between the court and other counsel (including receiving and distributing notices, orders, motions, and briefs on behalf of the group), convening meetings of counsel. advising parties of developments, and otherwise assisting in the coordination of activities and positions." *Manual* § 10.221. As noted in the Manual, because of the type of responsibilities that are undertaken, liaison counsel usually has an office in the same location as the court. *Id*.

### B. Direct Purchaser Plaintiffs' Counsel Unanimously Support Plaintiffs' Motion To Appoint Interim Co-Lead And Liaison Class Counsel

"Private ordering," that is, the court's review of the consensus among plaintiffs as to who should serve as interim lead and liaison class counsel, is the preferred and most common method

for selecting interim class counsel and is strongly encouraged by the Manual. *See* Manual, §§ 10.22, 21.272, at 279-80. The purpose is to accomplish optimal and efficient representation of the proposed class members. Appointing interim counsel to act as the leadership group reflects the consensus of those whose interests are affected--a consensus that is entitled to judicial deference. *See, e.g.*, *In re Foundry Resins Antitrust Litig.*, Case No. 2:04-md-1638, Order Appointing Interim Co-Lead Counsel, ECF 25 (S.D. Ohio 2004) (Appointing co-lead counsel that had support of 88% of the class plaintiffs). Under the private-ordering approach, counsel agree on who would best serve as interim class counsel, and the court reviews the selection to "ensure that counsel selected is adequate to represent the class interests." *Id*. Where, as here, experienced plaintiffs' counsel unanimously agree to the appointment of certain firms, such counsel are generally considered to be well-suited to serve as interim class counsel. *See In re Cmty. Bank of N. Virginia Mortgage Lending Practices Litig.*, No. CIV.A. 02-1201, 2011 WL 4382942, at *2 (W.D. Pa. Sept. 20, 2011) ("the private ordering method of selecting interim lead counsel has long been the preferred approach") (citing *Report of the Third Circuit Task Force, Selection of Class Counsel*, 208 F.R.D. 340, 416 (2002)); *see also* Manual for Complex Litigation, § 10.224, at 27 (stating that "the attorneys' ability to command the respect of their colleagues and work cooperatively with opposing counsel and the court" is an important factor in selecting class counsel).

Significantly, private ordering has included the Saveri law Firm. The Saveri Law Firm represents the City of Revere, whose complaint was originally filed in the United Strict Court for the District of Massachusetts. Based on discussions with counsel for the Direct Purchaser Plaintiffs who had originally filed in this Court, and in the interests of efficient and sound case management, City of Revere moved under 28 U.S.C. § 1404 to transfer the cases to this District and to work cooperatively with counsel for the cases then pending in this Court well before

Defendants filed their motion to transfer this fire apparatus antitrust litigation to an MDL. This has also born fruit. Saveri law Firm members have been valuable members of the leadership team, contributing its experience in managing and prosecuting antitrust class actions and other complex litigation.

Here, all current direct purchaser plaintiffs' counsel unanimously support the proposed structure. *See* Counsel Decl., ¶ 11. The Court should give significant weight to that unanimous support.

**C.      Proposed Interim Class Counsel Have Expended Significant Time and Resources to Investigate Plaintiffs' Claims and Have Advanced This Litigation**

Proposed interim class counsel have already taken significant steps to identify and investigate direct purchaser plaintiffs' claims and to advance this litigation. Among other things, they have prepared and filed the DPP CAC. Counsel Decl., ¶¶ 16, 18. "One factor a court may consider is whether an attorney has undertaken 'the process of drafting the complaint [which] requires investigatory and analytical effort.'" *Walker*, 2011 WL 2160889, at *3 (quoting Moore's Federal Practice § 23.120[3][a] (2007) and appointing as interim lead counsel the firms that had filed the first class action complaints and had performed the most work in identifying and investigating potential claims). Proposed interim class counsel have done just that on behalf of Direct Purchaser Plaintiffs.

