## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
## GREEN BAY DIVISION

IN RE: FIRE APPARATUS ANTITRUST LIGTIGATION

Case No. 2:26-md-03179-WCG

Hon. William C. Griesbach

## JOINT DECLARATION OF
## JEFFREY A. BARRACK, MICHAEL J. FLANNERY, GREGORY P. HANSEL, AND JOSEPH R. SAVERI

We, Jeffrey A. Barrack, Michael J. Flannery, Gregory P. Hansel, and Joseph R. Saveri hereby declare and state as follows:

1. I, Jeffrey A. Barrack, am a partner at Barrack, Rodos & Bacine ("BRB"), and a member in good standing of, among others, the bar of this Court. The matters described in this declaration, where attributed to me, are based on my personal knowledge, and if called as a witness, I could and would testify truthfully and consistently with what is stated below.

2. I, Michael J. Flannery, am a partner at Cuneo Gilbert Flannery & LaDuca, LLP ("CGFL"), and a member in good standing of, among others, the bar of this Court. The matters described in this declaration, where attributed to me, are based on my personal knowledge, and if called as a witness, I could and would testify truthfully and consistently with what is stated below.

3. I, Gregory P. Hansel, am a partner at Preti, Flaherty, Beliveau & Pachios, LLP ("Preti"), and a member in good standing of, among others, the bar of this Court. The matters described in this declaration, where attributed to me, are based on my personal knowledge, and if called as a witness, I could and would testify truthfully and consistently with what is stated below.

4.      I, Joseph R. Saveri, am a partner at The Saveri Law Firm ("SLF"), and a member in good standing of, among others, the bar of this Court.  The matters described in this declaration, where attributed to me, are based on my personal knowledge, and if called as a witness, I could and would testify truthfully and consistently with what is stated below.

5.      By Order dated November 25, 2025, BRB, CGFL, and Preti were appointed Interim Co-Lead Class Counsel in the *In Re: Direct Purchaser Fire Apparatus Antitrust Litigation*, then consolidated at 1:25-cv-01543 (ECF 19).  The Court also appointed von Briesen, S.C. as interim liaison counsel for the putative direct purchaser class.  A true and correct copy of the Order is attached as Exhibit 1. When granting that motion, and in accordance with Fed. R. Civ. P. 23(g), the Court vetted our fitness to serve as appointed interim co-lead counsel for the putative direct purchaser class on, among other things, the basis of counsel declarations. Recognizing this matter has been transferred to a new MDL docket and there has been a change in judicial assignment, we are including those declarations and exhibits here.

6.      A true and correct copy of the Declaration of BRB Partner, Stephen R. Basser, as previously filed on November 20, 2025, with Exhibit A to that Declaration (BRB firm resume) are attached together as Exhibit 2.

7.      A true and correct copy of the Declaration of CGFL Partner, Michael J. Flannery, as previously filed on November 20, 2025, is attached as Exhibit 3.[1]

8.      A true and correct copy of the Declaration of Preti Partner, Gregory P. Hansel, as previously filed on November 20, 2025, is attached together as Exhibit 4.

---

[1] The firm name changed in January 2026 from Cuneo Gilbert & LaDuca, LLP to Cuneo Gilbert Flannery & LaDuca, LLP.  All references to CGL in Exhibit 2 refer or relate to CGFL. The Appointment Order and the original motion seeking appointment were filed before the firm changed its name.

9.      Around the time BRB, CGFL, and Preti were appointed Interim Co-Lead Counsel, we became aware that three additional class action complaints asserting claims under federal antitrust laws against the same Manufacturer Defendants named in the *In Re: Direct Purchaser Fire Apparatus Antitrust Litigation* had been filed on behalf of direct purchasers of fire apparatus in other district courts as follows (collectively, "Out of District Direct Purchaser Cases"): (1) *City of Revere v. AIP, LLC, et al.*, 1:25-cv-13462 (D. Mass) ("Revere"); (2) *City of Chelsea v. Oshkosh Corp., et al.,* 1:25-cv-13643 (D. Mass.) ("Chelsea"); and (3) *Borough of Roseland v. Oshkosh Corp., et al.,* 2:25-cv-18312 (D.N.J.) ("Roseland").

10.      Mr. Flannery, speaking for our three firms, and the putative class, initiated discussions with co-counsel for the Out of District Direct Purchaser Case plaintiffs, including, among others, Joseph Saveri and Joseph DePalma, to encourage these plaintiffs to pursue litigation in this Court, as part of the consolidated direct purchaser plaintiff class.  These discussions were in good faith and at arms' length for the benefit of the direct purchaser plaintiff class in the action pending in this Court. As these discussions continued to progress, Mr. Hansel, Mr. Barrack, and/or other attorneys from BRB, CGL, and/or Preti became more active participants.

11.      As a result of these discussions, the plaintiffs in the Out of District Cases decided to pursue their claims in this Court and each moved for transfer to this Court under 28 U.S.C. § 1404.  While those motions were being drafted and litigated and with the support of all counsel, including in the Out of District Direct Purchaser Cases, BRB, CGFL, and Preti, as appointed co-lead counsel, filed a motion to modify the co-leadership appointment order to add The Saveri Law Firm as an additional interim co-lead counsel firm appointed with our firms to represent the putative direct purchaser plaintiff class. 1:25-cv-01543 (E.D. Wis.) (ECF 51).  The motion was

granted, among other reasons, on the basis of the Declaration of Joseph R. Saveri, on December 29, 2025. 1:25-cv-01543 (ECF 56 [text order only]). A true and correct copy of the docket with the text order highlighted by counsel is attached as Exhibit 5.

