# EXHIBIT 7

| | |
|---|---|
| **IN RE: INDIRECT PURCHASER FIRE APPARATUS ANTITRUST LITIGATION.** | **Case No. 25-CV-1252** |

| | |
|---|---|
| **IN RE: DIRECT PURCHASER FIRE APPARATUS ANTITRUST LITIGATION** | **Case No. 25-CV-1543** |

## ORDER

Before the court is the defendants' motion to further consolidate these parallel and related actions. The defendants do not seek to have all plaintiffs file to a single consolidated complaint, require only unified motions or briefs, or even engage in joint discovery. Nor are they asking the court to order a single joint trial; it is too early to decide such trial issues. The biggest practical effect of consolidation would be that everything in these cases would be filed under a single case number. The parties would then be expected to coordinate to avoid duplicative filings or discovery. The defendants also note that their request for further consolidation may become moot. They note that similar actions are pending in other courts around the country, and they intend to ask the judicial panel on multidistrict litigation to transfer all such actions to a single district. (ECF No. 65 at 4); *see* 28 U.S.C. § 1407.

The plaintiffs generally do not oppose consolidation, although they have disagreements about the scope of any such order. Many of the plaintiffs' concerns

address matters the defendants are not seeking, *e.g.*, an order consolidating these actions for trial. (25-CV-1252, ECF Nos. 54 at 14-16; 65 at 1, fn. 1.)

At this preliminary stage, the court's foremost concern is efficient case management for both the parties and the court. The court is mindful that employing too heavy of a hand too early may prove counterproductive; case management needs of a complex action can rarely be fully anticipated at the outset. Therefore, the court will grant the defendants' motion as follows:

1. 25-CV-1543, In Re: Direct Purchaser Fire Apparatus Antitrust Litigation is consolidated with 25-CV-1252, In Re: Indirect Purchaser Fire Apparatus Antitrust Litigation for pretrial purposes.

2. All filings shall be under case number 25-CV-1252.

3. The consolidated action shall be referred to as 25-CV-1252, In Re: Fire Apparatus Antitrust Litigation.

4. The consolidated actions, 25-CV-1252, In Re: Indirect Purchaser Fire Apparatus Antitrust Litigation and 25-CV-1543, In Re: Direct Purchaser Fire Apparatus Antitrust Litigation will each maintain their separate identity within the overall consolidated action.

   a. For example, the Indirect Purchasers and Direct Purchasers may each file separate respective consolidated complaints.

   b. Filings that relate to only to the Indirect Purchasers should be captioned: In Re: Indirect Purchaser Fire Apparatus Antitrust Litigation.

Case 1:25-cv-01543-WBC   Filed 06/20/26   Page 3 of 4   Document 138-7

c. Filings that relate to only the Direct Purchasers should be captioned: In Re: Direct Purchaser Fire Apparatus Antitrust Litigation.

d. Filings that relate to both the Direct and Indirect Purchasers should be captioned: In Re: Fire Apparatus Antitrust Litigation.

e. Filing related to only an individual case shall so indicate in the caption.

5. Counsel are expected to cooperate to maximize efficient case management. This includes:

a. Coordinated discovery;

b. Coordinating motion practice that minimizes duplicative filings.

6. To the extent practical, these matters, *i.e.*, the Direct Purchaser and Indirect Purchaser actions, should proceed as a single consolidated action.

**SO ORDERED.**

Dated at Green Bay, Wisconsin this 20th day of February, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge