| | |
|---|---|
| IN RE: FIRE APPARATUS ANTITRUST LITIGATION<br><br>This document applies to:<br>All Actions | Case No. 26-MD-3179<br><br>Hon. William C. Griesbach |

### DIRECT (NON-CLASS) ACTION PLAINTIFFS' STATUS REPORT

Pursuant to the Court's April 10, 2026 Order for Telephone Conference, Direct (Non-Class) Action Plaintiffs hereby submit this status report regarding the selection of lead and liaison counsel:

1. Direct Action Plaintiffs ("DAP") submit this individual status report at the request of class counsel because they and class counsel could not reach agreement on DAPs' inclusion of a statement in plaintiffs' joint status report informing the Court that DAPs, by unanimous consent, seek the appointment of Simonsen Sussman LLP and Baron & Budd, P.C.—who represent all plaintiffs in all of the 16 filed or to-be-imminently-filed Direct Actions—as Co-Lead Counsel and Halling & Cayo, S.C. as Liaison Counsel for DAPs.[1]

---

[1] Counsel for the Direct Purchaser Plaintiffs ("DPP") who filed the motion at ECF No. 18 to appoint them as interim co-lead class counsel for the direct purchaser class, have also instructed Direct Action Counsel not to "file any more cases," have omitted them from nearly all meet-and-confer communications to date, and have asserted that "the general rule [is] that class cases are the drivers of the litigation, as those matters encompass the widest array of claims and broadest number of parties affected by the underlying conduct."

1

2. This MDL is comprised of three sets of cases:

   a. The Direct (Non-Class) Actions;

   b. The Direct Purchaser Plaintiff ("DPP") Class Actions; and

   c. The Indirect Purchaser Plaintiff ("IPP") Class Actions.

3. The Direct (Non-Class) Action Plaintiffs, all of whom are represented by Simonsen Sussman LLP and Baron & Budd, P.C. ("DAP Counsel") are: (1) People of the State of California, acting by and through the Los Angeles County Counsel; County of Los Angeles; and Consolidated Fire Protection District of Los Angeles County; (2) People of the State of California, acting by and through the Office of County Counsel, County of San Diego; County of San Diego; and San Diego County Fire Protection District; (3) People of the State of California, acting by and through the San Diego City Attorney's Office; and City of San Diego; (4) City of Oakland; (5) City of Santa Barbara; (6) County of Shasta; (7) County of Butte; (8) Ebbetts Pass Fire Protection District; (9) City of Santa Clara (filing imminently); (10) Unified Fire Authority; (11) City of Hartford; (12) City of Portland, Oregon; (13) City of Allentown; (14) City of Portsmouth; (15) City of Green Bay (filing imminently); and (16) City of Yonkers (filing imminently). DAP Counsel have been authorized to file complaints on behalf of nine other cities and anticipate that complaints for these entities, along with various other direct action complaints, will be filed in the coming weeks.

   a. The claims by Los Angeles County Counsel, San Diego County Counsel, and San Diego City Attorney's Office as law enforcement officials in the name of the People of the State of California are representative claims seeking injunctive relief, civil penalties, and restitution for the benefit of the public at

2

large and all injured persons in interest. *See* Cal. Bus. & Prof. Code §§ 17203-17204.[2] They are thus as broad in scope as a nationwide class action, though class certification is not required.[3]

    b.  The populations served by the fire departments of Direct Action Plaintiffs include the over 4 million people served by the Los Angeles County Fire Department; over 3 million people served by the San Diego County Fire Protection District and City of San Diego Fire-Rescue Department; and the many millions more served collectively by the other 14 Direct Action Plaintiffs' fire departments.

