# EXHIBIT 3

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: INSULIN PRICING LITIGATION** | **Case No. 2:23-md-03080 (BRM)(RLS)** <br> **MDL No. 3080** |
| **THIS DOCUMENT RELATES TO: ALL CASES** | **JUDGE BRIAN R. MARTINOTTI** <br> **JUDGE RUKHSANAH L. SINGH** |

## CASE MANAGEMENT ORDER #3

This matter having come before the Court for an Initial Case Management Conference on September 12, 2023 ("September 12 CMC"), and the Court having entered Case Management Order #2 (ECF No. 19 ("CMO #2")) requiring Plaintiffs' counsel to meet and confer and submit a proposed leadership and liaison committee, the Court hereby finds and orders as follows:

## I. BACKGROUND

1. Counsel for Plaintiffs in the above-captioned multidistrict litigation ("MDL") and counsel for Plaintiffs in the "New Jersey Actions" (as defined in Case Management Order #1 (ECF No. 5 ("CMO #1"))), have advised the Court that they have: (a) met and conferred concerning the organization and orderly advancement of this MDL; and (b) considered all the relevant factors under Rule 23 of the Federal Rules of Civil Procedure and those set forth in the *Manual for Complex Litigation, Fourth*, concerning the appointment of counsel in a multi-party MDL such as this one.

2. As stated at the September 12 CMC, the Court finds that to efficiently progress the cases in this MDL, notwithstanding any subgrouping of actions, the parties in both the MDL and the New Jersey Actions shall coordinate in good faith and to the extent reasonably practicable for the purposes of discovery, in the MDL, the New Jersey Actions, and insulin-pricing litigation pending outside of this District, as will be further described in the parties' subsequent case

1

coordination and discovery plan proposal.

3. On November 27, 2023, Plaintiffs submitted consensus recommendations to the Court for the appointment of Lead Counsel, Executive and Steering Committees, and Liaison Counsel for the proposed litigation tracks in this MDL.

4. The Court, having reviewed these submissions, and with no objections thereto having been filed, finds that the consensus recommendations present a balanced team with a diversity of backgrounds, skills, expertise, and prior casework and roles, all of which will provide the Court with an effective organizational structure to advance this MDL in an efficient and just manner and will advance the Court's and the Judicial Panel on Multidistrict Litigation's goal of introducing new and different counsel to this specialty area of practice.

5. While the cases in this MDL share common core factual allegations, these cases nevertheless diverge in certain respects, including as to: (a) the specific claims asserted; (b) the named Defendants against whom those claims are asserted (i.e., manufacturers alone or manufacturers together with pharmacy benefit managers ("PBMs") and certain PBM affiliates); (c) whether those claims are asserted on an individual or class basis; and (d) the type of Plaintiffs asserting claims against these Defendants (e.g., payers, local governments, or states). Given these distinctions, Plaintiffs have proposed, and the Court hereby approves, the following separate litigation tracks and leadership structures for Plaintiffs responsible for the prosecution of the cases within those tracks:

- Self-Funded Payer Track

- State Attorney General Track

- Third-Party Payer Class Track

6.     The duties of Co-Lead Counsel, Executive Committees, and Steering Committees in each MDL litigation track are set forth below.

7.     The appointments in this Order are personal. Accordingly, these appointees cannot be substituted by other attorneys, including members of such appointee's law firm, except with Court approval.

## II.     MDL LITIGATION TRACKS

1.     <u>Self-Funded Payer Track</u>

   a.  The Self-Funded Payer Track shall include actions, such as those actions identified on Exhibit A and any subsequent similar actions, brought individually on behalf of self-funded payers or self-funded payer groups, including local governments and subdivisions thereof (including county, borough, municipality, city, town, township, parish, local public authority, special district, intrastate district, council of governments, and agencies or instrumentalities of multi-regional or intra-state or local government); unions; schools and educational institutions; for-profit and non-profit organizations; and other similar self-funded payers who pay for prescription drugs provided to members of their health plan with prescription drug coverage. Any putative class action filed by any of the foregoing entities will be included within the Third-Party Payer Class Track.[1]

   b.  The Court appoints David Buchanan of Seeger Weiss LLP; Brandon Bogle of Levin Papantonio Rafferty Proctor Buchanan O'Brien Barr Mougey, P.A.;

---

[1] Co-Lead Counsel for the Self-Funded Payer Track and the Third-Party Payer Class Track have conferred and agreed that the putative class case filed by Jackson County, Missouri (No. 23-cv-04531) will be included in the Self-Funded Payer Track.

