# EXHIBIT 8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: DEALER MANAGEMENT | ) | MDL No. 2817 |
| SYSTEMS ANTITRUST LITIGATION | ) | Case No. 18 C 864 |

## ORDER

AMY J. ST. EVE, District Court Judge:

The Court has reviewed the applications for lead counsel in this multidistrict litigation. In addition, the Court held a hearing on the issue on April 6, 2018. The Court has considered all written and oral submissions. In making these appointments, the Court also has considered the factors set for in Federal Rule of Civil Procedure 23(g) and the factors set forth in the Manual for Complex Litigation (4th) §10.22.

**I.      Leadership Structure**

**A.      Co-Lead Counsel:**

The Court hereby appoints the following as co-lead counsel in this case:

**Authenticom Interim Lead Counsel:**

Derek T. Ho
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, D.C. 20036

**The Dealership Interim Lead Class Counsel:**

Peggy J. Wedgworth
Milberg Tadler Phillips Grossman LLP
One Pennsylvania Plaza, 19th Floor
New York, NY 10119

Ms. Wedgworth and Milberg Tadler Phillips Grossman more than meet the requirements of Rule 23(g)(1)(A). They have done significant work in identifying and investigating potential claims, they are highly experienced in antitrust and complex litigation, Ms. Wedgworth's extensive experience in antitrust law reflects her knowledge of the applicable law, and Milberg Tadler Phillips Grossman has appropriate resources to represent the class.

**B.     Liaison counsel:**

The Court hereby appoints the following as liaison counsel:

Robert A. Clifford
Clifford Law Offices, P.C.
120 N. LaSalle Street, Suite 3100
Chicago, IL  60602

**C.     Plaintiffs' Steering Committee Members:**

The Court hereby appoints a Plaintiffs' Steering Committee ("PSC") which shall consist of the following attorneys and their respective firms:

Leonard A. Bellavia
Bellavia Blatt, PC
200 Old Country Road, Suite 400
Mineola, NY  11501

Daniel Hedlund and Michelle Looby
Gustafson Glueck, PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN  55402

James Barz and Frank Richter
Robbins Geller Rudman & David LLP
200 South Wacker Drive, 31st Floor
Chicago, IL  60606

**D.     Coordinating Counsel:**

The Court hereby appoints Coordinating Counsel:

Professor Samuel Issacharoff
NYU Law School
40 Washington Square South
New York, NY  10012

**E.     Designations and Future Change in PSC Structure:**  These designations are of a personal nature.  Accordingly, the Court looks to these counsel to undertake personal responsibility to perform the designated functions and reserves the discretion to replace them upon their request or the Court's own motion.  The Court may expand or amend the PSC members upon request from Co-Lead Counsel or on the Court's own motion.

2

## II. Duties and Responsibilities of Plaintiffs' Leadership

**A. Responsibilities of Plaintiffs' Co-Lead Counsel:** Co-Lead counsel shall generally coordinate the activities of Plaintiffs in conducting this litigation toward final resolution and shall work toward accommodating the demands of this large-scale MDL with the direction of the Seventh Circuit in *Authenticom, Inc. v. CDK Global, LLC*, 874 F.3d 1019 (7th Cir. 2017). Plaintiffs' Co-Lead Counsel shall take the lead in litigating these matters on behalf of all Plaintiffs, namely, they shall play the lead role in making strategic, tactical, and procedural decisions on behalf of the Plaintiffs' counsel. Co-Lead Counsel shall, either personally or by coordinating the efforts of the PSC, perform the following duties, among others:

**Discovery**

a. Initiate, coordinate, and conduct all generic pretrial discovery on behalf of all Plaintiffs who file civil actions in this Court or that are transferred to this Court pursuant to 28 U.S.C. § 1407 and that are consolidated with this MDL proceeding;

b. Develop and propose to the Court schedules for the execution and completion of all discovery on behalf of all Plaintiffs;

c. Initiate, coordinate, and cause to be issued in the name of all Plaintiffs, the necessary discovery requests, motions, and subpoenas pertaining to any witness and documents needed to prepare properly for the pretrial of relevant issues found in the pleadings of this litigation (similar requests, notices, and subpoenas may be caused to be issued by Plaintiffs' Co-Lead Counsel upon written request by an individual attorney in order to assist him or her in preparation of the pretrial stages of his or her client's particular claims);

d. Ensure strict complaint with Local Rule 37.2 before filing any discovery motions with the Court;

e. Identify witnesses to be noticed for deposition, schedule witness depositions, and determine the lead examiner(s) for each noticed deposition;

f. Conduct all discovery in a coordinated and consolidated manner on behalf of and for the benefit of all Plaintiffs, and bind Plaintiffs and all putative class members in the resolution of any discovery disputes;

