**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**GREEN BAY DIVISION**

| | |
|---|---|
| IN RE: FIRE APPARATUS ANTITRUST LITIGATION | Case No. 2:26-md-3179-WCG <br><br> Hon. William C. Griesbach |

**DIRECT (NON-CLASS) ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO DIRECT PURCHASER CLASS PLAINTIFFS' "EXPEDITED NON-DISCOVERY MOTION TO FILE RESPONSE TO ECF 67 AND 68" (ECF NO. 85)**

Direct (Non-Class) Action Plaintiffs (DAPs) oppose Direct Purchaser Class Plaintiffs' (DPPs') Motion (ECF No. 85) for leave to file—and for an extended period of 10 days to file—a reply in support of their May 21 Objection (ECF No. 57) to DAPs' Proposed Leadership Order (ECF No. 47). The Court should deny the Motion for failure to comply with the applicable rules and procedures and for failure to show cause for the requested relief.

DPPs failed to comply with Local Civil Rule 7(i), which required them to "file[] [their proposed reply] as an attachment to [their] motion requesting leave to file it." Instead, DPPs seek by their Motion to secure a 10-day period within which to prepare and file a reply—equating to another 10 days of delay in the entry of DAPs' May 13 Proposed Order. The Court should treat DPPs' Motion as their reply and deny them leave to file anything further.[1]

DPPs' Motion also fails to comply with this Court's Preferred Procedures and General Information for Litigants, which require "a party seeking . . . leave to file an amended pleading

---

[1] Indeed, DPPs' Motion is replete with arguments on the merits in support of their Objection and in reply to DAPs' May 26 Response to that Objection. *See, e.g.*, ECF No. 85 at 1 (arguing, "The litigation will proceed more efficiently if the Classes are driving the litigation, rather than the individual plaintiffs"); *id.* at 2 (citing new authority, not cited in their Objection, and arguing that non-class counsel is not entitled to compensation for common-benefit work). DPPs' Motion should be treated as their reply.

or enlarged brief, or similar relief [to] confer with all other parties in the case to determine whether any party objects" and to "indicate whether the motion is opposed." DPPs did not properly confer with DAPs, and their Motion does not indicate whether it is opposed.

The purported basis for DPPs' Motion is that DAPs' Response to their Objection "raised" "new matter and new arguments." ECF No. 85 at 1. This is incorrect. For example, in their Motion, DPPs state that in their reply, they "will provide the Court with the extensive authority" for the proposition that "common benefit authority is inapplicable to the individual actions." ECF No. 85 at 2. But DPPs argued in their original Objection that the common-benefit provisions in DAPs' Proposed Leadership Order are "out of place for non-class municipal plaintiffs because . . . the Court does not exercise the same oversight role over settlement and attorneys' fees in the individual actions that it does in a class action." ECF No. 57 at 5. They cited no authority. DAPs responded to this argument in their Response with abundant authority to the contrary (*see* ECF No. 67 at 10–17); DAPs did not raise a new issue. If DPPs had authority for their positions, they were required to provide it in their Objection.

The Court should deny DPPs' Motion (ECF No. 85), deem the Motion DPPs' reply in support of their Objection, and order that no further briefing on the issues raised in DPPs' Objection is permitted.

Dated May 28, 2026

Respectfully Submitted,

By: /s/ Catherine S. Simonsen

Catherine S. Simonsen (CA SBN 307325)
Thomas G. Mattes (CA SBN 355010)
**SIMONSEN SUSSMAN LLP**
418 Bamboo Lane, Suite C-18
Los Angeles, CA 90012
Tel: (917) 747-5196
Fax: (646) 357-8447

Email: catherine@simonsensussman.com
E-mail: thomas.mattes@simonsensussman.com

Shaoul Sussman (NY SBN 5820782)
Nico Gurian (NY SBN 5590591)
Braden Fain (NY SBN 6198287)
**SIMONSEN SUSSMAN LLP**
307 West 38th Street, 16th Floor
New York, NY 10018
Tel: (646) 693-3929
Fax: (646) 357-8447
Email: shaoul@simonsensussman.com
Email: nico.gurian@simonsensussman.com
Email: braden.fain@simonsensussman.com

Nicolas A. Stebinger (DC SBN 984080)
Victoria R. Sims (DC SBN 1006974)
**SIMONSEN SUSSMAN LLP**
1629 K Street NW, Suite 300
Washington, DC 20006
Tel: (202) 384-3130
Fax: (646) 357-8447
Email: nicolas@simonsensussman.com
Email: victoria.sims@simonsensussman.com

John P. Fiske (CA SBN 249256)
Lindsay R. Stevens (CA SBN 256811)
Jason J. Julius (CA SBN 249036)
**BARON & BUDD, P.C.**
11440 West Bernardo Court, Suite 265
San Diego, CA 92127
Tel: (858) 251-7424
Fax: (214) 523-6600
Email: jfiske@baronbudd.com
Email: lstevens@baronbudd.com
Email: jjulius@baronbudd.com

*Lead Counsel for Direct Action Plaintiffs People of
the State of California, acting by and through the Los
Angeles County Counsel, County of Los Angeles, and
Consolidated Fire Protection District of Los Angeles
County; People of the State of California, acting by
and through the Office of County Counsel, County of
San Diego, County of San Diego, and San Diego
County Fire Protection District; People of the State of
California, acting by and through the San Diego City*

3

*Attorney's Office, and City of San Diego; Ebbetts Pass Fire Protection District; City of Santa Barbara; County of Butte; County of Shasta; City of Oakland; City of Santa Clara; Unified Fire Authority; City of Hartford; City of Portland, Oregon; City of Allentown; City of Portsmouth; City of Green Bay; City of Yonkers; City of Tucson; City of Albuquerque; City of Emeryville; City of Tempe*