# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
### GREEN BAY DIVISION

IN RE: FIRE APPARATUS ANTITRUST LIGTIGATION

This Document Relates To:

All Actions

Case No. 2:26-md-03179-WCG

Hon. William C. Griesbach

## [PROPOSED] ORDER

Upon consideration of the Motion of Direct Purchaser Plaintiff Class for Curative Communication to All Solicited Potential Class Members filed pursuant to Rule 23, the accompanying Memorandum of Law in Support of the Motion, a Joint Declaration of Counsel, and any opposition thereto, in the interests of justice and economy, for the protection and reinforcement of the salutary goals of the Rule 23 class action process, and for the protection of absent members of the putative direct purchaser plaintiff class, it is hereby ORDERED that:

1.      The Motion is GRANTED.

2.      The brochure disseminated by Simonsen Sussman, LLP and Baron & Budd, P.C., and/or their agent(s) attached as Exhibit A to the Joint Declaration of Counsel submitted by the Movants, is incomplete and has the potential to mislead the recipients insofar as it fails to disclose information material to a potential plaintiff's decision to hire representation, including: (1) the existence of a class action arising from similar facts and asserting the same or a similar claim; (2) that counsel has been appointed for the class; and (3) that the Court has the ultimate authority under Rule 23 to oversee the proper conduct of the attorney's and the administration of the litigation.

3.      A curative communication is an appropriate remedy under the circumstances.

4.      The Court hereby approves the request of the Direct Purchaser Plaintiff Class to disseminate a curative communication by email to all recipients who received the brochure on or before the date of this Order.  The approved curative communication shall read as follows:

**COURT-APPROVED NOTICE TO PURCHASERS OF FIRE APPARATUS**

To: Purchasers of Fire Apparatus in the United States

This Notice has been approved by the U.S. District Court for the Eastern District of Wisconsin, in the cases called "In Re: Fire Apparatus Antitrust Litigation, 2:26-md-03179 (E.D. Wis.)" ("the Case").

We are Court-appointed interim co-lead counsel for the direct purchaser class plaintiffs in the Case.

You were sent an attorney advertising brochure about the Case by email.  The purpose of this Notice is to provide you with information about the Case to correct or add to statements in the advertisement.

There are class actions on behalf of a proposed class of direct purchasers of fire apparatus and on behalf of a proposed class of indirect purchasers of fire apparatus.  You, or the municipality or public entity you represent, may be a member of one or both classes. The Court has not yet decided whether those cases may proceed as class actions.  Until the Court decides whether those cases may proceed as class actions, the statute of limitations has been suspended on any antitrust claim you may have within the scope of the Case.

While the proposed class action is pending, you do not need to sue because you may be part of a proposed class.  If there is a recovery for the class(es) in which you may be a member, you may only need to file a claim form at an appropriate time to get your share of any such recovery without taking any other action in the Case.  If there is a recovery, the Court will decide whether and in what amount to award the lawyers for the classes attorneys' fees and reimbursement of expenses out of the recovery.  There will be no additional or specific cost to you.  If the Court certifies a class that includes you, there will be a notice to the class and you will have a choice to remain in the class or to opt out of it. If you prefer, you have the right to hire your own attorneys and pay them yourself to file an individual lawsuit, if you believe that is in your best interest.

If you have any questions about In Re: Fire Apparatus Antitrust Litigation, please feel free to contact us, court-appointed co-lead counsel for the direct purchaser plaintiff class.  Our contact information is below.

| Interim Co-Lead Direct Purchaser Class Counsel: | |
|---|---|
| */s/ Gregory P. Hansel*_____<br>Gregory P. Hansel (WIED No. 607101)<br>Michael S. Smith (WIED No. 004986)<br>Elizabeth F. Quinby (WIED No. 006168)<br>Michael D. Hanify (WIED No. 010257)<br>PRETI, FLAHERTY, BELIVEAU & | *s/ Michael J. Flannery*_____<br>Michael J. Flannery (WIED No. 110084)<br>CUNEO GILBERT FLANNERY &<br>LADUCA, LLP<br>2 CityPlace Drive<br>Second Floor |

PACHIOS, LLP
One City Center
P.O. Box 9546
Portland, ME 04112-9546
Tel: (207)791-3000
ghansel@preti.com
msmith@preti.com
equinby@preti.com
mhanify@preti.com

