UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IN RE: FIRE APPARATUS ANTITRUST LITIGATION          Case No. 26-MD-3179

This document relates to all cases.

## ORDER GRANTING MOTION FOR APPOINTMENT OF
## LEAD COUNSEL FOR IPP CLASS ACTION

After consultation with the parties, the Court decided that this Antitrust MDL case against manufacturers of fire apparatus (fire trucks and the chassis on which they are built) would proceed on three separate tracks:

1) Direct (Non-Class) Individual Plaintiffs Action
2) Direct Purchaser Plaintiffs Class Action
3) Indirect Purchaser Plaintiffs Class Action

This order addresses the competing motions for appointment of lead counsel for the Indirect Purchaser Plaintiff (IPP) Class Action. The City of Rochester has moved for the appointment of the law firm Keller Rohrback (KR) as lead counsel. Dkt. No. 61. The City of La Crosse, City of Onalaska, and Claverack Fire District have moved for the appointment of Hagens Berman Sobol Shapiro, LLP (HB), Crueger Dickinson LLC (CD), and Gustafson Gluek PLLC (GG) as co-lead counsel. Dkt. No. 62. Having considered the respective motions and supporting briefs, the Court grants the latter motion and appoints HB, CD, and GG (collectively, HB et al.) as lead counsel for the IPP Class Action.

Under Federal Rule of Civil Procedure 23(g)(3), the court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Although Rule 23(g)(3) does not specify the criteria for selecting interim counsel, courts

generally use the same criteria that apply to the selection of class counsel. *See* Fed. R. Civ. P. 23(g)(1)–(2); *Walker v. Discover Fin. Servs.*, No. 10–cv–6994, 2011 WL 2160889, at *2 (N.D. Ill. May 26, 2011). Under Rule 23(g)(1)(A), the court must consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (iii) counsel's knowledge of the applicable law; and
> (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). Under Rule 23(g)(2), when more than one applicant meets these criteria, "the court must appoint the applicant best able to represent the interests of the class."

In this case, the Court is satisfied that both KR and HB et al. satisfy the criteria of Rule 23(g)(1)(A) and thus are qualified to serve as interim counsel. Each of the firms has substantial experience handling class actions and other forms of complex litigation. The Court is also satisfied that all of the attorneys described in their respective briefs have knowledge of the applicable law and will commit the necessary resources to representing the class. Like Judge Adelman in *In re Forefront Data Breach Litigation*, the Court is "in the unenviable position of having to choose between eminently qualified counsel." No. 21-cv-887, 2022 WL 20690780, at *2 (E.D. Wis. Jan. 22, 2022).

Two factors lead the Court to conclude that the appointment of HB et al. should be confirmed. First, they have the support of all but one of the IPP counsel. Only the City of Rochester supports the appointment of KR as lead counsel for the IPP class. Counsel for fifteen IPPs support confirmation of the appointment of HB et al. "By far the most common [method for selecting among competing applicants for lead counsel] is the so-called 'private ordering' approach: The lawyers agree who should be lead class counsel and the court approves the selection after a review to ensure that the counsel selected is adequate to represent the class interests."

2

MANUAL COMPLEX LIT. § 21.272 (4th ed.). The fact that a large majority of experienced plaintiffs' counsel agree to the appointment of certain firms is a strong indication that such counsel are well-suited to serve as interim class counsel.

The second factor that the Court finds determinative is that HB et al. have already expended significant time and resources to investigate the IPPs' claims and advance this litigation, including filing the first complaint more than nine months ago. The City of Rochester, which has moved for the appointment of KR as lead counsel, did not file a complaint until after the transfer order by the Judicial Panel on Multidistrict Litigation to this district, and more than eight months after HB et al. filed the first complaint in this action. Moreover, in addition to supporting the confirmation of HB et al., counsel for the other IPPs have shown an ability to work together to further the efficient and orderly presentation of the case. They have moved to appoint O'Neil, Cannon, Hollman, DeJong & Laing S.C. as Liaison Counsel, and to establish a Plaintiffs' Executive Committee (PEC) consisting of the following firms: Cotchett, Pitre & McCarthy LLP; Miller Shah, LLP; Taus, Cebulash & Landau, LLP; Weitz & Luxenberg P.C.; and Zelle LLP. This proposed structure best serves two central considerations governing appointment of interim class counsel: (1) protecting the interests of the class and (2) promoting efficient case management. HB et al. have already coordinated with PEC firms and agreed to file an amended consolidated complaint within one week of appointment—specifically, adding Section 7 claims identified by counsel for Plaintiff City of the Unified Government of Wyandotte County and Kansas City, Kansas at the May 13 Status Conference. And to the extent KR believes there are other legal claims worth pursuing, HB et al. have indicated a willingness to advance other legal theories that are in the best interest of the class.

For these reasons, the motion of the City of La Crosse et al. for appointment of HB et al. as Co-Lead Counsel for the IPP Class (Dkt. No. 62) is **GRANTED**. The motion of the City of

3

Rochester (Dkt. No. 61) is **DENIED**.  The Court will separately enter an order detailing lead counsel's duties at this stage of the proceedings.

  **SO ORDERED** at Green Bay, Wisconsin this __9th__ day of June, 2026.

              _____

              William C. Griesbach
              United States District Judge