IN RE: FIRE APPARATUS ANTITRUST LITIGATION      Case No. 26-MD-3179

This document relates to all cases.

**ORDER REGARDING DUTIES OF LEAD COUNSEL AT PLEADING STAGE**

After consultation with the parties, the Court decided that this Antitrust MDL case against manufacturers of fire apparatus (fire trucks and the chassis on which they are built) would proceed on three separate tracks:

1) Direct (Non-Class) Individual Plaintiffs (DIP) Action
2) Direct Purchaser Plaintiffs (DPP) Class Action
3) Indirect Purchaser Plaintiffs (IPP) Class Action

The decision to proceed on three separate tracks was based on the representations in the status reports that were filed that a separate track for the indirect purchaser group from the direct purchaser group was appropriate because antitrust law applied to indirect purchasers in a substantively different way than it applied to direct purchasers of products. A separate track for the two direct purchaser groups was appropriate because the non-class action direct purchasers were asserting different claims against defendants in addition to those named by the class action direct purchasers.

In the course of the conference call held on May 13, 2026, the Court, without objection, appointed Simonsen Sussman LLP and Baron & Budd P.C. (SSBB) lead counsel for the DIP track. The Court also confirmed Judge Conway's previous appointment of Barrack, Rodos & Bacine; Cuneo Gilbert Flannery & LaDuca, LLP; Preti, Flaherty, Beliveau & Pachios, LLP; and The Saveri Law Firm as Interim Co-Lead Class Counsel for the DPP group, with von Briesen & Roper, s.c.,

as Interim Liaison Counsel. SSBB thereafter submitted a "[Proposed] Order Appointing Lead Counsel And Establishing A Separate Track For The Direct (Non-Class) Actions." Dkt. No. 47. Counsel for the DPP track immediately objected to the proposed order on the ground that it "would vest [SSBB] with sweeping authority over the conduct of [the DIP] track, regardless of the rights of current or future non-class plaintiff municipalities." Dkt. No. 57 at 1. DPP further argued that the Proposed Order "contemplates a role for [SSBB] that would impinge on the duties of class counsel, affect the rights of absent class member municipalities, and make this case more complicated and less efficient than it would otherwise be." *Id.* at 1–2. Defendants also objected to the Proposed Order, arguing that it went well beyond the appointment of SSBB as lead counsel for the direct (non-class) individual plaintiffs action and addressed "an array of other case management issues that should be addressed in a case management order pertaining to all actions." Dkt. No. 60 at 1.

The Court agrees with Defendants. This case is at the pleading stage. The role of Lead Counsel for the three separate tracks at this stage is, after fully consulting with counsel for the individual Plaintiffs in each track, to file a consolidated complaint that sets forth the claims to be asserted by the Plaintiffs in that track and identify the Defendants against whom those claims are asserted. Defendants have indicated that they intend to file motions to dismiss each of the complaints. Entry of a comprehensive Case Management Order can await resolution of those motions. The anticipated motion practice will likely clarify the differences between the three tracks and give the parties the opportunity to consult with one another and perhaps reach agreement as to how the case can proceed to a just, speedy, and inexpensive determination of the cases, to the extent possible.

Accordingly, the duties of lead counsel for all three tracks identified by the Court at this stage of the litigation are to consult with counsel for the individual Plaintiffs in each track and to

2

file a consolidated complaint that sets forth the claims to be asserted by the Plaintiffs in that track and identify the Defendants against whom those claims are asserted.

**SO ORDERED** at Green Bay, Wisconsin this <u>9th</u> day of June, 2026.

William C. Griesbach
United States District Judge