# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
## GREEN BAY DIVISION

|  |  |
|---|---|
| IN RE: FIRE APPARATUS ANTITRUST LIGTIGATION | Case No. 2:26-md-03179-WCG<br><br>Hon. William C. Griesbach |

## JOINT REPLY OF CLASS COUNSEL IN SUPPORT OF MOTION FOR CURATIVE COMMUNICATION TO ALL SOLICITED ABSENT CLASS MEMBERS

25763468.2

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………………………...ii

I.  NCAP Counsel's response concedes the factual underpinnings establishing that the Solicitation was incomplete and misleading.................................................................................2

II. The response cites no case that demonstrates counsel may employ misleading advertisements to solicit potential plaintiffs or putative absent class members.........................5

III. The non-class action complaints are not substantially different. ...................................................6

IV. The response asserts that no plaintiff or prospective plaintiff was misled without providing support for that conclusion.........................................................................................9

V.  Conclusion....................................................................................................................................10

25763468.2

# TABLE OF AUTHORITIES

**Cases**

*Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974) .................................................................. 7

*Calobrace v. Am. Nat'l Can Co.,* 1995 U.S. Dist. LEXIS 1348 (N.D. Ill. Feb. 2, 1995) ............................ 6

*Flynn v. FCA US, LLC,* 39 F.4th 946 (7th Cir. 2022) ................................................................. 7

*Fox v. Saginaw Cnty.,* 35 F.4th 1042, 1048 (6th Cir. 2022) ..................................................... 3, 5

*Gulf Oil v. Bernard,* 452 U.S. 89 (1981) ............................................................................. 3

*In re McKesson HBOC, Inc. Secs. Litig.,* 126 F. Supp. 2d 1239 (N.D. Cal. 2000) .............................. 3, 4, 6

*Masonek v. Wells Fargo Bank*, 2009 WL 10672345 (C.D. Cal. Dec. 21, 2009) ......................................... 5

*Sierra Club v. Khanjee Holding (US) Inc.*, 655 F.3d 699 (7th Cir. 2011) ........................................... 7

*Slamon v. Carrizo (Marcellus) LLC*, 2018 WL 3615989 (M.D. Pa. July 27, 2018) .................................... 5

*Thomas v. Trs. of Ind. Univ.,* 2018 U.S. Dist. LEXIS 198454 (S.D. Ind. Nov. 21, 2018) ........................... 6

25763468.2

This motion is simple:  Counsel for lawyers seeking to represent individual plaintiffs sent marketing materials to huge numbers of cities and local municipalities. The goal was to solicit those targets to file antitrust claims.  They sent those marketing materials to absent class members. The materials were inaccurate, incomplete and, ultimately, misleading.  In particular, their advertisements omitted the fact that the claims of the targeted municipalities were already covered by two class actions pending in this Court.  The advertisement presented a false and misleading binary choice that municipalities and public entities across the country could either (a) hire those lawyers and file a separate lawsuit individually; or (b) miss out on any chance of recovery.   There is no First Amendment right for misleading advertisements, including lawyer solicitations.  This motion simply asks that a corrective communication be sent to every recipient of Non-Class Action Plaintiff ("NCAP") Counsel's Solicitation[1] so that absent class members are appropriately informed when making the decision to hire counsel to pursue an independent action or to remain absent class members.  Countless other courts have required the same.

Contrary to NCAP Counsel's response, this motion is far from an effort to impermissibly limit speech.  ECF 90 at 15 n. 13.  Class Counsel[2] acknowledge that absent class members may choose to bring their own individual lawsuit but believe those municipalities and public entities should have all the information necessary to make an informed decision, and lawyers have a duty to provide that information.  They may not manipulate those with potential claims through misleading advertisements.  Likewise, this is not an effort in any way to discredit or "tarnish"

---

[1] "Solicitation" is used as defined in the opening memorandum of law.  ECF 90 at 1.

[2]  On June 3, 2026, the Indirect Purchaser Plaintiffs for themselves and on behalf of the putative Indirect Purchaser Plaintiff Class ("IPPs") filed a Joinder to DPPs' Motion. (ECF 93).  This Reply is a joint submission by DPPs and IPPs (collectively, "Classes").  Interim Co-Lead Counsel for both Classes are referred to as "Class Counsel."

