IN RE: FIRE APPARATUS ANTITRUST LITIGATION          Case No. 26-MD-3179

This document relates to all cases.

## ORDER GRANTING MOTION FOR CURATIVE COMMUNICATION
## TO ALL SOLICITED POTENTIAL CLASS MEMBERS

The Direct Purchaser Plaintiff Class (DPPC) moves for issuance of a curative communication to potential class members in this MDL litigation to correct the allegedly misleading or incomplete solicitation sent to those members by the law firms Simonsen Sussman, LLP, and Baron & Budd, P.C., Individual Action Coordinating Counsel (IACC). Dkt. No. 89. "The judge has ultimate control over communications among the parties, third parties, or their agents and class members on the subject matter of the litigation to ensure the integrity of the proceedings and the protection of the class." MANUAL FOR COMPLEX LITIGATION. (FOURTH) § 2133. "Corrective or prophylactic notice to potential class members may be ordered under Rule 23(d)9 at any stage of the proceedings, including the precertification stage." *Id.* n.917 (citing *Ralph Oldsmobile, Inc. v. Gen. Motors Corp.*, No. 99-CV-4567, 2001 WL 1035132, at *7 (S.D.N.Y. Sept. 7, 2001) (ordering curative notice for improper precertification communications)). "Because of the potential of abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981).

Upon consideration of the Motion of DPPC for Curative Communication to All Solicited Potential Class Members filed pursuant to Rule 23 of the Federal Rules of Civil Procedure (Dkt.

No. 89); the accompanying Memorandum of Law in Support of the Motion (Dkt. No. 90); a Joint Declaration of Counsel (Dkt. No. 91); and the opposition thereto by IACC (Dkt. No. 96); now, in the interests of justice and economy, for the protection and reinforcement of the salutary goals of the Rule 23 class action process, and for the protection of absent members of the putative direct purchaser plaintiff class, the Court concludes that the motion should be granted. The Court has modified the proposed Notice requested by the DPPC to take into consideration the argument of the IACC that its individual actions include additional claims against additional parties than those in the class action complaints.

The Court notes that the fact the IACC is not seeking class certification under Rule 23 at this time does not mean that a class consisting of the parties it is representing will not be eventually certified. "While the language of Rule 23 generally refers to actions 'brought' or 'maintained' as class actions, nothing in the rule prohibits *sua sponte* class certification." *In re N. Dist. of Cal. Dalkon Shield IUD Prods. Liab. Litig.*, 521 F. Supp. 1188, 1192 (N.D. Cal. 1981), *vacated on other grounds*, 693 F.2d 847 (9th Cir. 1982). "[T]he district judge has an obligation to *sua sponte* determine whether an action shall proceed as a class action notwithstanding a motion from either party." *Id.* Thus, if it later appears that the claims asserted by the IACC on behalf of its clients meet the requirements of Rule 23(b), the concerns expressed by the DPPC may become moot. Nevertheless, given the present posture of the case, those concerns warrant action by the Court.

The Court recognizes, as the court explained in *In re McKesson HBOC, Inc. Securities Litigation*, that "[t]here may be circumstances in which putative class members would seek separate representation and enter into agreements with their attorneys that give the attorneys authorization to opt out of a class." 126 F. Supp. 2d 1239, 1244 (N.D. Cal. 2000). But as that court went on to explain:

> [W]hen the agreements are solicited by mass mailings and over the Internet, and when retaining separate counsel is as easy as pressing a "Click Here" button on a web page, the prospects for abuse are simply too great. This is particularly true when the agreement—such as this one—is made on a contingency fee basis and without the benefit of an understanding of the class action process and the court's supervision of fees. Locking putative class members into such representations would needlessly multiply this litigation and severely disrupt the effectiveness of the class-action device.

*Id.*; *see also Fox v. Saginaw Cnty., Michigan*, 35 F.4th 1042, 1048 (6th Cir. 2022) (holding that failure to inform members of putative class action, both before and after certification, of existence of class action may undermine "goal of informed consent" and "undercut court's duty under Rule 23 to 'present fair recital of the subject matter of the suit and to inform all class members of their opportunity to be heard'").

