**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**GREEN BAY DIVISION**

| | |
|---|---|
| IN RE: FIRE APPARATUS ANTITRUST LIGTIGATION<br><br>Relates to: *All Actions* | Case No. 2:26-md-03179-WCG<br><br>Hon. William C. Griesbach |

**CLASS PLAINTIFFS' JOINT MOTION TO CLARIFY JULY 13, 2026 ORDER AS APPLYING TO ALL COUNSEL SOLICITING CLIENTS AS PLAINTIFFS**

The Direct Purchaser Plaintiffs and the Indirect Purchaser Plaintiffs (together, "Class Plaintiffs"), by and through their respective Interim Co-Lead Counsel, respectfully move the Court as follows:

## I. INTRODUCTION AND RELEVANT BACKGROUND

On July 13, 2026, this Court issued an order holding that marketing materials of Simonsen Sussman, LLP and Baron & Budd, P.C., and their agents, which were aimed at soliciting municipalities to file individual cases in this action, were "incomplete" and "potentially misleading." ECF No. 126 (the "Solicitation Order"). The Court granted Class Plaintiffs' motion to send a curative communication. *Id.* The Court further held that "[t]o prevent any ongoing or future harm to absent putative direct purchaser class plaintiffs from the incomplete, potentially misleading brochure, or any other solicitation communication," further solicitation efforts "must be amended to include, or accompanied by writing containing" specific language concerning the class actions. *See id.* at 6. Shortly thereafter, Simonsen Sussman and Baron & Budd produced the required list of roughly 5,000 solicited individuals and entities, and the curative communication was transmitted in compliance with the Court's order. Ordinary common sense suggests that the Court would not view solicitation efforts by other lawyers any differently.

After the Court issued the Solicitation Order, two law firms (Jinks Crow, PC and Prince Glover Hayes) that are co-counsel with Simonsen Sussman and Baron & Budd continued solicitation efforts that do not appear to have conveyed information about the pending class actions required by the Solicitation Order. Namely, they hosted a booth and made a presentation during a firefighting and fire apparatus industry tradeshow. Class Plaintiffs became aware of the solicitation efforts by Jinks Crow and Prince Glover Hayes—co-counsel to Simonsen Sussman and Baron & Budd in the *City of Tuscaloosa* action, 1:26-cv-01119—through a letter that *Defendants* sent to Simonsen Sussman and Baron & Budd after certain representatives of Defendants observed the booth firsthand at the Tennessee Fire Chief's Association conference and trade show in early

August. *See* Declaration of Michael S. Smith ("Smith Decl."), Ex. 1. According to Defendants' letter and pictures attached to it, the marketing materials at the booth did not include the information the Court required when soliciting plaintiffs for this action. Smith Decl., ¶ 4 and Ex. 1.

After receiving Defendants' letter, Class Plaintiffs sent an email to Simonsen Sussman and Baron & Budd, asking them to confirm whether Defendants' report was accurate, and if so to "please disclose the full extent of your communications and solicitations, and promptly cease and desist all such communications/solicitations." *See* Smith Decl., Ex. 2. In their response to Defendants' letter, Simonsen Sussman and Baron & Budd disclaimed responsibility for or knowledge of these efforts. Further, they characterized Jinks Crow and Prince Glover Hayes—their co-counsel of record—as "third-parties" who are not their agents, and stated that any information about the ongoing efforts and compliance with the Court's order would need to be gathered from "those third-party firms directly." *See* Smith Decl., Ex. 2 at 2.

Class Plaintiffs' counsel then tried to resolve the issue with Jinks Crow. *See* Smith Decl., Ex. 5. Jinks Crow stated that it and Prince Glover Hayes "do not believe we are subject to . . . the Court's Order." *See* Smith Decl., Ex. 5. Class Plaintiffs then requested a meet and confer, which took place on September 22, 2026. During that conference, Class Plaintiffs informed Jinks Crow that Class Plaintiffs were preparing to file this motion and Jinks Crow again confirmed that it did not believe that the Solicitation Order applied to Jinks Crow or Prince Glover Hayes.

Class Plaintiffs also asked Jinks Crow to provide the slide deck that one of its partners had presented at the Tennessee trade show, a presentation that—according to publicly available sources—was entitled "Overview of Overpriced Fire Truck Litigation." Smith Decl., ¶ 7. Jinks Crow stated that it would consult with its co-counsel about that request.