In investigating and researching the direct purchaser actions, previously appointed interim co-lead and liaison counsel analyzed the market for fire trucks, including the structure of the market for direct sales by Manufacturer Defendants to fire departments. Such transactions are factually, economically, and legally distinct from indirect sales, such as sales through emergency vehicle dealers or sales of second-hand Fire Apparatus. *See Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977). In addition, the direct purchaser class seeks relief for Defendants' violation of Section

12

7 of the Clayton Act, 15 U.S.C. § 18. The indirect purchasers make no such claim. Counsel Decl., at ¶ 16.

These differences in the nature and scope of the claims by the different plaintiffs' groups result in important case management distinctions. Pleadings issues derived from the different sources of law are not in common between direct and indirect purchaser classes. Likewise, discovery will likely have different areas of focus. While all plaintiffs, whether direct purchasers, indirect purchasers, or individual non-class plaintiff actions, will generally share a common interest in developing proof of a conspiracy and anticompetitive conduct, there will be important differences requiring separate representation and discovery of facts supporting certain claims made by direct purchasers that are not made by indirect purchasers and *vice versa*. For example, indirect purchasers may require different evidence regarding their state law claims, including the extent to which overcharges paid directly by direct purchasers or others in the chain of distribution are passed to them. Because direct purchasers are not subject to a pass-on defense, they have no interest in such discovery. Accordingly, where there is dissimilarity in the claims asserted, direct purchasers and indirect purchasers will separately brief respective class certification motions to address the application of Rule 23 as applied to the claims made in each consolidated class complaint, and will, therefore retain their own experts and will conduct expert discovery tailored to the needs of the respective classes.

Since being first appointed in late 2025, interim co-lead counsel for the direct purchaser class have operated cohesively between and among themselves. They have also coordinated and collaborated with plaintiffs' counsel in the indirect purchaser cases, with counsel for the individual plaintiff actions, and with counsel for the numerous Defendants, each with, for the most part, distinct counsel, to efficiently and effectively advance this litigation. *See* Counsel Decl., ¶ 18.

**D.    Proposed Interim Class Counsel Have Extensive Antitrust Class Action Experience**

Proposed interim co-lead and liaison class counsel have extensive experience in successfully prosecuting antitrust class actions and other complex litigation nationwide.

**1.    Barrack, Rodos & Bacine**

BRB, a leader in antitrust litigation since 1976, has significant depth, experience, and resources in litigating complex class action cases, including antitrust class actions. BRB has held leadership positions in antitrust, securities, and consumer antitrust class actions, having been appointed by courts throughout the United States and having recovered more than $15 billion for its clients, including achieving several class action settlements above $1 billion.

Significant representative results in antitrust cases in which the Firm held a co-lead counsel position (unless otherwise noted) include: *Thomas & Thomas Rodmakers, Inc. v. Newport Adhesives and Composites, Inc., et al*., $67.5 million settlement); *In re Graphite Electrodes Antitrust Litigation* (settlements exceeded $133 million); *In re Citric Acid Antitrust Litigation*,( > $80 million recovered); *In re Sorbates Antitrust Litigation*, ( > $80 million recovered); *In re Automotive Refinishing Paint Antitrust Litigation*, ( > $105 million in settlements); *In re Flat Glass Antitrust Litigation*,  (>$120 million recovered); *In re Polypropylene and Nylon Carpet Antitrust Litigation*, ($50 million in settlements); and *In re Vitamins Antitrust Litigation*, (served on Executive Committee), (settlements > $1 billion).  For additional information regarding BRB's experience and success in antitrust and other complex class action litigation matters, *see,* BRB Firm Biography.  Counsel Decl., at ¶ 6 & Ex. 2.

**2.    Cuneo Gilbert Flannery & LaDuca, LLP**

CGFL is based in Washington, DC with additional offices in St. Louis, Missouri, Brooklyn, New York, Nashville, Tennessee and Minneapolis, Minnesota. CGFL represents clients in complex

liability and class action litigation involving antitrust, securities, corporate governance, consumer protection, and products liability.  Counsel Decl., ¶ 7 & Ex. 3.