12. A true and correct copy of the Declaration of SLF Partner, Joseph R. Saveri, as previously filed on December 23, 2025 with Exhibit 1 (SLF firm resume) are attached together as Exhibit 6.[2]

13. While the transfer motions were pending in the Out of District Direct Purchaser Cases, on January 15, 2026, the Defendants filed a motion before the Judicial Panel on Multi-District Litigation, under 28 U.S.C. § 1407, seeking to coordinate for pretrial purposes the out of district cases with *In Re: Direct Purchaser Fire Apparatus Antitrust Litigation* and two other class actions filed in this district by indirect fire apparatus purchasers. At the time, there were no other cases on file in any other federal district.

14. While the MDL motion was being litigated, this Court further consolidated the fire apparatus antitrust litigation pending in this Court to proceed at 1:25-cv-01252, to be known as *In Re: Fire Apparatus Antitrust Litigation,* with a structure that allowed each class to proceed on a distinct track, and without disturbing the appointed co-leadership for either track. 1:25-cv-01543 (ECF 78). A true and correct copy of the Court's Order of February 20, 2026 is attached as Exhibit 7.

15. While the MDL motion was being litigated, roughly 20 additional cases were filed and even after this proceeding was consolidated as an MDL proceeding, additional complaints continue to be filed. Some have been filed on behalf of a class of indirect purchasers of fire

---

[2] Since December 23, 2025, when the motion to modify was filed, and December 29, 2025, when the motion was granted, the firm changed its name to The Saveri Law Firm. At the time the prior motion was filed, the firm was known as The Joseph Saveri Law Firm, or JSLF. Accordingly, all references to either the Joseph Saveri Law Firm or JSLF in Ex. 6 refer to SLF.

apparatus, while many others were filed on behalf of individual municipal plaintiffs, and not on behalf of any class. The number of cases on file continues to increase. We are not aware, as of the date of this filing, of any additional cases filed in any court purporting to state antitrust claims against the same Defendants on behalf of a class of direct purchasers of fire apparatus.

16. While the MDL motion was being litigated, we continued to pursue the Direct Purchaser Plaintiff Class' claims in this Court for the benefit of the direct purchaser class, including filing a Consolidated Class Action Complaint on March 11, 2026 ("DPP CAC"). 1:25-cv-01252 (ECF 90). The Out of District Plaintiffs provided input into the DPP CAC, even though the matters were not yet transferred to this Court. The DPP CAC asserts claims exclusively under federal antitrust laws and makes claims under both the Sherman Act, 15 U.S.C. § 1, and the Clayton Act, 15 U.S.C. § 18. The indirect purchaser plaintiff class also filed a consolidated class action complaint while the MDL motion was being litigated. Notably, among other differences, that complaint asserts numerous state law antitrust claims, and does not include a claim for violation of Section 7 of the Clayton Act, 15 U.S.C. § 18, and, therefore, does not state claims against the private equity defendants named in the DPP CAC.

17. On April 2, 2026, the Judicial Panel on Multi-District Litigation Ordered that all fire apparatus antitrust litigation that was on file as of January 15, 2026 be transferred to multidistrict litigation in this Court. (ECF 1). Since then, nearly all of the cases presently on file in any court have been transferred to this Court.

18. At all times since being appointed Interim Co-Lead Counsel for the Direct Purchaser Class, we have worked diligently, effectively, and efficiently to carry out our responsibilities as interim co-lead class counsel to avoid waste and duplication. To date, our efforts have included, but are not limited to: (1) preparing and filing on March 11, 2026, a

consolidated class action complaint for the direct purchaser class, including consulting with and getting approval from the out of district plaintiffs; (2) preparing and circulating for review a draft protective order and ESI protocol, soliciting edits and suggestions from the indirect purchaser plaintiffs, so that all class plaintiffs will speak with a unified voice when seeking agreement to these documents by the Defendants; (3) hiring experts for the direct purchase class; (4) making efforts to coordinate dates for compliance with all orders at the previous docket and this one; and (5) facilitating an agreement by all counsel for all parties, including the numerous Defendants, with separate representation, to address impending deadlines, in this MDL (ECF 3). All of this was done for the benefit of the direct purchaser class and consistent with the authority previously granted by this Court.

19. We will continue to carry out our responsibilities faithfully and will take care to be efficient and effective. We have already and will continue to implement our system of regular reporting of time and expenses and will use other management tools, as needed, which have proven effective in ensuring the efficient management of cases of this size and scope. We have the collective talent and other resources to support the litigation for the direct purchaser plaintiff class in this complex matter.

We declare under penalty of perjury under law that the foregoing is true and correct.

Date: May 1, 2026

                              */s/ Jeffrey A. Barrack*
                                  Jeffrey A. Barrack

                              */s/ Michael J. Flannery*
                                Michael J. Flannery

                              */s/ Gregory P. Hansel*
                                Gregory P. Hansel

                              */s/ Joseph R. Saveri*
                                Joseph R. Saveri