4.  Unlike all of the Class Actions, the Direct Actions do not allege a conspiracy amongst REV Group, Oshkosh, and Rosenbauer entities to fix output and prices. Instead, and unlike many of the Class Actions, the Direct Actions focus on alleged unlawful mergers and acquisitions under Section 7 of the Clayton Act[4] and Section 2 of the Sherman Act, as well as various state antitrust and unfair competition laws, in relevant markets including the wildfire apparatus market and the custom chassis,

---

[2] *See, e.g.*, Compl. (ECF No. 1) ¶¶ 22, 45, *People of the State of California, acting by and through the Los Angeles County Counsel; County of Los Angeles; and Consolidated Fire Protection District of Los Angeles County v. REV Group, Inc., et al.*, No. 2:26-cv-00632 (E.D. Wis. Feb 12, 2026).

[3] *See* Cal. Bus. & Prof. Code § 17203 ("Any person may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17204 and complies with Section 382 of the Code of Civil Procedure [concerning class actions], but these limitations do not apply to claims brought under this chapter by the Attorney General, or any district attorney, county counsel, city attorney, or city prosecutor in this state.").

[4] *Compare, e.g.*, Indirect Purchaser Plaintiffs' Consolidated Amended Class Action Complaint (ECF No. 94), *City of La Crosse, et al. v. Oshkosh Corp., et al.*, No. 25-cv-01252 (E.D. Wis. Mar. 23, 2026) (omitting any claims under Clayton Act Section 7).

pumper, aerial, and quint markets.[5] The Direct Actions also assert claims based on

Pierce Manufacturing, Inc.'s alleged anticompetitive conduct in the markets for

replacement parts, and name certain American Industrial Partners ("AIP") entities

(the private equity backers of AIP and REV Group's acquisitions), REV Group

subsidiaries, and Boise Mobile Equipment, Inc. and BME Fire Trucks LLC as

defendants. These defendants and the Pierce replacement parts claims are absent from

all or nearly all of the Class Actions.

5. Defendants in the Direct Actions have requested, and the Direct Action Plaintiffs have

agreed subject to this Court's order, to file a consolidated amended complaint,

consolidating all of the Direct Action Plaintiffs' claims into a single consolidated

complaint, to streamline motion-to-dismiss briefing and case management. Direct

Action Plaintiffs intend to move for the creation of a Direct Action Track in which

this consolidated amended complaint will be filed. *See, e.g.*, *In Re: Insulin Pricing*

*Litigation*, No. 2:23-md-03080, ECF No. 34, at ¶ 5 (D.N.J. Dec. 6, 2023) (ordering

three litigation tracks—Self-Funded Payer Track, State Attorney General Track, and

Third-Party Payer Class Track—because "[w]hile the cases in this MDL share

common core factual allegations, these cases nevertheless diverge in certain respects,

including as to: (a) the specific claims asserted; (b) the named Defendants against

whom those claims are asserted . . .; (c) whether those claims are asserted on an

---

[5] *See, e.g.*, Compl. (ECF No. 1) ¶¶ 336, 345, *People of the State of California, acting by and through the Los Angeles County Counsel; County of Los Angeles; and Consolidated Fire Protection District of Los Angeles County v. REV Group, Inc., et al.*, No. 2:26-cv-00632 (E.D. Wis. Feb 12, 2026).

individual or class basis; and (d) the type of Plaintiffs asserting claims against these Defendants (e.g., payers, local governments, or states)").

6. All Direct Action Plaintiffs agree on the requested appointment of Simonsen Sussman LLP and Baron & Budd, P.C. as Lead Counsel for the DAPs, and Halling & Cayo, S.C. of Milwaukee, Wisconsin as Liaison Counsel for DAPs. Simonsen Sussman LLP is an antitrust law firm founded by former senior federal enforcement directors who together have decades of experience with federal and state antitrust and unfair competition laws through government investigations and in private and public litigation across the country. Baron & Budd attorneys have served as Lead and Co-Lead Counsel on behalf of public entities in numerous MDLs throughout the United States. The DAPs are prepared to file a motion to appoint such leadership in the requested Direct Action Track. The DAPs anticipate that a significant number of additional direct actions will be filed by DAP Counsel and other non-DAP counsel, and the Court will benefit from a leadership structure to facilitate management and coordination of the Direct Actions with the DPP and IPP Class Actions. *See, e.g.*, *In Re: Insulin Pricing Litigation*, No. 2:23-md-03080, ECF No. 34, at § 2 (D.N.J. Dec. 6, 2023) (appointing separate Lead Counsel for Self-Funded Payer Track, State Attorney General Track, and Third-Party Payer Class Track).[6]