Benjamin Widlanski of Kozyak Tropin & Throckmorton LLP; and Mark Pifko of Baron & Budd, P.C. as Co-Lead Counsel for the Self-Funded Payer Track.

c. The Court appoints the following attorneys to the Executive Committee for the Self-Funded Payer Track: Ben Crump of Ben Crump Law; David Ko of Keller Rohrback LLP; Melody Dickson of Wagstaff & Cartmell LLP; Hunter Shkolnik of NS PR Law Services, LLC; Jayne Conroy of Simmons Hanly Conroy LLP; Natalia Salas of The Ferraro Law Firm; and Virginia Anello of Douglas & London PC.

d. The Court appoints the following attorneys to the Steering Committee for the Self-Funded Payer Track: Gregory Cade of Environmental Litigation Group PC; Pearl Robertson of Irpino Avin & Hawkins; Juan Martinez of Morgan & Morgan; Mark Dearman of Robbins Geller Rudman & Dowd LLP; Dara Hegar of The Lanier Law Firm; Caitlyn Miller of Aylstock Witkin Kreis & Overholtz PLLC; Dan Goetz of Weisman Kennedy & Berris Co. LPA; Joyce Reichard of Kelley Ferraro LLC; Greg Stamatopoulos of Weitz and Luxenberg, P.C.; and Ronnie Spiegel of Joseph Saveri Law Firm LLP.

2. State Attorney General Track

a. The State Attorney General Track ("State AG Track") shall include actions brought on behalf of sovereign states, such as those actions identified on Exhibit B, regardless of the types of claims asserted by such state or the Defendants against whom those claims are asserted.

b. The Court appoints Joanne Cicala of The Cicala Law Firm PLLC; Lawrence Deas of Liston & Deas PLLC; Russell Budd of Baron & Budd, P.C.; Troy

4

Rafferty of Levin Papantonio Rafferty Proctor Buchanan O'Brien Barr Mougey, P.A.; and Trey Watkins of Forman Watkins & Krutz LLP as Co-Lead Counsel for the State AG Track.

3. <u>Third-Party Payer Class Track</u>

    a. The Third-Party Payer Class Track ("TPP Class Track") shall include putative class actions brought on behalf of Third-Party Payers alleging class claims against Defendants, including but not limited to those actions identified on Exhibit C. The TPP Class Track shall not include any individual action within the Self-Funded Payer Track.

    b. Pursuant to Federal Rule of Civil Procedure 23(g), the Court appoints James Cecchi of Carella, Byrne, Cecchi, Brody & Agnello, P.C. and Steve Berman of Hagens Berman Sobol Shapiro LLP as Interim Class Counsel/Co-Lead Counsel for the TPP Manufacturer Class.

    c. Pursuant to Federal Rule of Civil Procedure 23(g), the Court appoints Michael Roberts of Roberts Law Firm US, PC and Melissa L. Yeates of Kessler Topaz Meltzer & Check, LLP as Interim Class Counsel/Co-Lead Counsel for the TPP PBM Class.

    d. The Court appoints Hannah Brennan of Hagens Berman Sobol Shapiro LLP; Donald Ecklund of Carella, Byrne, Cecchi, Brody & Agnello, P.C.; James R. Dugan, II of the Dugan Law Firm; Dianne Nast of NastLaw, LLC; Don Barrett of Barrett Law Group, PA; Karen Halbert of Roberts Law Firm US, PC; Joseph P. Guglielmo from Scott + Scott Attorneys at Law LLP; and Janpaul Portal of MSP Recovery Law Firm to the Steering Committee for the TPP Class Track.

## III.  THE NEW JERSEY ACTIONS

1.      In the New Jersey Actions (as defined in CMO #1), the parties have engaged in discovery and motion practice and are more procedurally advanced than the actions now formally included within this MDL. These New Jersey Actions include: (a) the Indirect Purchaser Consumer Action (as defined in CMO #1), *In re Insulin Pricing Litigation*, No. 17-cv-00699; (b) *MSP Recovery Claims, Series, LLC v. Sanofi Aventis U.S. LLC, et al.*, No. 18-cv-02211; (c) *Minnesota v. Sanofi-Aventis U.S. LLC, et al.*, No. 18-cv-14999; and (d) the Direct Purchaser Consumer Action (as defined in CMO #1), *In re Direct Purchaser Insulin Pricing Litigation*, No. 20-cv-03426.

2.      Counsel previously appointed and/or otherwise representing these Plaintiffs in the existing New Jersey Actions shall continue to manage those actions in accordance with the Court's existing leadership orders and need not seek reappointment.