**Motion Practice and Hearings**

g. Submit any motions presented to the Court on behalf of all Plaintiffs as well as oppose, as appropriate, any motions submitted by the Defendants or third parties;

h. Examine or designate other counsel to examine witnesses and introduce evidence at hearings on behalf of Plaintiffs;

i.  Act or designate other counsel to act as spokesperson(s) for Plaintiffs at pretrial proceedings and in response to any inquiries by the Court;

**Contact with Defense Counsel**

j.  Initiate, coordinate, and conduct the requisite meet and confers with Defendants, confer with Defendants regarding procedural matters, and negotiate and enter into stipulations and case management orders with Defendants regarding this litigation;

k.  Explore or designate other counsel to explore, develop, and pursue settlement options with Defendants on behalf of Plaintiffs.

**Oversight of Plaintiffs' Counsel**

l.  Call meetings of Plaintiffs' counsel for any appropriate purpose;

m.  Assign litigation-related tasks to Plaintiffs' counsel who communicate their willingness to work for the common benefit of all Plaintiffs, taking into consideration the particular strengths and weaknesses of counsel requesting such assignments;

n.  Monitor the activities of the PSC and other co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

**Committee Formation**

o.  Plaintiffs' Co-Lead Counsel shall have the power to form committees and appoint committee chairs for specific litigation tasks, including but not limited to the following: (i) Discovery; (ii) Law and Briefing; (iii) Science/Experts; (iv) Trial; and (v) others as the need may arise;

**Trial Preparation**

p.  Coordinate trial team(s)'s selection, management and presentation of any "bellwether" and/or "test" case trial(s); and

**Other**

q.  Perform such other duties as may be incidental to proper coordination of Plaintiffs' activities or authorized by further order of the Court.

B.      **Responsibilities of Plaintiffs' Liaison Counsel:** Plaintiffs' Liaison counsel shall:

1.      Coordinate service and filings for Plaintiffs;

2.      Maintain and distribute to co-counsel and to defense counsel an up-to-date service list;

4

3. Maintaining in conjunction with their accountant records of receipts and disbursements advanced by members of the PSC and received by the PSC and to report in writing to the PSC concerning disbursements and receipts;

4. Maintain and make available to all Plaintiff's counsel of record at reasonable hours a complete file of all documents served by or upon each party (except such documents as may be available at a document depository);

5. Be available for any Court status conferences and communicate the substance of any such conferences to all other Plaintiffs' counsel; and

6. Carry out such other duties as the Court may order.

**C. Responsibilities of the PSC:**

The PSC shall consult with Plaintiffs' Co-Lead Counsel and Liaison Counsel in coordinating the Plaintiffs' pretrial activities and in planning for trial. The PSC shall be authorized to perform work only based upon assignments received from Plaintiffs' Co-Lead Counsel (or their designees).

**D. Responsibilities of Coordinating Counsel:**

The Coordinating Counsel shall consult with Plaintiffs' Co-Lead Counsel and Liaison Counsel in coordinating legal issues and other issues Plaintiffs' Co-Lead Counsel or Liaison Counsel deem appropriate. The Coordinating Counsel shall be authorized to perform work only based upon assignments received from Plaintiffs' Co-Lead Counsel (or their designees).

**III. Communications with the Court:** All communications from Plaintiffs with the Court shall be through Co-Lead Counsel or Liaison Counsel. If circumstances require direct correspondence with the Court by an individual counsel, copies of any said communications shall simultaneously be served upon Co-Lead Counsel and Liaison Counsel.

**IV. Term of Appointments:** All appointments are made for a one-year period and will expire on April 16, 2019. Appointees may apply for reappointment when their term expires. A re-application process will be established at an appropriate time in advance of the expiration date.

**Date: April 16, 2018**

AMY J. ST. EVE
United States District Court Judge

5