*s/ Jeffrey A. Barrack*_____
Jeffrey A. Barrack (WIED No. 78438)
Danielle M. Weiss (WIED No. 033342005)
BARRACK, RODOS & BACINE
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Tel.: (215) 963-0600
Fax: (215) 963-0838
E-mail: jbarrack@barrack.com
E-mail: dweiss@barrack.com
Interim Co-Lead Direct Purchaser Class Counsel

Stephen R. Basser (WIED No. 121590)
Samuel M. Ward (WIED No. 216562)
BARRACK, RODOS & BACINE
600 West Broadway, Suite 900
San Diego, CA 92101
Tel.: (619) 230-0800
Fax: (619) 230-1874
E-mail: sbasser@barrack.com
E-mail: sward@barrack.com

St. Louis, MO 63141
Telephone: (314) 226-1015
mflannery@cuneolaw.com

Evelyn Riley
Cody McCracken
CUNEO GILBERT FLANNERY &
LADUCA, LLP
2445 M Street NW
Suite 740
Washington, DC 20037
Telephone: (202) 789-3960
evelyn@cuneolaw.com
cmccracken@cuneolaw.com

William J. Ban (WIED No. 1870690)
BARRACK, RODOS & BACINE
Eleven Times Square
640 8th Avenue, 10th Floor
New York, New York 10036
Tel.: (212) 688-0782
Fax: (212) 688-0783
E-mail: wban@barrack.com

*s/ Joseph R. Saveri*_____
Joseph R. Saveri (WIED No. 130064)
Ronnie Spiegel (WA State Bar No. 33721)
David Seidel (CA State Bar No 307135)
SAVERI LAW FIRM, LLP
550 California Street, Suite 910
San Francisco, California 94108
Tel: (415) 500-6800
Fax: (415) 395-9940
E-mail: jsaveri@saverilawfirm.com
        rspiegel@saverilawfirm.com
        dseidel@saverilawfirm.com

5.    To facilitate dissemination of the curative communication, within 10 days of the date of this Order, Simonsen Sussman, LLP and Baron & Budd, P.C. shall produce to Interim Co-Lead Counsel for the Direct Purchaser Class a list of all municipalities, public entities, and or any legal representative of such municipalities or public entities who were provided a copy of the

brochure, regardless of whether receipt of delivery was acknowledged, and the contact information used to provide the brochure.

6. Within 10 days of the date of this Order, Simonsen Sussman, LLP and Baron & Budd, P.C. shall provide a certification to the Court that a copy of this Order has been provided to all individual plaintiffs, who have filed a complaint in any court that is or is anticipated to be part of this MDL.

7. To prevent any ongoing or future harm to absent putative direct purchaser class plaintiffs from the incomplete, potentially misleading brochure, or any other solicitation communication, to be disseminated by Simonsen Sussman, LLP and Baron & Budd, P.C. or their agent(s) to develop clients for this MDL, including the brochure, must be either be amended to include, or must be accompanied by writing containing the following language:

There is a matter that may be of interest to you pending in U.S. District Court for the Eastern District of Wisconsin, in the cases called "In Re: Fire Apparatus Antitrust Litigation, 2:26-md-03179 (E.D. Wis.)" ("the Case").

There are class actions filed at on behalf of a proposed class of direct purchasers of fire apparatus and on behalf of a proposed class of indirect purchasers of fire apparatus. You, or the municipality or public entity you represent, may be a member of one or both classes. The Court has not yet decided whether those cases may proceed as class actions. Until the Court decides whether those cases may proceed as class actions, the statute of limitations has been suspended on any antitrust claim you may have within the scope of the Case. The Court has appointed interim co-lead counsel to represent those putative classes.

While the proposed class action is pending, you do not need to sue because you may be part of a proposed class. If there is a recovery for the class(es) in which you may be a member, you may only need to file a claim form at an appropriate time to get your share of any such recovery without taking any other action in the Case. If there is a recovery, the Court will decide whether and in what amount to award the lawyers for the classes attorneys' fees and reimbursement of expenses out of the recovery. There will be no additional or specific cost to you. If the Court certifies a class that includes you, there will be a notice to the class and you will have a choice to remain in the class or to opt out of it. If you prefer, you have the right to hire your own attorneys and pay them yourself to file an individual lawsuit, if you believe that is in your best interest.

Dated at Green Bay, Wisconsin this _____ day of _____, 2026.

_____
William C. Griesbach
United States District Judge