25763468.2

NCAP Counsel.  ECF 96 at 1.  By this motion, class counsel are seeking to protect the integrity of the class action, to ensure that absent class members are not misled, to address manipulative conduct, and to promote informed decisions.

NCAP Counsel devote much of their response to the notion that their claims differ from those asserted by the classes.  But even if there are small differences in the complaints, NCAP Counsel do not explain how that excuses false or misleading advertising to absent class members who are not informed about the related pending class actions.  Viewed from the lens of the absent class member, who is provided no information about the class actions, the Solicitation is incomplete, misleading, and requires corrective notice.   NCAP Counsel's response and explanations fail to resolve the concerns Class Counsel have raised.  The Court should grant the motion and order a corrective communication.

## I.   NCAP Counsel's response concedes the factual underpinnings establishing that the Solicitation was incomplete and misleading.

The issue here is whether the Solicitation is misleading or potentially misleading: that is, whether the brochure contains the information necessary to allow absent class members to make an informed decision about hiring counsel to bring an individual, non-class action or to remain an absent class member. The brochure scrupulously omits any reference to the class actions and instead suggests that the only two choices are: (a) to hire counsel and become an individual plaintiff; or (b) forego any recovery.

NCAP Counsel concede key points: (1) the brochure was lawyer advertising; (2) that legal advertising may be regulated to ensure that it provides a potential client with sufficient information from which to make an informed decision about the engagement for representation; (3) that numerous courts have held that in lawyer advertising for cases where a class action is pending, any solicitation of absent class members must, at minimum, disclose the existence of the class actions

2

and any identify class counsel appointed under Rule 23(g) and the financial terms of the potential representation and must note the court is charged with overseeing litigation fees and expenses in class actions by law, but may not necessarily play that role in an individual, non-class action.[3] *See* ECF 90 at 9-10 (discussing the requirements of appropriate lawyer advertising). When choosing to solicit putative absent class members, lawyers must make statements that are complete and accurate. When they do not, the court may intervene. *E.g., Gulf Oil v. Bernard,* 452 U.S. 89, 99-100 (1981).

Rather than attempting to show that the brochure complies with these standards, the response argues that the Solicitation does not need to disclose the existence of the class actions because the claims brought by NCAPs are not identical to the class claims. That excuse is meritless. Whether a lawyer advertisement is accurate or misleading does not turn on the similarity of the pleadings or legal theories. The issue is whether that advertisement was sufficiently complete to provide for reasoned decision-making. *E.g., In re McKesson HBOC, Inc. Secs. Litig.,* 126 F. Supp. 2d 1239, 1243 (N.D. Cal. 2000).

In any event, there is no serious dispute that the claims brought by NCAPs and by the class actions are almost entirely overlapping. The complaints all allege that anticompetitive conduct by the manufacturers of fire apparatus raised prices, lowered output, and harmed municipalities in overpayments. Indeed, the Judicial Panel on Multidistrict Litigation ("JPML") held these cases overlap: "we find these actions involve common questions of fact." ECF 1.

NCAP Counsel do not dispute that they solicited absent class members for a case in which class actions covering the same or similar claims and seeking the same relief were already pending.

---

[3] *E.g., Fox v. Saginaw Cnty.,* 35 F.4th 1042, 1048 (6th Cir. 2022) (finding that solicitation communication was misleading where soliciting firm "undermined 'the goal of informed consent'").

25763468.2

Nor do they dispute that they omitted and did not disclose the existence of those class actions. Under the circumstances, the Solicitation is misleading for its failure to meet the undisputed standards for appropriate legal advertising to putative absent class members.

Rather than explaining how the Solicitation complies with the standard, NCAP Counsel claim the First Amendment shields them from any obligation to provide complete information to potential clients. There is no right (First Amendment or otherwise) to mislead. *E.g., generally, McKesson,* 126 F. Supp. 2d 1245.[4] The question before the Court is not whether lawyers may solicit—they are permitted to do so. ECF 90 at n.13. The question is whether the Solicitation was misleading or manipulative, and, if so, whether a correction is warranted.