Upon consideration of the arguments of counsel and mindful of its "duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties," *Gulf Oil*, 452 U.S. at 100, the Court finds that the brochure disseminated by Simonsen Sussman, LLP and Baron & Budd, P.C., and/or their agent(s), attached as Exhibit A to the Joint Declaration of Counsel submitted by the Movants (Dkt. No. 91-1), is incomplete and has the potential to mislead the recipients insofar as it fails to disclose information material to a potential plaintiff's decision to hire representation, including (1) the existence of a class action arising from similar facts and asserting the same or similar claims; (2) that counsel has been appointed for the class; and (3) that the Court has the ultimate authority under Rule 23 to oversee the proper conduct of the attorneys and the administration of the litigation. Based upon that finding, **IT IS HEREBY ORDERED** that:

1.     The Motion is **GRANTED**.

2.     A curative communication is an appropriate remedy under the circumstances.

3

3.     The Court hereby approves the request of the DPPC to disseminate a curative communication by email to all recipients who received the brochure on or before the date of this Order.  The approved curative communication shall read as follows:

**COURT-APPROVED NOTICE TO PURCHASERS OF FIRE APPARATUS**

To: Purchasers of Fire Apparatus in the United States

This Notice has been approved by the U.S. District Court for the Eastern District of Wisconsin, in the cases called "In Re: Fire Apparatus Antitrust Litigation, 2:26-md-03179 (E.D. Wis.)" ("the Case").

We are Court-appointed interim co-lead counsel for the direct purchaser class plaintiffs in the Case.

You were sent an attorney advertising brochure about the Case by email.  Although the attorneys who sent the brochure may be asserting different or additional claims against the same and additional parties, the United States Judicial Panel on Multidistrict Litigation has concluded that the claims they have asserted overlap and involve common questions of fact with the claims asserted in the class action complaints that have been filed in the Case.  The purpose of this Notice is to provide you with additional information about the Case.

There are class actions on behalf of a proposed class of direct purchasers of fire apparatus and on behalf of a proposed class of indirect purchasers of fire apparatus.  You, or the municipality or public entity you represent, may be a member of one or both classes. The Court has not yet decided whether those cases may proceed as class actions.  Until the Court decides whether those cases may proceed as class actions, the statute of limitations has been suspended on any antitrust claim you may have that are asserted in the proposed class actions.

While the proposed class action is pending, you do not need to sue the same parties on the same claims as those asserted in the proposed class actions because you may be part of a proposed class.  If there is a recovery for the class(es) in which you may be a member, you may only need to file a claim form at an appropriate time to get your share of any such recovery without taking any other action in the Case.  If there is a recovery, the Court will decide whether and in what amount to award the lawyers for the classes attorneys' fees and reimbursement of expenses out of the recovery.  There will be no additional or specific cost to you.  If the Court certifies a class that includes you, there will be a notice to the class and you will have a choice to remain in the class or to opt out of it. If you prefer, you have the right to retain your own attorneys to file an individual lawsuit, if you believe that is in your best interest.

If you have any questions about the class actions in In Re: Fire Apparatus Antitrust Litigation, please feel free to contact us, court-appointed co-lead counsel for the direct purchaser plaintiff class.  Our contact information is below.

Interim Co-Lead Direct Purchaser Class Counsel:

/s/ Gregory P. Hansel
Gregory P. Hansel (WIED No. 607101)
Michael S. Smith (WIED No. 004986)
Elizabeth F. Quinby (WIED No. 006168)
Michael D. Hanify (WIED No. 010257)
PRETI, FLAHERTY, BELIVEAU & PACHIOS, LLP
One City Center
P.O. Box 9546
Portland, ME 04112-9546
Tel: (207)791-3000
ghansel@preti.com
msmith@preti.com
equinby@preti.com
mhanify@preti.com


s/ Jeffrey A. Barrack
Jeffrey A. Barrack (WIED No. 78438)
Danielle M. Weiss (WIED No. 033342005)
BARRACK, RODOS & BACINE
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Tel.: (215) 963-0600
Fax: (215) 963-0838
E-mail: jbarrack@barrack.com
E-mail: dweiss@barrack.com
Interim Co-Lead Direct Purchaser Class Counsel