On September 24, 2026, Jinks Crow stated that it was declining to produce the complete slide deck and instead produced just two of the slides. Jinks Crow claimed that the balance of the slides—of a public presentation to an audience that appears to have included representatives of the defendants in this litigation—was "work product." *See* Smith Decl., Ex. 6. Jinks Crow has not responded to two requests for an explanation of how a publicly made presentation to potential clients could possibly be work product or for confirmation of any alternative basis as to why Jinks Crow was refusing to provide the rest of the presentation. *See* Smith Decl., Ex. 7.

At a minimum, Class Plaintiffs believe that these continued solicitation efforts are at odds with the letter and spirit of the Solicitation Order—Class Plaintiffs do not believe that the Solicitation Order was ambiguous. Accordingly, and in light of the repeated assertions by Jinks Crow and Prince Glover Hayes that the Solicitation Order does not apply to them, their continued solicitation efforts, and Jinks Crow's refusal to provide the slide deck that Class Plaintiffs requested, Class Plaintiffs request that the Court issue an order expressly stating that the Solicitation Order applies to all non-governmental, non-class action plaintiffs' counsel of record, including Jinks Crow and Prince Glover Hayes, and requiring Jinks Crow to produce the full slide deck that it presented at the conference.

It is difficult to fathom lawyers in a case taking the position that an order governing communications to potential claimants does not apply to them. It is even more difficult to understand when those lawyers are co-counsel with the very lawyers to whom the order was directed. And it is wholly inexplicable that efforts to resolve this matter without involving the Court were met with a refusal to simply provide a clearly non-privileged and non-confidential slide presentation that presumably dozens of attendees of a conference have already seen.

As noted above, before filing this motion, Class Plaintiffs met and conferred with Jinks Crow on September 22, 2026, and Jinks Crow confirmed on behalf of itself and Prince Glover Hayes that it does not believe that the Solicitation Order applies to those firms. And during the same meet and confer, Class Plaintiffs requested that Jinks Crow provide the slide deck that it presented at the industry conference, and Jinks Crow subsequently declined to provide the full slide deck. Accordingly, despite good faith efforts to resolve this dispute, it could not be resolved.

## II. ARGUMENT

In the Solicitation Order, the Court held that it has "ultimate control over communications among the parties, third parties, or their agents and class members on the subject matter of the litigation to ensure the integrity of the proceedings and the protection of the class." ECF No. 126 at 1 (citing Manual for Complex Litigation (Fourth) § 2133). The Court also observed that "district courts ha[ve] both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." ECF No. 126 at 1 (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981)). A court may issue orders clarifying or extending the scope of its prior orders, and may also uncover factual questions where needed to determine a proper remedy, including through evidentiary hearings or orders to show cause where necessary. *See, e.g.*, *Lightspeed Media Corp. v. Smith,* 761 F.3d 699, 711 (7th Cir. 2014); *see also, Dissolved Air Flotation Corp. v. Kothari,* 2019 U.S. Dist. LEXIS 114076 at *6-*7 (E.D. Wis. July 9, 2019) (Griesbach, J.) (citing *Lightspeed Media Corp.* and observing the Court has the power to enforce its own lawful orders). Accordingly, the Court can and should issue the order requested herein.

## III. CONCLUSION

For the foregoing reasons, Class Plaintiffs respectfully request entry of an order (1) that expressly confirms that the Solicitation Order applies to all non-governmental, non-class action plaintiffs' counsel of record, including Jinks Crow and Prince Glover Hayes; (2) compels Jinks

Crow to produce to Class Plaintiffs the full slide deck presented at the conference; and (3) grants such further relief as the Court deems appropriate to ensure compliance with the Solicitation Order.