CGFL is a lead counsel in numerous recent multidistrict antitrust litigation actions, including *In re Packaged Seafood Products Antitrust Litig.*, Case No. 15-md-02670 DMS(MSB) (S.D. Cal.) (appointed sole lead counsel on behalf of certified class of commercial indirect purchasers); *In re Cattle and Beef Antitrust Litig.*, Case No. 22-md-03031 (D. Minn.) (appointed as co-lead counsel representing a putative class of commercial indirect purchasers of beef);  *In re Pork Antitrust Litig.*, Case No. 18-cv-1776-JRT-HB (D. Minn.) (appointed as co-lead counsel representing a certified class of commercial indirect purchasers of pork); *In re Turkey Antitrust Litig.*, Case No. 20-cv-02295 (N.D. Ill.) (appointed as co-lead counsel for a certified class of commercial indirect purchasers of turkey); *In re Generic Pharmaceuticals Pricing Antitrust Litig.*, Case No. 16-md-2724 (E.D. Pa.) (representing a putative class of indirect purchaser pharmacy resellers bringing indirect purchaser actions against drug manufacturers); *In re Fragrance Indirect Purchaser Antitrust Litig.*, No. 23-cv-3249 (WJM) (JSA) (D.N.J.) (appointed co-lead counsel for commercial indirect purchaser plaintiffs); *In re Concrete & Cement Additives Antitrust Litig.*, No. 1:24-md-03097-LJL (S.D.N.Y.) (appointed co-lead counsel for indirect purchasers); and *In re Granulated Sugar Antitrust Litig.*, MDL No. 24-3110 (JWB/DTS) (appointed co-lead counsel for commercial indirect purchasers).  Counsel Decl., ¶ 7 & Ex. 3.

### 3.      Preti, Flaherty, Beliveau & Pachios, LLP

Preti is an 80-lawyer, full service commercial law firm with offices in Massachusetts, Maine, and New Hampshire.  It has represented plaintiffs and defendants, including many Fortune 500 corporations, in class actions and other complex litigation. Courts have recognized the firm's capabilities by appointing it to leadership positions in recent complex antitrust and multidistrict class actions: *In re Automotive Parts Antitrust Litigation,* MDL 2311 (D.Mich.) (Co-Lead Counsel

for settlement classes of direct purchasers achieving over $300 million in recoveries); *Pro Slab, Inc. et al. v. Argos USA LLC, et al.,* Case No. 2:17-cv-03185-BHH (D.S.C.) (Co-Lead Counsel for direct purchaser class, $19 million in partial class settlements to date); *Iowa Ready-Mix Concrete Antitrust Litig.,* No. C 10-4038-MWB (N.D. Iowa) (Co-Lead Counsel for direct purchaser class, Court approved settlement of $18.5 million); *In re Marine Hose Antitrust Litig.,* MDL Docket No. 1888 (S.D. Fla.) (Co-Lead Counsel for direct purchaser class, settlements of $32 million); *In re Foundry Resins Antitrust Litig.,* MDL Docket No. 1638 (S.D. Ohio) (Co-Lead Counsel for direct purchaser class, settlements of $14 million); and *Blind Builders USA Inc.* v. *Royal Window Coverings (USA) L.P. ("Window Coverings Antitrust Litigation")*, Case No. 07-1387 (E.D. Pa.). The firm was also appointed Liaison Counsel in *In re Compact Disc Minimum Advertised Price Antitrust Litig.,* MDL No. 1361 (D. Maine) ($143 million in settlements); and a member of the Executive Committees in *In re Apple Inc. Smartphone Antitrust Litigation*, 2:24-md-03113 (D. N.J.) (representing indirect purchaser class); *In re: Farm-Raised Salmon and Salmon Products Antitrust Litigation*, Case No. 19-21551-CIV (S.D. Fla.) (Direct purchaser settlements of $85 million) and *In re Chocolate Confectionary Antitrust Litig.,* MDL No. 1935 (M.D. Pa.).  See, Counsel Dec., at ¶ 8 & Ex. 4.