---

[6] *See also* Manual for Complex Litigation (Fourth) § 22.62 (2004) ("Early organization of the counsel who have filed the various cases transferred or consolidated for pretrial purposes is a critical case-management task. The judge will often need to appoint lead counsel or a committee of counsel to coordinate discovery and other pretrial preparation. Lead counsel and committees of counsel for the plaintiffs in mass tort litigation perform a host of functions. . . . As the appointing authority, the judge has the opportunity and obligation to monitor the activities of counsel and to implement the litigation management plan.").

Dated May 8, 2026                    Respectfully Submitted,

By: /s/ Catherine S. Simonsen
Catherine S. Simonsen (CA SBN 307325)
Thomas G. Mattes (CA SBN 355010)
**SIMONSEN SUSSMAN LLP**
418 Bamboo Lane, Suite C-18
Los Angeles, CA 90012
Tel: (917) 747-5196
Fax: (646) 357-8447
Email: catherine@simonsensussman.com
E-mail: thomas.mattes@simonsensussman.com

Shaoul Sussman (NY SBN 5820782)
Nico Gurian (NY SBN 5590591)
Braden Fain (NY SBN 6198287)
**SIMONSEN SUSSMAN LLP**
307 West 38th Street, 16th Floor
New York, NY 10018
Tel: (646) 693-3929
Fax: (646) 357-8447
Email: shaoul@simonsensussman.com
Email: nico.gurian@simonsensussman.com
Email: braden.fain@simonsensussman.com

Nicolas A. Stebinger (DC SBN 984080)
Victoria R. Sims (DC SBN 1006974)
**SIMONSEN SUSSMAN LLP**
1629 K Street NW, Suite 300
Washington, DC 20006
Tel: (202) 384-3130
Fax: (646) 357-8447
Email: nicolas@simonsensussman.com
Email: victoria.sims@simonsensussman.com

John P. Fiske (CA SBN 249256)
Lindsay R. Stevens (CA SBN 256811)
Jason J. Julius (CA SBN 249036)
**BARON & BUDD, P.C.**
11440 West Bernardo Court, Suite 265
San Diego, CA 92127
Tel: (858) 251-7424
Fax: (214) 523-6600
Email: jfiske@baronbudd.com
Email: lstevens@baronbudd.com

6

Email: jjulius@baronbudd.com

*Counsel for Direct Action Plaintiffs People of the State of California, acting by and through the Los Angeles County Counsel, County of Los Angeles, and Consolidated Fire Protection District of Los Angeles County; People of the State of California, acting by and through the Office of County Counsel, County of San Diego, County of San Diego, and San Diego County Fire Protection District; People of the State of California, acting by and through the San Diego City Attorney's Office, and City of San Diego; City of Oakland; City of Santa Barbara; County of Shasta; County of Butte; Ebbetts Pass Fire Protection District; Unified Fire Authority; City of Hartford; City of Portland, Oregon; City of Allentown; and City of Portsmouth*

By: /s/ M. Andrew Skwierawski

M. Andrew Skwierawski (WI SBN 1063902)
**HALLING & CAYO, S.C.**
320 East Buffalo Street, Suite 700
Milwaukee, WI 53202
Tel: (414) 271-3400
Fax: (414) 271-3841
Email: mas@hallingcayo.com

*Counsel for Direct Action Plaintiff City of Portsmouth*

7