## IV.  DUTIES OF PLAINTIFFS' CO-LEAD COUNSEL

1.      Plaintiffs' Co-Lead Counsel in each MDL litigation track shall have ultimate responsibility for managing and directing the litigation on behalf of their clients in such track. Such duties include conducting the litigation and coordinating and directing the efforts of any committees identified above or which Plaintiffs' Co-Lead Counsel form (in their sole discretion) to assist them in prosecuting their clients' claims within their tracks. Plaintiffs' Co-Lead Counsel shall also have the authority to conduct settlement negotiations and settle the claims only of the clients within their respective tracks. In addition, Co-Lead Counsel in each MDL litigation track shall work to efficiently coordinate discovery among these tracks and with the New Jersey Actions. Subject to the coordination of discovery described herein, Plaintiffs' Co-Lead Counsel within each litigation track shall maintain responsibility to:

a. <u>Discovery</u>

    i.    Initiate, coordinate, and conduct all pretrial discovery on behalf of all Plaintiffs in their respective MDL litigation track who file actions in this Court or whose actions are transferred to this Court pursuant to 28 U.S.C. § 1407 as related to this *In re Insulin Pricing Litigation* MDL.

        A.    Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all Plaintiffs.

        B.    Initiate, coordinate, and cause to be issued in the name of all Plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to any information, documents, or witnesses needed to properly prepare for the pretrial of relevant issues found in the pleadings of this litigation.

        C.    Conduct all discovery in a coordinated, efficient, and consolidated manner on behalf and for the benefit of all Plaintiffs.

        D.    Coordinate with Plaintiffs' Co-Lead Counsel from the other litigation tracks to ensure the overall efficient prosecution of this MDL, including by endeavoring to, *inter alia*, coordinate to reduce duplication of discovery, facilitate the sharing of information, manage the orderly conduct of discovery from all Defendant groups, and liaise with the Court to facilitate the sharing of information.

7

b. <u>Motion Practice, Hearings, and Meetings</u>

    i. Submit any motions presented to the Court on behalf of all Plaintiffs as well as oppose, when necessary, any motions submitted by the Defendants or third parties.

    ii. Call meetings of counsel for Plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or the Court.

    iii. Initiate proposals, suggestions, schedules, joint briefs, and any other appropriate matters pertaining to pretrial proceedings.

    iv. Examine or designate other counsel to examine witnesses and introduce evidence at hearings on behalf of Plaintiffs.

c. <u>Communications With Defense Counsel</u>

    i. Initiate, coordinate, and conduct requisite meet and confers with Defendants, confer with Defendants regarding procedural matters, and negotiate and enter stipulations with Defendants regarding this litigation.

    ii. Explore or designate other counsel to explore, develop, and pursue settlement options with Defendants on behalf of Plaintiffs on behalf of their track.

2. Nothing herein shall be construed to preclude the Plaintiffs' Co-Lead Counsel from agreeing to permit attorneys not appointed from assisting with the conduct of this litigation.

## V. DUTIES OF PLAINTIFFS' EXECUTIVE AND STEERING COMMITTEES

1. Plaintiffs' Executive Committees and Steering Committees shall assist Plaintiffs'

8

Co-Lead Counsel within their respective MDL litigation track with Plaintiffs' Co-Lead Counsel's duties outlined in Section IV above, as delegated by Plaintiffs' Co-Lead Counsel.

## VI.	DUTIES OF PLAINTIFFS' LIAISON COUNSEL DESIGNEES

1.	The Court hereby directs each MDL litigation track to designate one attorney to serve as Plaintiffs' Liaison Counsel. Liaison Counsel for the Third-Party Payer Class Track shall also serve as liaison counsel for the New Jersey Actions, by consent of the parties to those actions. Each designated Plaintiffs' Liaison Counsel shall be identified and provided to the Court within one week of the date that this Order is entered.

2.	The role of Plaintiffs' Liaison Counsel shall be limited to administrative functions such as receiving court orders; coordinating service and filings; distributing motions, pleadings, and other filings; maintaining and distributing to co-counsel and opposing counsel an up-to-date service list; participating in all conferences convened by the Court and communicating the substance of such conferences to their respective co-counsel; and carrying out such other administrative duties as the Court may Order or request.

3.	All communications with the Court[2] on behalf of Plaintiffs should be through Plaintiffs' Co-Lead Counsel for the respective MDL litigation track or designated Plaintiffs' Liaison Counsel. If circumstances require direct correspondence with the Court by an individual counsel or a member of the Plaintiffs' Executive or Steering Committees, copies of any said communications shall simultaneously be served on all designated Plaintiffs' Liaison Counsel.