The Motion demonstrates the following undisputed facts:

- NCAP Counsel corresponded with and attempted to solicit a represented party in this MDL (City of Philadelphia) regarding the subject of this litigation and did not include the party of record's outside counsel in the communication;

- NCAP Counsel attempted to reach absent class members through court-appointed Co-Lead Counsel, more than once;

- The brochure does not disclose that there are pending class actions pending for which the targeted municipalities are putative absent class members;

- The brochure does not inform recipients that paying NCAP Counsel on a contingent fee basis may be more costly than remaining in whichever class, or both classes, to which the recipients may belong, because, if certified, each class will collectively

---

[4] There is no relevance to what Class Counsel said at the initial conference to the issue at hand, Class Counsel's statements have nothing at all to do with whether *the Solicitation* is misleading or potentially misleading. As to the timing of the filing and as to when the Solicitation was disseminated the response to the Motion suggests facts that are not of record. See, ECF 96 at 4. In particular, nothing submitted with the Motion states *when* City of Philadelphia's law department received the Solicitation or informed its outside counsel of receipt of the Solicitation. ECF 91 at ¶ 9. Thus, NCAP Counsel's reference to the timing of this motion is *apropos* of nothing. For purposes of this Motion, the relevant, unrebutted, and significant fact is that NCAP Counsel directly communicated with a represented named party without copying its counsel of record in that litigation. It is indisputable that since November 14, 2025, City of Philadelphia has been an active litigant in this matter, a fact easily ascertained by any attorney through a search on PACER. February 2026 is *after* November 2025.

25763468.2

- share in legal fees and expenses or that Rule 23, which applies to the administration of class actions only, requires the Court to oversee and approve fees and expenses;

- The brochure does not inform recipients about the difference in effort that is required of a non-class plaintiff compared to an absent class member. The plaintiffs in non-class cases are subject to discovery, whereas absent class members are not.

- The first NCAP complaint was filed on February 12, 2026, *after* the class actions were filed and *after* at least one direct purchaser plaintiff and one indirect purchaser plaintiff already had filed a class action asserting claims under Clayton Act § 7 to recover for a nationwide class for damages associated with attempted monopolization arising out of targeted mergers and acquisitions; and

- "Every single NCAP remains a silent member of the IPP or DPP class to the extent it fits into the class definition." ECF 96 at 27.

Accordingly, the brochure omits information required to avoid misleading and manipulating targets of the solicitation. There can be no serious dispute that when soliciting clients to file suits in this MDL, counsel is obligated to do so in a non-misleading way. *See, e.g., Fox,* 35 F.4th at 1045.

## II. The response cites no case that demonstrates counsel may employ misleading advertisements to solicit potential plaintiffs or putative absent class members.

First Amendment protection for commercial speech is not absolute and does not protect misleading client solicitations. *See, e.g.*, *Masonek v. Wells Fargo Bank*, 2009 WL 10672345, at *3 (C.D. Cal. Dec. 21, 2009) (solicitation that "encouraged absent class members to pursue individual actions . . . without properly explaining the nature of a class action" was "clearly misleading and confusing"); *Slamon v. Carrizo (Marcellus) LLC*, 2018 WL 3615989, at *3 (M.D. Pa. July 27, 2018) (failure to disclose to putative class members the existence of pending class action was "patently misleading").

Importantly, proof of any intent to mislead is not required for the Court to order a curative communication. The issue is not the state of the mind of the lawyers but the accuracy of the representation and the informed choice of absent class members. A curative communication is

warranted to address the insufficiency of the communication, not as punishment to those who made it. For this reason, in similar circumstances, other courts have looked at whether the communication provided necessary information to allow the recipient to make an informed decision about whether to hire counsel, without any regard to intent. *McKesson,* 126 F. Supp. 2d at 1243 ("The court has a duty to ensure that all putative class members have a *genuine choice* whether or not 'to intervene and present claims or defenses, or otherwise come into the action.'" (emphasis added)). The relief this motion seeks is appropriate even assuming the failure to mention the class actions was a mistake.[5]