Stephen R. Basser (WIED No. 121590)
Samuel M. Ward (WIED No. 216562)
BARRACK, RODOS & BACINE
600 West Broadway, Suite 900
San Diego, CA 92101
Tel.: (619) 230-0800
Fax: (619) 230-1874
E-mail: sbasser@barrack.com
E-mail: sward@barrack.com

s/ Michael J. Flannery
Michael J. Flannery (WIED No. 110084)
CUNEO GILBERT FLANNERY & LADUCA, LLP
2 CityPlace Drive
Second Floor
St. Louis, MO 63141
Telephone: (314) 226-1015
mflannery@cuneolaw.com


Evelyn Riley
Cody McCracken
CUNEO GILBERT FLANNERY & LADUCA, LLP
2445 M Street NW
Suite 740
Washington, DC 20037
Telephone: (202) 789-3960
evelyn@cuneolaw.com
cmccracken@cuneolaw.com


William J. Ban (WIED No. 1870690)
BARRACK, RODOS & BACINE
Eleven Times Square
640 8th Avenue, 10th Floor
New York, New York 10036
Tel.: (212) 688-0782
Fax: (212) 688-0783
E-mail: wban@barrack.com

s/ Joseph R. Saveri
Joseph R. Saveri (WIED No. 130064)
Ronnie Spiegel (WA State Bar No. 33721)
David Seidel (CA State Bar No 307135)
SAVERI LAW FIRM, LLP
550 California Street, Suite 910
San Francisco, California 94108
Tel: (415) 500-6800
Fax: (415) 395-9940
E-mail: jsaveri@saverilawfirm.com
         rspiegel@saverilawfirm.com
         dseidel@saverilawfirm.com

4. To facilitate dissemination of the curative communication, within 10 days of the date of this Order, Simonsen Sussman, LLP and Baron & Budd, P.C. shall produce to Interim Co-Lead Counsel for the Direct Purchaser Class a list of all municipalities, public entities, and/or any legal representative of such municipalities or public entities who were provided a copy of the brochure, regardless of whether receipt of delivery was acknowledged, and the contact information used to provide the brochure.

5. Within 10 days of the date of this Order, Simonsen Sussman, LLP and Baron & Budd, P.C. shall provide a certification to the Court that a copy of this Order has been provided to all individual plaintiffs, who have filed a complaint in any court that is or is anticipated to be part of this MDL.

6. To prevent any ongoing or future harm to absent putative direct purchaser class plaintiffs from the incomplete, potentially misleading brochure, or any other solicitation communication, to be disseminated by Simonsen Sussman, LLP and Baron & Budd, P.C. or their agent(s) to develop clients for this MDL, including the brochure, must be amended to include, or accompanied by writing containing, the following language:

> There is a matter that may be of interest to you pending in U.S. District Court for the Eastern District of Wisconsin, in the cases called "In Re: Fire Apparatus Antitrust Litigation, 2:26-md-03179 (E.D. Wis.)" ("the Case").
>
> There are class actions filed on behalf of a proposed class of direct purchasers of fire apparatus and on behalf of a proposed class of indirect purchasers of fire apparatus. You, or the municipality or public entity you represent, may be a member of one or both classes. The Court has not yet decided whether those cases may proceed as class actions. Until the Court decides whether those cases may proceed as class actions, the statute of limitations has been suspended on any antitrust claim you may have within the scope of the proposed class actions. The Court has appointed interim co-lead counsel to represent those putative classes.
>
> While the proposed class action is pending, you do not need to file a complaint asserting the same claims against the same parties as are asserted in the

class action complaints in the Case because you may be part of a proposed class.  If there is a recovery for the class(es) in which you may be a member, you may only need to file a claim form at an appropriate time to get your share of any such recovery without taking any other action in the Case.  If there is a recovery, the Court will decide whether and in what amount to award the lawyers for the classes attorneys' fees and reimbursement of expenses out of the recovery.  There will be no additional or specific cost to you.  If the Court certifies a class that includes you, there will be a notice to the class and you will have a choice to remain in the class or to opt out of it. If you prefer, you have the right to retain your own attorneys to file an individual lawsuit, if you believe that is in your best interest.

7.      This Order is stayed for a period of ten (10) days to allow any party to notify the

Court of any objections to the content of the notice not heretofore considered.

Dated at Green Bay, Wisconsin this <u>13th</u> day of July, 2026.

_____
William C. Griesbach
United States District Judge