Dated: September 30, 2026

Respectfully submitted:


*s/ Gregory P. Hansel*
Gregory P. Hansel (WIED No. 607101)
Michael S. Smith (WIED No. 004986)
Elizabeth F. Quinby (WIED No. 006168)
Michael D. Hanify (WIED No. 010257)
PRETI, FLAHERTY, BELIVEAU &
PACHIOS, LLP
One City Center
P.O. Box 9546
Portland, ME 04112-9546
Tel: (207)791-3000
ghansel@preti.com
msmith@preti.com
equinby@preti.com
mhanify@preti.com

*Interim Co-Lead Direct Purchaser Class Counsel*

*s/ Beth J. Kushner*
Beth J. Kushner, SBN 1008591
Christopher E. Avallone, SBN 1095465
von BRIESEN & ROPER, s.c.
411 East Wisconsin Avenue, Suite 1000
Milwaukee, WI 53202
Tel: (414) 276-1122
beth.kushner@vonbriesen.com
christopher.avallone@vonbriesen.com

*Interim Direct Purchaser Class Liaison Counsel*

*s/ Michael J. Flannery*
Michael J. Flannery (WIED No. 110084)
CUNEO GILBERT FLANNERY &
LADUCA, LLP
2 CityPlace Drive
Second Floor
St. Louis, MO 63141
Telephone: (314) 226-1015
mflannery@cuneolaw.com

*Interim Co-Lead Direct Purchaser Class Counsel*

Evelyn Riley*
Cody McCracken*
CUNEO GILBERT FLANNERY &
LADUCA, LLP
2445 M Street NW
Suite 740
Washington, DC 20037
Telephone: (202) 789-3960
evelyn@cuneolaw.com
cmccracken@cuneolaw.com

*Interim Co-Lead Direct Purchaser Class Counsel*

s/ Jeffrey A. Barrack
Jeffrey A. Barrack (WIED No. 78438)
Danielle M. Weiss (WIED No. 033342005)
BARRACK, RODOS & BACINE
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Tel.: (215) 963-0600
Fax: (215) 963-0838
E-mail: jbarrack@barrack.com
E-mail: dweiss@barrack.com

*Interim Co-Lead Direct Purchaser Class Counsel*

Stephen R. Basser (WIED No. 121590)
BARRACK, RODOS & BACINE
3580 Carmel Mountain Road, Suite 460
San Diego, CA 92130
Tel.: (619) 230-0800
Fax: (619) 230-1874
E-mail: sbasser@barrack.com
E-mail: sward@barrack.com

*Interim Co-Lead Direct Purchaser Class Counsel*

William J. Ban (WIED No. 1870690)
BARRACK, RODOS & BACINE
Eleven Times Square
640 8th Avenue, 10th Floor
New York, New York 10036
Tel.: (212) 688-0782
Fax: (212) 688-0783
E-mail: wban@barrack.com

*Interim Co-Lead Direct Purchaser Class Counsel*

s/ Joseph R. Saveri
Joseph R. Saveri (WIED No. 130064)
Ronnie Spiegel (WA State Bar No. 33721)*^
David Seidel (CA State Bar No 307135)*
SAVERI LAW FIRM, LLP
550 California Street, Suite 910
San Francisco, California 94108
Tel: (415) 500-6800
Fax: (415) 395-9940
E-mail: jsaveri@saverilawfirm.com
rspiegel@saverilawfirm.com
dseidel@saverilawfirm.com

**Application for Admission to be filed*
^ Located in Washington State

*Interim Co-Lead Direct Purchaser Class Counsel*

Steve W. Berman (Bar #12536)
Moses Jehng (Bar #64333)
Stephanie Verdoia (Bar #58636)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
Email: moses.jehng@hbsslaw.com
Email: stephaniev@hbsslaw.com

*Interim Co-Lead Counsel for Indirect Purchaser Plaintiffs*

/s/ Daniel C. Hedlund
Daniel C. Hedlund (Bar #025833)
Joshua J. Rissman (Bar #0391500)
Frances Mahoney-Mosedale (Bar #402741)
Gabrielle M. Kolb (Bar #504386)
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 S Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
Email: dgustafson@gustafsongluek.com
Email: dhedlund@gustafsongluek.com
Email: jrissman@gustafsongluek.com
Email:fmahoneymosedale@gustafsongluek.com
Email: gkolb@gustafsongluek.com

*Interim Co-Lead Counsel for Indirect Purchaser Plaintiffs*

Erin Dickinson (Bar #1036707)
Charles Crueger (Bar #1029825)
CRUEGER DICKINSON LLC
4532 North Oakland Avenue
Milwaukee, WI 53211
Telephone: (414) 210-3868
Email: ekd@cruegerdickinson.com
Email: cjc@cruegerdickinson.com

*Interim Co-Lead Counsel for Indirect Purchaser Plaintiffs*