The firm has been praised for its straightforward and efficient approach to litigation. In *Iowa Ready-Mix Concrete,* Judge Bennett stated that "[t]hrough their extremely skilled and efficient efforts, class counsel marshaled sufficient evidence and archived settlements that were highly favorable to the class members, all within a year and a half of the original case filing." Order, November 9, 2011. The court went on to say the case was "a model for the nation that class actions can, indeed, work exactly as Congress and the federal courts intended" and "[t]his case has been to me what it was like when I stood before da Vinci's 'Mona Lisa' and Michelangelo's

'David,' observing the great masters' works." In *Window Coverings,* Co-Lead Counsel Preti was recognized by Judge Diamond for the quality and efficiency of their work. He wrote: "Plaintiffs' Counsel showed consummate skill and efficiency in prosecuting this case – the settlement...they obtained illustrates their ability." Order on Motion for Attorneys' Fees, Expenses and Incentive Awards, November 29, 2007. In approving a $14.2 million antitrust class action settlement in a case in which Preti Flaherty was one of the Lead Counsel, Judge Frost of the Southern District of Ohio commented, "I wouldn't have ever thought that this case would have proceeded along as smoothly as it did." *In re Foundry Resins Antitrust Litig,* MDL No. 1638, Transcript of hearing on final approval of settlement, March 28, 2008 at 32.  Counsel Decl., at ¶ 8 & Ex. 4.

### 4.    Saveri Law Firm

The Saveri Law Firm is a nationwide law firm with main offices in San Francisco, California and New York, New York. Joseph Saveri, who leads SLF, is one of the nation's leading antitrust lawyers. Over the past thirty five years, Mr. Saveri has developed and led several of the nation's most significant and groundbreaking cases. In so doing, he has achieved record results for his clients. He has handled all phases of complex litigation, including discovery, expert discovery, class certification, summary judgment, trial and post trial proceedings. His skill in negotiations has resolved many cases before, during, or after trials. This included litigation against Apple, Google, Intel, Adobe Systems, Pixar, Lucasfilm, and other tech companies for illegally agreeing not to poach each other's employees; a class action representing direct purchasers in price-fixing claims against thin-film-transistor liquid-crystal display manufacturers; a class action lawsuit on behalf of consumers and others against Bayer for exclusionary drug pricing agreements involving the generic version of the drug Cipro; a class action on behalf of cheer families against Varsity and the USASF governing body for conspiring to monopolize the sport of cheer; and another landmark class action against diamond company De Beers SA for monopolizing the rough diamond trade.

He also served as lead counsel in other state and federal trials involving brand-name prescription drug price-fixing and the pharmaceutical industry. Courts across the United States have appointed him and the firm to leadership positions in important antitrust cases, class actions, and other complex litigation. Mr. Saveri is also a frequent author of articles on antitrust and complex litigation issues, and lectures on a variety of matters, including antitrust, complex litigation, class action practice, generative artificial intelligence, and discovery. From 2010 through 2013, Joe served as a Lawyer Representative for the United States District Court for the Northern District of California and the Ninth Circuit Court of Appeals. SLF has been appointed to serve as Lead Counsel or Co-Lead Counsel in federal and state courts throughout the United States. Recent examples include:

- *In re: Visa Debit Card Antitrust Litigation*, No. 1:24-cv-07435 (S.D.N.Y.)

- *Le v. Zuffa, LLC*, No. 2:15-cv-01045 (D. Nev.) (Ultimate Fighting Championship "UFC" litigation)

- *Jones v. Varsity Brands, LLC*, No. 20-cv-02892 (W.D. Tenn.)

- *In re Capacitors Antitrust Litig.*, No. 3:14-cv-03264-JD (N.D. Cal.)