4.	The parties shall meet and confer to designate counsel who will be responsible for submitting weekly MDL status reports to the Court by 3:00 PM EST every Friday, unless

---

[2] As a reminder, when communicating with the Court, the parties should use the email addresses listed in CMO #1 (ECF No. 5): Chambers_of_Judge_Brian_Martinotti@njd.uscourts.gov and rls_orders@njd.uscourts.gov.

otherwise ordered.

## VII.    UPCOMING MDL CASE MANAGEMENT CONFERENCES

1.     As mentioned at the November 28, 2023 Case Management Conference, unless otherwise scheduled, case management conferences ("CMCs") for this MDL will be held on the following dates in 2024:

       a.  January 9, 2024

       b.  February 13, 2024

       c.  March 12, 2024

       d.  April 9, 2024

       e.  May 14, 2024

       f.  June 11, 2024

       g.  July 9, 2024

       h.  August 13, 2024

       i.  September 10, 2024

       j.  October 8, 2024

       k.  November 12, 2024

       l.  December 10, 2024

**IT IS SO ORDERED.**

                                     */s/ Brian R. Martinotti*
                                    **BRIAN R. MARTINOTTI**
                                    **UNITED STATES DISTRICT JUDGE**

Dated: December 5, 2023

## Exhibit A

| Case Name | Case No. |
|---|---|
| County of Monmouth, New Jersey v. Eli Lilly and Company, et al. | 2:23-cv-03916 |
| Cattaraugus County, New York v. Eli Lilly and Company, et al. | 2:23-cv-04384 |
| Jackson County, Missouri v. Eli Lilly and Company, et al. | 2:23-cv-04531 |
| City of Cleveland, Ohio v. Eli Lilly and Company, et al. | 2:23-cv-04544 |
| County of Albany, New York v. Eli Lilly and Company, et al. | 2:23-cv-07042 |
| Lake County, Illinois v. Eli Lilly and Company, et al. | 2:23-cv-08487 |
| Bossier Parish v. Eli Lilly and Company, et al. | 2:23-cv-10910 |
| Steuben County, New York v. Eli Lilly and Company, et al. | 2:23-cv-18249 |
| Cortland County, New York v. Eli Lilly and Company, et al. | 2:23-cv-18314 |
| Livingston County, New York v. Eli Lilly and Company, et al. | 2:23-cv-18351 |
| Schenectady County, New York v. Eli Lilly and Company, et al. | 2:23-cv-20375 |
| Cuyahoga County v. Eli Lilly and Company, et al. | 2:23-cv-21082 |
| King County v. Eli Lilly and Company, et al. | 2:23-cv-21178 |
| Pinellas County, Florida v. Eli Lilly and Company, et al. | 2:23-cv-21381 |

Case 1:25-cv-01252-WCG    Filed 05/26/26    Page 12 of 14    Document 142-3

# Exhibit B

| Case Name | Case No. |
|---|---|
| State of Montana, ex rel. Austin Knudsen v. Eli Lilly and Company, et al. | 2:23-cv-04214 |
| State of Kansas, ex rel., Kris W. Kobach, Attorney General v. Eli Lilly and Company, et al. | 2:23-cv-04219 |
| State of Arkansas, ex rel. Tim Griffin, Attorney General v. Eli Lilly and Company et al. | 2:23-cv-04239 |
| State of Illinois, ex rel. Raoul v. Eli Lilly and Company et al. | 2:23-cv-04242 |
| State of Mississippi, ex rel. Lynn Fitch Attorney General v. Eli Lilly and Company et al. | 2:23-cv-04364 |
| State of Kentucky, ex rel. Daniel Cameron v. Novo Nordisk Inc., et al. | 2:23-cv-21374 |

## Exhibit C

| Case Name | Case No. |
| --- | --- |
| Sheet Metal Workers Local No. 25 Health and Welfare Fund v. Eli Lilly and Company, et al. | 2:23-cv-14371 |
| Local 464A UFCW Welfare Services and Benefit Funds individually and on behalf of all other similarly situated v. Eli Lilly and Company, et al. | 2:23-cv-20842 |
| Local 837 Health and Welfare Plan, individually and on behalf of all other similarly situated v. Eli Lilly and Company, et al. | 2:23-cv-20932 |
| Local No. 1 Health Fund, and Plan of Benefits for the Local No. 1 Health Fund, individually and on behalf of all others similarly situated v. Eli Lilly and Company, et al. | 2:23-cv-21160 |
| Indiana/Kentucky/Ohio Regional Council of Carpenters Welfare Fund, individually and on behalf of all others similarly situated v. Eli Lilly and Company, et al. | 2:23-cv-22305 |

Case 1:25-cv-01252-WCG    Filed 05/26/26    Page 14 of 14    Document 142-3