The response attempts to distinguish cases based on so-called factual distinctions that are without a difference. The response does not cite any case where a comparable request for a curative communication to solicited putative absent class members was denied on grounds that the First Amendment permits attorneys to use misleading advertisements to secure a representation. Instead, it cites to two inapposite cases, relegating the discussion to a footnote. *See* ECF 96 at n.21 (citing *Calobrace v. Am. Nat'l Can Co.,* 1995 U.S. Dist. LEXIS 1348, at *12 (N.D. Ill. Feb. 2, 1995); *Thomas v. Trs. of Ind. Univ.,* 2018 U.S. Dist. LEXIS 198454, at *12-15 (S.D. Ind. Nov. 21, 2018)). Thus, the First Amendment argument is unavailing.

## III. The non-class action complaints are not substantially different.

NCAP Counsel's response argues that the Solicitation does not need to mention the class actions because it seeks to attract clients for a substantially different lawsuit. It further argues that for that same reason, the brochure need not advise absent class members that the statute of limitations is tolled during the pendency of the class actions (*see Am. Pipe & Const. Co. v. Utah,*

---

[5] Law.com published an article about the Motion after it was filed. The article itself demonstrates the potential of the Solicitation to mislead or to create confusion. *See,* Joint Declaration of DPP Co-Lead and Liaison Counsel in Further Support of Motion for Curative Communication at ¶¶ 8-9.

25763468.2

414 U.S. 538, 551 (1974)), or otherwise inform potential plaintiffs of any other relevant considerations, such as the financial terms and conditions of the representation as compared to the benefits of joining the class actions. The response provides no authority for their position.[6]

Indeed, the NCAP Counsel have already made and lost their argument that the NCAP complaints and the class complaints set forth substantially different legal matters when they argued before the Judicial Panel on Multidistrict Litigation ("JPML"). There, NCAP Counsel objected to being consolidated with the class actions in the Eastern District of Wisconsin. ECF 1 at 3. But the JPML overruled the objection finding that all the cases overlapped. *Id.* Moreover, the JPML held that the objecting parties could challenge the Panel's Order on this issue. *Id.* at 3. No challenge was ever filed by any of the NCAPs who participated in the MDL proceeding before the transfer, nor have any other individual plaintiffs challenged transfer to this MDL after the transfer. This issue has thus already been decided. *See, e.g., Flynn v. FCA US, LLC,* 39 F.4th 946, 954-55 (7th Cir. 2022) (holding that where "there are 'no significant differences in the legal landscape' since the prior ruling, courts may apply law of the case and refuse to reconsider the precise jurisdictional issue previously decided" (quoting *Sierra Club v. Khanjee Holding (US) Inc.*, 655 F.3d 699, 705 (7th Cir. 2011))). The JPML continues to coordinate individual complaints into this MDL as they are filed.

The JPML got it right. The distinctions NCAP Counsel attempt to draw do not make the NCAP cases substantially different from the class cases. NCAP Counsel focus only on the allegations pertaining to the alleged horizontal price-fixing conspiracy by the various Manufacturer Defendants the classes assert under Sherman Act § 1, a claim not asserted in any of

---

[6] As shown by the pending complaints, the differences between the complaints are small, at best. The non-class action complaints raise claims that largely duplicate the direct purchaser claims brought under federal law and the indirect purchaser claims brought under state law.

their many complaints.  ECF 96 at 12-17.  NCAP Counsel also argue that the individual complaints are uniquely focused on obtaining relief for attempted monopolization of the market.  *Id.*  Despite dedicating roughly 5 pages of their response to this argument, NCAP Counsel seem to ignore that one of the DPP class actions asserted the same or similar claims *before* February 12, 2026. *See, City of Revere v. AIP, LLC, et al.,* 1:25-cv-13461 (D. Mass) at ECF 1 at ¶¶ 10, 11, 235-239, 240-250 (filed Nov. 19, 2025).  Additionally, at least one IPP class plaintiff also asserted a Clayton Act Section 7 claim before February 12, 2026.  *See City of Arcadia v. Oshkosh Corp., et al.,* 1:25-cv-02005 (E.D. Wis.) at ECF 1 at ¶¶ 167-171 (filed Dec. 22, 2025).  The individual complaints, which came after the class action complaints, were not the first to assert these claims.