- *In re Juul Labs, Inc. Antitrust Litig.*, No. 3:20-02345-WHO (N.D. Cal.)

- *In re Outpatient Medical Center,* No. 1:21-cv-00305 (N.D. Ill.)

A description of the law firm, biographical information of SLF's lawyers, the accolades and honors earned by SLF, and a description of JSLF's practice and cases can be found at www.saverilawfirm.com. Counsel Decl., at ¶ 12 & Ex. 6.

### 5. von Briesen & Roper, s.c.

von Briesen & Roper and is well-qualified to serve as interim liaison counsel for the direct purchaser plaintiffs. In particular, Beth Kushner, as Senior Counsel in the firm's Litigation and

Risk Management Practice Group, has specific experience in antitrust class actions including *In re Foundry Resins Antitrust Litig.*, MDL Docket No. 1638 (S.D. Ohio). She specializes in complex litigation and has successfully handled a broad range of business and commercial disputes, shareholder disputes, construction matters, antitrust disputes, class actions of all sorts, fraud and RICO cases, employment cases and product liability claims. She has a particular expertise in cases that involve high stakes, and her clients appreciate her creative, pragmatic, and cost-effective approach to litigation. She has a demonstrated ability to devise and implement winning strategies while keeping efficiency in mind. In addition, Ms. Kushner regularly represents clients in mediations and arbitrations, as well as acts as a neutral, and is a member of the Wisconsin Association of Mediators. She enjoys the respect of lawyers and judges in Wisconsin and around the country.

### E. Proposed Interim Class Counsel Have the Resources Necessary to Effectively Prosecute This Litigation

Previously appointed interim co-lead class counsel, BRB, Preti, Cuneo, SLF and previously appointed interim liaison class counsel, von Briesen & Roper, stand ready to dedicate the resources necessary to represent and protect the interests of the direct purchaser plaintiff class through rigorous motion practice, discovery, class certification, and trial. Counsel Decl., ¶ 19.

### F. Interim Class Counsel Will Continue to Work Cooperatively With All Counsel

As noted above, the proposed organizational structure is supported by all current direct purchaser plaintiffs and their counsel. The structure was previously ordered by the Honorable Byron B. Conway of this Court. *See* Counsel Decl., ¶¶ 5, 11 & Exs. 1 and 5. As reflected by their early success in private ordering, and management and advancement of this litigation since then, proposed interim class counsel also have demonstrated an effective management style, which will encourage and efficiently deploy the participation of the other firms in this litigation. *See Baker v.*

*Saint-Gobain Performance Plastics Corp.*, Civ. Nos. 1:16-CV-0220 (LEK/DJS), *et al.*, 2016 WL 4028974, at *4 (N.D.N.Y. July 27, 2016) (interim counsel's "ability to command the respect of their colleagues and work cooperatively with opposing counsel and the court" are important considerations) (internal quotations omitted; citing Manual for Complex Litigation, § 10.224). In carrying out this endeavor, proposed interim class counsel will make every effort to avoid waste and duplication. Their ability to work in a collaborative fashion with other firms is demonstrated by their efforts to date in this case, bringing the first direct purchaser actions and their decades of experience in antitrust class actions.

[BLANK SPACE INTENDED]

## IV.  CONCLUSION

WHEREFORE, Direct Purchaser Plaintiffs respectfully request that the Court confirm and/or re-appoint Barrack, Rodos & Bacine, Cuneo Gilbert Flannery & LaDuca, LLP, Preti, Flaherty, Beliveau & Pachios, LLP, and the Saveri Law Firm as interim co-lead counsel and von Briesen & Roper as interim liaison class counsel, to represent the direct purchaser plaintiff class in this litigation.