Further, since at least March 11, 2026, when DPPs filed their Consolidated Amended Complaint ("CAC") in this Court, it has been clear that the DPP class claims continue to maintain claims for both horizontal price fixing and Clayton Act Section 7 and attempted monopolization claims.  *See,* 1:25-cv-01252 (E.D. Wis.) at ECF 90 at ¶¶ *e.g.,* 249-253; 254-264.  The DPP CAC was filed before many of the recent individual complaints asserting the same claims.  This position has not changed since DPPs filed their First Amended Consolidated Class Action Complaint on May 22, 2026. ECF 59 at ¶¶ *e.g.,* 282-286; 287-297; 298-303; 304-310. Likewise, the IPP class is also pursuing both horizontal price fixing claims and is asserting a Clayton Act Section 7 claim in their Second Amended Consolidated Class Action Complaint. ECF 108 at ¶¶ *e.g.,* 184-192, 338-362.  The IPP Second Amended Consolidated Class Action Complaint was filed on June 16, 2026, but NCAP Counsel have been on notice of an IPP Clayton Act Section 7 claim since at least December 22, 2025. *City of Arcadia v. Oshkosh Corp., et al.,* 1:25-cv-02005 (E.D. Wis.) at ECF 1 at ¶¶ 167-171 (filed Dec. 22, 2025).

These cases are similar. They may not be identical, but they do not need to be. The response even concedes that NCAPs are putative class members. ECF 96 at 2. But whether the cases are identical is not a relevant issue. The issue here is whether municipal decisionmakers receiving the brochure would have sufficient information to make an informed decision whether to file an individual action or to "ride along" with the class actions. Of course, for that informed decision to take place, the potential plaintiffs would need to know about the class actions.

## IV. The response asserts that no plaintiff or prospective plaintiff was misled without providing support for that conclusion.

NCAP Counsel's response asserts, *ipse dixit*, that no absent class member was misled by the Solicitation. NCAP Counsel then "attest" that every absent class member they reached "was aware of the class cases" without offering any support. ECF 96 at 17 (citing ECF 97 at ¶¶ 7-8 and ECF 99 at ¶¶ 4-7). NCAP Counsel offers three self-serving declarations, that, among other things, offer the subjective opinions of attorneys John P. Fiske and Thomas L. Young, about a so-called deliberative process by various, unidentified municipalities, of which they are somehow aware, without averring their participation in any public hearing or providing any supportive documentation about any such deliberation or process.

NCAP Counsel insist the brochure was merely a tool used to open a line of communication with sophisticated lawyers representing municipalities and public entities, as though that somehow obviates the legal requirements of making non-misleading solicitation communications, and state that in subsequent, undocumented communications, all of the necessary information was provided to recipients of the brochure without any substantiation. ECF 97 at ¶¶ 7-10 and ECF 99 at ¶¶ 4-12. This does not address the manipulative effect of the false choice between signing up with the NCAP Counsel or foregoing any claim that is created by the brochure—*i.e.*, the initial contact.

25763468.2

This begs additional questions about the referenced subsequent communications, including what necessary information was later provided to mitigate confusion.

NCAP Counsel alone possess any evidence that could rebut the Motion, including the transmittal emails that accompanied the brochure sent to City of Philadelphia and municipalities potentially represented by Preti, as described in the Declaration offered in support of the Motion. ECF 91 at ¶¶ 9-10. To avoid putting communications into the record that might place NCAP Counsel in a more negative light than is necessary to prevail on the Motion, DPP Counsel is withholding those communications unless the Court requests to review them *in camera*. ECF 91, ¶ 10. NCAP Counsel chose not to submit them or any other communications that might support the statements offered in their Declarations.

The absence of competent proof speaks volumes. NCAP Counsel asks the Court to conclude that absent class members they solicited were fully informed of all necessary facts. But where the possessor of would-be conclusive facts elects to withhold them, the opposite is at least if not more likely to be true. Ordinary prudence counsels in favor of making sure recipients of the Solicitation were not misled.