Dated: May 1, 2026                                                      Respectfully submitted:


*s/ Gregory P. Hansel*                                       *s/ Beth Kushner*
Gregory P. Hansel (WIED No. 607101)          Beth Kushner, SBN 1008591
Michael S. Smith (WIED No. 004986)           Christopher E. Avallone, SBN 1095465
Elizabeth F. Quinby (WIED No. 006168)      von BRIESEN & ROPER, s.c.
Michael D. Hanify (WIED No. 010257)        411 East Wisconsin Avenue, Suite 1000
PRETI, FLAHERTY, BELIVEAU &              Milwaukee, WI 53202
PACHIOS, LLP                              Tel: (414) 276-1122
One City Center                          beth.kushner@vonbriesen.com
P.O. Box 9546                            christopher.avallone@vonbriesen.com
Portland, ME 04112-9546
Tel: (207)791-3000
ghansel@preti.com                       *Previously Appointed Interim Direct Purchaser*
msmith@preti.com                      *Class Liaison Counsel and Co-Counsel for City of*
equinby@preti.com                     *Augusta*
mhanify@preti.com

*Previously Appointed Interim Co-Lead Direct Purchaser Class Counsel and Co-Counsel for City of Augusta*

/s/ Michael J. Flannery
Michael J. Flannery (WIED No. 110084)
CUNEO GILBERT FLANNERY &
LADUCA, LLP
2 CityPlace Drive
Second Floor
St. Louis, MO 63141
Telephone: (314) 226-1015
mflannery@cuneolaw.com


*Previously Appointed Interim Co-Lead Direct
Purchaser Class Counsel and Counsel for The
Newstead Fire Co., Inc., and The Metropolitan
Government of Nashville & Davidson County*


/s/ Jeffrey A. Barrack
Jeffrey A. Barrack (WIED No. 78438)
Danielle M. Weiss (WIED No. 033342005)
BARRACK, RODOS & BACINE
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Tel.: (215) 963-0600
Fax: (215) 963-0838
E-mail: jbarrack@barrack.com
E-mail: dweiss@barrack.com


*Previously Appointed Interim Co-Lead Direct
Purchaser Class Counsel and Counsel for City of
Philadelphia*

Evelyn Riley*
Cody McCracken*
CUNEO GILBERT FLANNERY &
LADUCA, LLP
2445 M Street NW
Suite 740
Washington, DC 20037
Telephone: (202) 789-3960
evelyn@cuneolaw.com
cmccracken@cuneolaw.com


*Previously Appointed Interim Co-Lead Direct
Purchaser Class Counsel and Counsel for Counsel
for The Newstead Fire Co., Inc., and The
Metropolitan Government of Nashville &
Davidson County*


Stephen R. Basser (WIED No. 121590)
Samuel M. Ward (WIED No. 216562)
BARRACK, RODOS & BACINE
600 West Broadway, Suite 900
San Diego, CA 92101
Tel.: (619) 230-0800
Fax: (619) 230-1874
E-mail: sbasser@barrack.com
E-mail: sward@barrack.com


*Previously Appointed Interim Co-Lead Direct
Purchaser Class Counsel and Counsel for City of
Philadelphia*

22

William J. Ban (WIED No. 1870690)
BARRACK, RODOS & BACINE
Eleven Times Square
640 8th Avenue, 10th Floor
New York, New York 10036
Tel.: (212) 688-0782
Fax: (212) 688-0783
E-mail: wban@barrack.com

*Previously Appointed Interim Co-Lead Direct Purchaser Class Counsel and Counsel for City of Philadelphia*

Joseph R. Saveri (WIED No. 130064)
Ronnie Spiegel (WA State Bar No. 33721)*^
David Seidel (CA State Bar No 307135)*
JOSEPH SAVERI LAW FIRM, LLP
550 California Street, Suite 910
San Francisco, California 94108
Tel: (415) 500-6800
Fax: (415) 395-9940
E-mail: jsaveri@saverilawfirm.com
    rspiegel@saverilawfirm.com
    dseidel@saverilawfirm.com

*Previously Appointed Interim Co-Lead Direct Purchaser Class Counsel and Counsel for City of Revere*
*Application for Admission to be filed
^ Located in Washington State

23