## V. Conclusion

For all of the reasons set forth in the Motion (ECF 89), the supporting memorandum (ECF 90), the accompanying Declaration of Counsel in Support (ECF 91) and the exhibits thereto, and in this Reply, Movants respectfully seek entry of the proposed order (ECF 89-1) that (1) approves the proposed corrective notice to all recipients of the Solicitation to be sent by Class Counsel; (2) directing Simonsen Sussman and Baron & Budd, LP and/or their lead generator agent(s) to produce within 10 days a mailing list of all putative class members they solicited to file individual actions; and (3) an instruction governing any future solicitation efforts by NCAP Counsel to avoid misleading any absent class members who may yet receive the Solicitation.

Dated: June 22, 2026

Respectfully submitted:

*s/ Gregory P. Hansel*
Gregory P. Hansel (WIED No. 607101)
Michael S. Smith (WIED No. 004986)
Elizabeth F. Quinby (WIED No. 006168)
Michael D. Hanify (WIED No. 010257)
PRETI, FLAHERTY, BELIVEAU &
PACHIOS, LLP
One City Center
P.O. Box 9546
Portland, ME 04112-9546
Tel: (207)791-3000
ghansel@preti.com
msmith@preti.com
equinby@preti.com
mhanify@preti.com

*Interim Co-Lead Direct Purchaser Class
Counsel*

*s/ Michael J. Flannery*
Michael J. Flannery (WIED No. 110084)
CUNEO GILBERT FLANNERY &
LADUCA, LLP
2 CityPlace Drive
Second Floor
St. Louis, MO 63141
Telephone: (314) 226-1015
mflannery@cuneolaw.com

*Interim Co-Lead Direct Purchaser Class
Counsel*

*s/ Beth J. Kushner*
Beth J. Kushner, SBN 1008591
Christopher E. Avallone, SBN 1095465
von BRIESEN & ROPER, s.c.
411 East Wisconsin Avenue, Suite 1000
Milwaukee, WI 53202
Tel: (414) 276-1122
beth.kushner@vonbriesen.com
christopher.avallone@vonbriesen.com

*Interim Direct Purchaser Class Liaison
Counsel*

Evelyn Riley*
Cody McCracken*
CUNEO GILBERT FLANNERY &
LADUCA, LLP
2445 M Street NW
Suite 740
Washington, DC 20037
Telephone: (202) 789-3960
evelyn@cuneolaw.com
cmccracken@cuneolaw.com

*Interim Co-Lead Direct Purchaser Class
Counsel*

11

s/ Jeffrey A. Barrack

Jeffrey A. Barrack (WIED No. 78438)
Danielle M. Weiss (WIED No. 033342005)
BARRACK, RODOS & BACINE
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Tel.: (215) 963-0600
Fax: (215) 963-0838
E-mail: jbarrack@barrack.com
E-mail: dweiss@barrack.com
*Interim Co-Lead Direct Purchaser Class
Counsel*

Stephen R. Basser (WIED No. 121590)
Samuel M. Ward (WIED No. 216562)
BARRACK, RODOS & BACINE
600 West Broadway, Suite 900
San Diego, CA 92101
Tel.: (619) 230-0800
Fax: (619) 230-1874
E-mail: sbasser@barrack.com
E-mail: sward@barrack.com
*Interim Co-Lead Direct Purchaser Class
Counsel*

12

25763468.2

William J. Ban (WIED No. 1870690)
BARRACK, RODOS & BACINE
Eleven Times Square
640 8th Avenue, 10th Floor
New York, New York 10036
Tel.: (212) 688-0782
Fax: (212) 688-0783
E-mail: wban@barrack.com

*Interim Co-Lead Direct Purchaser Class
Counsel*

*/s/ Steve W. Berman*
Steve W. Berman (Bar #12536)
Moses Jehng (Bar #64333)
Stephanie Verdoia (Bar #58636)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
Email: moses.jehng@hbsslaw.com
Email: stephaniev@hbsslaw.com

*/s/ Daniel C. Hedlund*
Daniel C. Hedlund (Bar #025833)
Joshua J. Rissman (Bar #0391500)
Frances Mahoney-Mosedale (Bar #402741)
Gabrielle M. Kolb (Bar #504386)
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 S Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
Email: dgustafson@gustafsongluek.com
Email: dhedlund@gustafsongluek.com
Email: jrissman@gustafsongluek.com
Email: fmahoneymosedale@gustafsongluek.com
Email: gkolb@gustafsongluek.com
*Interim Co-Lead Counsel for Indirect
Purchaser Plaintiffs*

*s/ Joseph R. Saveri*
Joseph R. Saveri (WIED No. 130064)
Ronnie Spiegel (WA State Bar No. 33721)*^
David Seidel (CA State Bar No 307135)*
SAVERI LAW FIRM, LLP
550 California Street, Suite 910
San Francisco, California 94108
Tel: (415) 500-6800
Fax: (415) 395-9940
E-mail: jsaveri@saverilawfirm.com
         rspiegel@saverilawfirm.com
         dseidel@saverilawfirm.com

*Application for Admission to be filed
^ Located in Washington State

*/s/ Erin K. Dickinson*
Erin Dickinson (Bar #1036707)
Charles Crueger (Bar #1029825)
CRUEGER DICKINSON LLC
4532 North Oakland Avenue
Milwaukee, WI 53211
Telephone: (414) 210-3868
Email: ekd@cruegerdickinson.com
Email: cjc@cruegerdickinson.com

13

James R. Martin
Sabrina A. Nelson
Noah Wolfenstein
Desmond Sims
ZELLE LLP
1775 Pennsylvania Avenue, NW Suite 375
Washington, DC 20006
Telephone: (202) 899-4100
Fax: (612) 336-9100
Email: jhackett@zellelaw.com
Email: jmartin@zellelaw.com
Email: snelson@zellelaw.com
Email: nwolfenstein@zellelaw.com
Email: dsims@zellelaw.com

*Executive Committee Chair for Indirect
Purchaser Plaintiffs*

James C. Shah
Natalie Finkelman Bennett
MILLER SHAH LLP
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Ph. 866-540-5505
Email: jcs@millershah.com
Email: nfinkelman@millershah.com

*Executive Committee Counsel for Indirect
Purchaser Plaintiffs*

Paul F. Novak
Casey Verville
Milena Lai
WEITZ & LUXENBERG, P.C.
Fisher Building
3011 West Grand Blvd., 24th Floor
Detroit, MI 48202
Phone: (313) 800-4170
Fax: (646) 293-7992
Email: pnovak@weitzlux.com
Email: cverville@weitzlux.com
Email: mlai@weitzlux.com

*Executive Committee Counsel for Indirect
Purchaser Plaintiffs*

Adam J. Zapala
Elizabeth T. Castillo
Christopher F. Jeu
Christian S. Ruano
Lauren A. Devens
COTCHETT, PITRE & McCARTHY LLP
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
azapala@cpmlegal.com
ecastillo@cpmlegal.com
cjeu@cpmlegal.com
cruano@cpmlegal.com
ldevens@cpmlegal.com

*Executive Committee Counsel for Indirect
Purchaser Plaintiffs*

Kevin Landau
Brett Cebulash
Miles Greaves
TAUS, CEBULASH & LANDAU, LLP
123 William Street, Suite 1900A
New York, New York 10038
Telephone: 646-873-7654
Facsimile: 212-931-0703
Email: klandau@tcllaw.com
Email: bcebulash@tcllaw.com
Email: mgreaves@tcllaw.com

*Executive Committee Counsel for Indirect
Purchaser Plaintiffs*

Douglas P. Dehler (Bar #1000732)
Joseph D. Newbold (Bar #1085294)
O'NEIL, CANNON, HOLLMAN,
DEJONG & LAING S.C.
111 E. Wisconsin Avenue, Suite 1400
Milwaukee, Wisconsin 53202
Phone: (414) 276-5000
Email: doug.dehler@wilaw.com
Email: joe.newbold@wilaw.com
*Liaison Counsel for Indirect Purchaser
Plaintiffs*

14

25763468.2